**TROY LAW, PLLC**
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

March 29, 2022

**Via ECF**
Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Motion to Stay Case Pending Resolution of Court of Appeals Ruling & to Extend Time to Serve Process**
             *Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-cv-07163 (PKC) (RLM), (E.D.N.Y.)

Your Honor,

      We represent the Plaintiff in the above-referenced matter. We write respectfully to request 1) a stay of this matter pending resolution of the appeal *Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-01653 (2d Cir.), arising from *Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 19-cv-05458 (RPK) (VMS), (E.D.N.Y.) ("*Hillside I*"); and 2) an extension of time to serve process in this matter to thirty (30) days following the resolution of that appeal.

      Background

      Plaintiff commenced *Hillside I* by filing a Complaint on September 25, 2019. On April 5, 2021, Judge Kovner Ordered the complaint in *Hillside I* dismissed. In an opinion on June 25, 2021, Judge Kovner issued an opinion setting forth the ground for dismissal: that the EEOC had not waited 180 days from Plaintiff's filing of her charge before issuing her a "notice of right to sue," and clarifying that the dismissal was without prejudice to renew once the EEOC either dismissed her charge and issued her a notice of right to sue, or processed her charge for the full 180 days and issued her a notice of right to sue.

      On May 24, 2021, Plaintiff appealed from the April 5, 2021 Order, arguing that the EEOC had the right to issue notices of right to sue before 180 days had passed. The parties fully briefed their positions by November 4, 2021. The Second Circuit heard oral argument from the parties and the EEOC as *amicus curiae* on March 8, 2022, and received supplemental briefing from the EEOC on March 21, 2022. At oral argument in front of the Second Circuit in *Hillside I*, Defense counsel said he would waive service of process on behalf of Defendants. The Second Circuit has not yet issued its decision.

      Meanwhile, on September 30, 2021, the EEOC issued Plaintiff a notice of dismissal and right to sue. Plaintiff had 90 days (until December 29, 2021) to file a lawsuit, a deadline which was not stayed by the pending appeal in *Hillside I*. Accordingly, Plaintiff filed this action on December 29, 2021. Plaintiff had a further 90 days (until March 29, 2022) to serve process in this matter.

Hon. Pamela K. Chen, U.S.D.J.
March 29, 2022
*Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-cv-07163 (PKC) (RLM), (E.D.N.Y.)
Page 2 of 3

Plaintiff did not serve process until today because of the pendency of the appeal in *Hillside I*. If the appeal resolved in Plaintiff's favor, the dismissal order would be reversed and *Hillside I* would be remanded to this Court, precluding this case and wasting work done in furtherance of it.

Nevertheless, out of an abundance of caution, on March 29, 2022, Plaintiff: 1) served requests for waivers of service on Defendants' counsel by email pursuant to Fed. R. Civ. P. 4(d); 2) served each of the entity Defendants through managing agents at their places of business who were authorized to accept service of process on behalf of the corporations (and will follow up with a mailing) pursuant to Fed. R. Civ. P. 4(h)(1)(A) and CPLR § 311(a)(1); and 3) served each of the individual Defendants through persons of suitable age and discretion at their places of business and who accepted service (and will likewise follow up with a mailing) pursuant to Fed. R. Civ. P. 4(e)(1) and CPLR § 308.2. We anticipate filing affidavits of service, or waivers of service, as appropriate, shortly.

