# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

May 27, 2022

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Hector Gonzalez, U.S.D.J.
225 Cadman Plaza East
Courtroom 6A South
Brooklyn, NY 11201-1804

      *Re:*    **Stidhum v. 161-10 Hillside Auto Ave, LLC,** *et al.*
            **Case No.: 1:21-cv-7163 (HG) (RLM)**
            **MLLG File No.: 94-2019**

Dear Judge Gonzalez:

      This firm represents the Defendants, 161-10 Hillside Auto Ave., LLC d/b/a Hillside Auto Outlet (hereinafter "Hillside Auto Outlet"), Hillside Automall Inc d/b/a Hillside Auto Mall (hereinafter "Hillside Auto Mall") (Hillside Auto Outlet and Hillside Automall collectively hereinafter the "Corporate Defendants"), Ishaque Thanwalla (hereinafter "Thanwalla"), Jory Baron (hereinafter "Jory"), Ronald M. Baron (hereinafter "Baron"), and Andris Guzman (hereinafter "Guzman") (Thanwalla, Jory, Baron, and Guzman hereinafter "Individual Defendants") (the Corporate Defendants and Individual Defendants collectively hereinafter the "Defendants").

      Defendants write pursuant to ¶ IV(A)(2) of this Court's Individual Practices to seek a pre-motion conference in advance of Defendants' anticipated motion to dismiss Plaintiff's claims of discrimination under federal, state, and local law for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule").

**The Allegations in the Complaint**

      Plaintiff alleges that she worked for Defendants – two (2) used car dealerships and their management personnel and/or principals – for a short thirty-four (24) month period from May 20, 2018 through January 14, 2019. See ECF Docket Entry 1 ("Compl.") at ¶¶ 25-51. She claims that she told Defendants Andris Guzman ("Guzman") (an employee-turned-general-manager), Ishaque Thanwalla ("Thanwalla") (a "part-owner"), and others that she was pregnant on December 1, 2018 after learning of same on November 23, 2018. See Compl. at ¶¶ 21, 24, 42-43. She alleges, further, that Guzman began making her customers wait longer to speak with the Finance Department in order to process sales, and that customers would walk out, resulting in a loss of commissions for her. Id. at ¶¶ 47-54.

Plaintiff complained about this to Guzman and Thanwalla, but Guzman told her everyone had to wait, and Thanwalla only offered her $200.00 to appease her upon his return from vacation. Id. at ¶¶ 54, 56-57.

After seeing that her wait times were still long for four (4) days from January 10, 2019 (when she spoke to Thanwalla) through January 14, 2019, Plaintiff quit of her own accord. Id. at ¶ 60. She claims she was discriminated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") on the basis of her sex, the Pregnancy Discrimination Act ("PDA") on the basis of her sex, New York State Human Rights Law ("NYSHRL") on the basis of her disability and sex, New York City Human Rights Law ("NYCHRL") on the basis of her pregnancy. Id. at ¶¶ 66-89.

**Plaintiff's Claims Fail Because There Was No Adverse Employment Action**

"To defeat a motion to dismiss or a motion for judgment on the pleadings in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015). An adverse employment action is "a materially adverse change in the terms and conditions of employment such as termination, demotion evidenced by a decrease in salary or wage, being given a less distinguished title, a material loss in benefits, significantly diminished material responsibilities, or some other action deleterious to the plaintiff's current or future employment." See Davis-Garett v. Urban Outfitters, Inc., 921 F.3d 30, 43 (2d Cir. 2019).

The adverse employment action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." See Vega, 801 F.3d at 85 (quoting Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003)). Still, a plaintiff must plausibly allege that her protected characteristic was causally linked to the adverse employment action. "Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude." See Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002).

Here, Plaintiff fails to plead the existence of any adverse employment action. She admits in her pleadings that she quit, which does not constitute an adverse employment action. See Salen v. Blackburn Bldg. Servs., LLC, No. 3:14-CV-01361 (VAB), 2017 WL 71708, at *16 (D. Conn. Jan. 6, 2017) ("While a defendant's termination of an employee would constitute an 'adverse employment action,' a defendant's termination of an employee who has resigned does not") (quoting Davis v. Koffee Kup Bakery, Inc., No. 2:15-cv-152 (CR), 2016 WL 4411399, at *6 (D. Vt. Aug. 18, 2016); Davis, 2016 WL 4411399, at *6 ("Where an employee voluntarily quits, there is no adverse employment action.") (citation omitted); see also Cadet v. Deutsche Bank Sec. Inc., No. 11 Civ. 7964 (CM), 2013 WL 3090690, at *11 (S.D.N.Y. June 18, 2013) ("A voluntary resignation does not constitute an adverse employment action").

Nor does Plaintiff's alleged longer wait times at the Finance Department constitute an adverse employment action. See La Grande v. DeCrescente Distrib. Co., Inc., 370 Fed. Appx. 206, 211 (2d Cir. 2010) (summary order) ("Everyday workplace grievances, disappointments, and setbacks do not constitute adverse employment actions within the meaning of Title VII."); see also

Sealy v. State Univ. of New York At Stony Brook, 408 F. Supp. 3d 218, 226 (E.D.N.Y. 2019) (dismissing Title VII discrimination claim based on allegations that, *inter alia*, defendant transferred plaintiff to a more remote work location; denied plaintiff a key to supply room; *required Plaintiff to wait 45 minutes to access the supply room*; assigned plaintiff a vehicle that was frequently in the shop; and denied plaintiff new tools to be insufficient to allege adverse employment action); cf. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) ("Title VII … does not set forth a general civility code for the American workplace") (internal quotation marks omitted).

Finally, Plaintiff fails to state a claim upon which relief can be granted as it relates to her disability claim. Other than alleging that she is pregnant, Plaintiff fails to allege any further details to support her claim that she was disabled. It is well established that pregnancy alone does not constitute a disability. See Turner v. Eastconn Regional Educ. Service Center, No. 3:12-CV-788, 2013 WL 6230092, *7 (D. Conn. Dec. 2, 2013).

   For these reasons, the complaint must be dismissed. Defendants reserve the right to raise additional arguments as to why the complaint fails to state a claim upon which relief can be granted in its anticipated motion to dismiss due to the page limitations set forth in ¶ IV(A)(2) of this Court's Individual Practices. Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
   May 27, 2022            Respectfully submitted,

                     **MILMAN LABUDA LAW GROUP PLLC**

                     __/s/ Emanuel Kataev, Esq.___
                     Emanuel Kataev, Esq.
                     3000 Marcus Avenue, Suite 3W8
                     Lake Success, NY 11042-1073
                     (516) 328-8899 (office)
                     (516) 303-1395 (direct dial)
                     (516) 328-0082 (facsimile)
                     emanuel@mllaborlaw.com

                     *Attorneys for Defendants*

**VIA ECF**
Troy Law, PLLC
Attn: John Troy, Tiffany Troy, and Aaron Schwietzer, Esqs.
4125 Kissena Boulevard, Suite 103
Flushing, NY 11355-3101
johntroy@troypllc.com
tiffanytroy@troypllc.com
troylaw@troypllc.com

*Attorneys for Plaintiff*