# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324 troylaw@troypllc.com Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

June 2, 2022

<u>Via</u> **ECF**
Honorable Hector Gonzalez, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 6A South
Brooklyn, NY 11201-1804

**Re: Plaintiff's Opposition to Defendant's Request for Pre-Motion Conference for** *Stidhum v. 161-10 Hillside Auto Ave, LLC, et al.* **21-cv-07163**

Dear Judge Gonzalez:

    This firm represents the Plaintiff in the abovementioned matter. Plaintiffs respectfully write to oppose the Defendant's motion for a pre-motion conference ahead of the Defendant's allegedly anticipated motion to dismiss Plaintiff's claims of discrimination under federal, state, and local law because Plaintiffs successfully state a claim with non-conclusory, factual allegations that has the possibility of relief being granted and can survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.

    Plaintiffs write pursuant to Your Honor's Individual Rule IV(A)(5) and file a letter response within five business days of service of the moving party's letter. Furthermore, pursuant to Rule IV(A)(9), which states that " a party need not comply with the pre-motion conference requirement where it reasonably believes that delay in filing might result in the loss of a right", Plaintiffs also find the delay by this pre-motion conference to be prejudice against them.

**Plaintiff's Allegations in the Complaint**

    Plaintiff, LETICIA FRANCINE STIDHUM, has brought this action against the Defendant to remedy claims of employment discrimination on the basis of sex pursuant to the Pregnancy Discrimination Act ("PDA"), Title VII of the Civil Rights Act of 1964 ('Title VII"), as amended, 42 U.S.C. 2000e, the New York State Human Rights Law ("NYSHRL"), NY Exec. § 290, the New York City Human Rights Law ("NYCHRL), and the NYC Admin. § 8-107(22) ("NYC Pregnancy Worker Fairness Act").

    Plaintiff is an adult female resident of the State of New York who is a successful car salesperson that worked for over three months at Hillside Auto. *See* Cmplt ¶¶ 11-12. Plaintiff was an "employee" within the meaning of Title VII, and a "person" under both the NYSHRL and the NYC Pregnancy Worker Fairness Act. *See i.d.* ¶ 13.

    In regard to Plaintiff's "employers" at Hillside Auto, Thanwalla was a part-owner of Hillside Auto Outlet and Hillside Auto Mall and one of the Plaintiff's supervisors. *See i.d.* ¶ 21. Cmplt ¶ 13.Guzman, was a general manager and a supervisor at Hillside Auto Outlet. *See i.d.* ¶ 24. Thanwalla interviewed the Plaintiff on May 20, 2018 and hired Plaintiff as an employee at Hillside

The Hon. Hector Gonzalez
*Stidhum v. 161-10 Hillside Auto Ave, LLC, et al.* 21-cv-07163
Page 2 of 3

Auto to work as a car salesperson. *See i.d.* ¶ 25. On August 25, 2018, Guzman became the General Manager who supervised the Plaintiff from August 25, 2018 to January 14, 2019. *See i.d.* ¶ 29. Guzman reported to Thanwalla. *See i.d.* ¶ 31.

Plaintiff received her salary, bonus, and commission from May 2, 2018 through August 24, 2018, but from August 25, 2018 to January 14, 2019 Plaintiff was denied her commission. *See i.d.* ¶ 34. Plaintiff was an exemplary employee, selling between 25 and 31 cars per month, and was entrusted with special responsibilities for her work such as Thanwalla giving Plaintiff passwords to Hillside Auto's finances because Guzman was making customers wait longer than necessary and giving customers bad impressions. *See i.d.* ¶¶ 35-40.