<u>This Matter Should Be Stayed Pending Resolution of Appeal in *Hillside I*</u>

As a general matter, the Court has authority to stay an action pending the outcome of a related court's decision. *See Acton v. Intellectual Capital Mgmt.*, No. 15-cv-04004 (JS) (ARL), 2015 U.S. Dist. LEXIS 172149, at *5–6 (E.D.N.Y. Dec. 28, 2015); *see also Landis v. N. Am. Co.*, 299 U.S. 248 (1936) (court has "inherent power" to "control the disposition of the cases on its docket with the economy of time and effort for itself, for counsel, and for litigants."). This extends to stay of a case "pending the disposition of an independent matter whose outcome will likely affect a case on the court's calendar." *Acton*, 2015 U.S. Dist. LEXIS 172149, at *6. Courts have found that a stay is warranted pending the outcome of review on appeal that could "potentially conclude this matter and… settle important issues of law relating" to the instant claims. *Id.* (citing *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 619–22 (S.D.N.Y. 2012)); *see also Authors Guild v. Dialog Corp.*, No. M-21-90 (GBD), 2001 U.S. Dist. LEXIS 2047 (S.D.N.Y. Mar. 1, 2001) (granting stay because it would constitute an unnecessary waste of court and party resources to continue litigating before Supreme Court ruled).

Here, it is clear that a stay is warranted and is in the best interests of the parties as well as of the Court. There is no question that the Second Circuit's ruling will affect the ability of this action to proceed. Staying this proceeding until the Second Circuit has ruled would allow the parties to conserve the valuable time and resources that would otherwise be spent litigating this matter on two separate fronts, while it would allow the Court to avoid a judicial waste.

<u>Plaintiff's Time to Serve Should Be Extended to Thirty Days Following the Outcome in *Hillside I*</u>

"The Court must extend Plaintiff's time to serve the complaint if Plaintiff is able to demonstrate good cause for his failure, and has discretion to extend the time to serve even if good cause is absent." *Moss v. Bd. of Educ.*, No. 19-cv-02195 (JS) (ARL), 2020 U.S. Dist. LEXIS 183462, at *19 (E.D.N.Y. Sep. 30, 2020).

Hon. Pamela K. Chen, U.S.D.J.
March 29, 2022
*Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-cv-07163 (PKC) (RLM), (E.D.N.Y.)
Page 3 of 3

"In determining whether good cause exists, district courts must consider (1) the reasonableness and diligence of Plaintiff's efforts to serve, and (2) the prejudice to the [] Defendants from the delay." *Moss*, 2020 U.S. Dist. LEXIS 183462, at *20.

Here, Plaintiff diligently served Defendants, and requested waiver of service, on March 29, 2022, within the 90-day period for service. The prejudice to Defendants is minimal, as the filing of this action following a complete 180-day EEOC investigation and issuance of a new notice of dismissal and right to sue was Defendants' desired outcome. Further, at oral argument in front of the Second Circuit in *Hillside I*, Defense counsel said he would waive service of process on behalf of Defendants. We served requests for waiver of service on Defense counsel on March 29, 2022. Finally, if Plaintiff prevails on appeal and *Hillside I* is remanded to this Court, this case would be precluded and no service would be necessary.

"Even where 'good cause' does not exist, the district court, in exercising its discretion to extend the time for service, should consider the following factors: (1) whether the applicable statute of limitations would bar the re-filed action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Moss*, 2020 U.S. Dist. LEXIS 183462, at *23 (quotation marks and citations omitted).

Here, the first, second, and fourth factors tilt in favor of the Plaintiff, and the third factor is neutral. If this matter was dismissed, Plaintiff would not be able to re-file it, because such a re-filing would be more than 90 days after the EEOC's issuance of its notice of dismissal and right to sue. The Defendant had actual notice of the claims asserted in the complaint in this matter; they are identical to the claims advanced in *Hillside I*. The Defendant would not be prejudiced by an extension for the reasons set forth above. There has been no opportunity for the Defendant to raise—thus no opportunity to conceal—any defects in service.

For all the reasons stated above, the Court should stay this matter pending the resolution of Plaintiff's appeal in *Hillside I*, and should extend Plaintiff's time to serve by 30 days following the resolution of Plaintiff's appeal in *Hillside I*.

We thank the Court for its attention to and consideration of this matter.

                Respectfully submitted,
                TROY LAW, PLLC

                */s/ John Troy*
                John Troy
                *Attorney for Plaintiffs*

cc: via ECF
  all counsel of record
  /asb