On November 23, 2018, Plaintiff learned that she was pregnant, and on December 1, 2018, Plaintiff informed Thanwalla and Guzman that she was pregnant through bringing in a sonogram photo of her baby. *See i.d.* ¶¶ 42-44. While Thanwalla was on vacation from early December 2018 to January 9, 2019, Guzman was put in charge of the Finance Department. *See i.d.* ¶¶ 45-46. Because Plaintiff has the finance passwords from Thanwalla, her wait time was shorter than 20 minutes for her customers. *See i.d.* ¶47. After Guzman learned of her pregnancy, Plaintiff's wait times increased to between 40 and 60 minutes, leading her customers to walk out of Hillside Auto. *See i.d.* ¶¶49-50. Thus, due to this discrimination, Plaintiff was only able to sell 8 to 10 cars from December 1, 2018 onwards, resulting in a significant decrease in her bonus. *See i.d.* ¶51. Guzman also denied Plaintiff her commission during this time. *See i.d.* ¶51. Despite Plaintiff contacting Guzman directly about the longer wait times as a result of Thanwalla's policies, Guzman did nothing to remedy this, even though the other salespeople's wait times were only 20 minutes. *See i.d.* ¶¶56-58. Upon Thanwalla's return, he offered Plaintiff the small bonus of $200 to remedy over a month of lost wages and discrimination, which was never given to Plaintiff. *See i.d.* ¶61. On January 24, 2019, Stidhum texted Jory Baron to inform him that she has not been paid. *See i.d.* ¶62. Plaintiff quit on January 14, 2019. Later on January 24, 2019, Jory Baron called STIDHUM back. STIDHUM calmly explained how she had been sabotaged, why she had quit, and how THANWALLA still owed her money. Jory Baron replied that STIDHUM should "stop ranting," tell him how much STIDHUM felt she was owed, and that he would confirm with THANWALLA and call STIDHUM back the following Monday. *See i.d.* ¶63.

**Plaintiff's Claims are Sufficient to Show an Adverse Employment Action**

"On a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint for failure to state a claim, the only facts to be considered are those alleged in the complaint, and the court must accept them, drawing all reasonable inferences in the plaintiff's favor, in deciding whether the complaint alleges sufficient facts to survive." *Doe v. Columbia Univ.,* 101 F.Supp.3d 356, (2d Cir. 2015). "For that reason, the court, in judging the sufficiency of the complaint, must accept the facts alleges and construe ambiguities in the light most favorable to upholding the plaintiff's claim." *Id.* "Beginning with the *McDonnel Douglas* case, the U.S. Supreme Court ruled that, in suits alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, and related statutes, until the defendant furnishes a nondiscriminatory reason for the adverse action it took against the plaintiff, the plaintiff needs to present only minimal evidence supporting an inference of discrimination in order to prevail." *Dorcely v. Wyandanch Union Free Sch. Dist.,* 665 F.Supp.2d

The Hon. Hector Gonzalez
*Stidhum v. 161-10 Hillside Auto Ave, LLC, et al.* 21-cv-07163
Page 3 of 3

178, (E.D.N.Y. 2009). "In other words, at the Fed. R. Civ. P. 12(b)(6) stage of a Title VII suit, allegation of facts supporting a minimal plausible inference of discriminatory intent suffices as to this element of the claim because this entitles the plaintiff to the temporary presumption of McDonnell Douglas until the defendant furnishes its asserted reasons for its action against the plaintiff." *Doe,* 101 F.Supp.3d at 7.

Here, Plaintiff alleged sufficient facts to have a plausible adverse employment action under Title VII, the Pregnancy Discrimination Act, and the New York State and New York City Human Rights Law. In the Second Circuit, an adverse employment action is a "materially adverse change in the terms and conditions of employment." *Islamic Soc'y of Fire Dep't Pers. V. City of N.Y..,* 205 F.Supp.2d 75, 83 (E.D.N.Y. 2002). For example, the Second Circuit has noted that, for purposes of Title VII, an adverse employment action generally includes "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other induces…unique to a particular situation." *Jaeger v. North Babylon Union Free Sch. Dist.,* 191 F.Supp.3d 215 (E.D.N.Y. 2016). Plaintiff states sufficient facts to show that she was discriminated against based on her sex when shortly after the announcement of her pregnancy with the sonogram, her employers chose to alter the terms of her employment by doubling and tripling the wait time of her customers, resulting in customers walking out, and Ms. Stidhum selling a third of her sales volume in previous months. None of the other coworkers who are not pregnant were subject to the same treatment of her employment by causing her clients to wait for excessive periods of time causing her salary to dramatically decrease. The unique circumstances of Ms. Stidhum's employment with Hillside Auto fully demonstrates that the conduct she complains of is more than "everyday workplace grievances, disappointments, or setbacks."

**Conclusion**

Thus, Plaintiffs request that Your Honor deny Defendant's request for a pre-motion conference and set forth a discovery schedule for the case to proceed in due course.

Dated: Flushing, New York
      June 2, 2022

                                              Respectfully Submitted,
                                              TROY LAW, PLLC

                                              _/s/John Troy____
                                              John Troy
                                              Aaron Schweitzer
                                              Tiffany Troy
                                              *Attorneys for Plaintiffs*

*Via* **ECF**
Emanuel Kataev, Esq.
emanuel@mllaborlaw.com
*Attorney for Defendants*