UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LETICIA FRANCINE STIDHUM,

                        Plaintiff,

     -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                        Defendants.
-------------------------------------------------------------------X

**Case No.: 1:21-cv-7163 (HG) (RLM)**

**ANSWER**

       Defendants, Defendants, 161-10 Hillside Auto Ave., LLC d/b/a Hillside Auto Outlet (hereinafter "Hillside Auto Outlet"), Hillside Automall Inc d/b/a Hillside Auto Mall (hereinafter "Hillside Auto Mall") (Hillside Auto Outlet and Hillside Automall collectively hereinafter the "Corporate Defendants"), Ishaque Thanwalla (hereinafter "Thanwalla"), Jory Baron (hereinafter "Jory"), Ronald M. Baron (hereinafter "Baron"), and Andris Guzman (hereinafter "Guzman") (Thanwalla, Jory, Baron, and Guzman hereinafter "Individual Defendants") (the Corporate Defendants and Individual Defendants collectively hereinafter the "Defendants"), by and through their attorneys, Milman Labuda Law Group PLLC, answer the Complaint of Plaintiff, Leticia Stidhum, as follows:

## AS TO "INTRODUCTION"

      1.     Defendants admit that Plaintiff make certain allegations contained in ¶ 1 of the Complaint concerning the statutes under which she brought this action but deny any violations of said statutes.

2. Defendants admit that Plaintiff make certain allegations contained in ¶ 2 of the Complaint concerning the statutes under which she brought this action but deny any violations of said statutes.

### AS TO "JURISDICTION AND VENUE"

3. The allegations in ¶ 3 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 3 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

4. The allegations in ¶ 4 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 4 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

5. The allegations in ¶ 5 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 5 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

### AS TO "PROCEDURAL HISTORY"

6. Defendants deny the truth of the allegations contained in ¶ 6 of the Complaint.

7. Defendants admit the truth of the allegations contained in ¶ 7 of the Complaint.

8. Defendants admit the truth of the allegations contained in ¶ 8 of the Complaint.

9. Defendants admit the truth of the allegations contained in ¶ 9 of the Complaint.

10. Defendants admit the truth of the allegations contained in ¶ 10 of the Complaint.

### AS TO "PLAINTIFF"

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 of the Complaint.

12. Defendants deny the truth of the allegations contained in ¶ 12 of the Complaint.

13. The allegations in ¶ 13 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 13 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "DEFENDANTS"

*As to "Corporate Defendant"*

14. Defendants admit the truth of the allegations contained in ¶ 14 of the Complaint.

15. Defendants admit the truth of the allegations contained in ¶ 15 of the Complaint.

16. Defendants admit the truth of the allegations contained in ¶ 16 of the Complaint, but deny that Defendant Hillside Auto Mall employed Plaintiff, or that Defendants Hillside Auto Outlet and Hillside Auto Mall are joint employers.

17. Defendants admit the truth of the allegations contained in ¶ 17 of the Complaint, but deny that Defendant Hillside Auto Mall employed Plaintiff, or that Defendants Hillside Auto Outlet and Hillside Auto Mall are joint employers. In addition, Hillside Auto Outlet and Hillside Auto Mall do not sell cars exclusively to customers who are not domiciled in the State of New York.

18. The allegations in ¶ 18 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 18 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

19. Defendants deny the truth of the allegations contained in ¶ 19 of the Complaint.

20. The allegations in ¶ 20 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 20 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

*As to "Owner/Operator Defendants"*

21. Defendants deny the truth of the allegations contained in ¶ 21 of the Complaint.

22. Defendants deny the truth of the allegations contained in ¶ 22 of the Complaint.

23. Defendants deny the truth of the allegations contained in ¶ 23 of the Complaint.

24. Defendants deny the truth of the allegations contained in ¶ 24 of the Complaint.

## AS TO "STATEMENT OF FACTS"

*As to "Discrimination Claims"*

25. Defendants admit the truth of the allegations contained in ¶ 25 of the Complaint, but expressly deny that Plaintiff was ever interviewed by or performed work for Hillside Auto Mall to the extent the allegations in the complaint so imply.

26. Defendants deny the truth of the allegations contained in ¶ 26 of the Complaint.

27. Defendants deny the truth of the allegations contained in ¶ 27 of the Complaint.

28. Defendants deny the truth of the allegations contained in ¶ 28 of the Complaint.

29. Defendants deny the truth of the allegations contained in ¶ 29 of the Complaint.

30. Defendants deny the truth of the allegations contained in ¶ 30 of the Complaint.

31. Defendants deny the truth of the allegations contained in ¶ 31 of the Complaint.

32. Defendants deny the truth of the allegations contained in ¶ 32 of the Complaint.

33. Defendants admit the truth of the allegations contained in ¶ 33 of the Complaint.

34. Defendants deny the truth of the allegations contained in ¶ 34 of the Complaint.

35. Defendants deny the truth of the allegations contained in ¶ 35 of the Complaint.

36. Defendants deny the truth of the allegations contained in ¶ 36 of the Complaint.

37. Defendants deny the truth of the allegations contained in ¶ 37 of the Complaint.

38. Defendants deny the truth of the allegations contained in ¶ 38 of the Complaint.

39. Defendants deny the truth of the allegations contained in ¶ 39 of the Complaint.

40. Defendants deny the truth of the allegations contained in ¶ 40 of the Complaint.

41. Defendants deny the truth of the allegations contained in ¶ 41 of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 42 of the Complaint.

43. Defendants deny the truth of the allegations contained in ¶ 43 of the Complaint.

44. Defendants deny the truth of the allegations contained in ¶ 44 of the Complaint.

45. Defendants deny the truth of the allegations contained in ¶ 45 of the Complaint.

46. Defendants deny the truth of the allegations contained in ¶ 46 of the Complaint.

47. Defendants deny the truth of the allegations contained in ¶ 47 of the Complaint.

48. Defendants deny the truth of the allegations contained in ¶ 48 of the Complaint.

49. Defendants deny the truth of the allegations contained in ¶ 49 of the Complaint.

50. Defendants deny the truth of the allegations contained in ¶ 50 of the Complaint.

51. Defendants deny the truth of the allegations contained in ¶ 51 of the Complaint.

52. Defendants deny the truth of the allegations contained in ¶ 52 of the Complaint.

53. Defendants deny the truth of the allegations contained in ¶ 53 of the Complaint.

54. Defendants admit the truth of the allegations contained in ¶ 54 of the Complaint.

55. Defendants deny the truth of the allegations contained in ¶ 55 of the Complaint.

56. Defendants deny the truth of the allegations contained in ¶ 56 of the Complaint.

57. Defendants deny the truth of the allegations contained in ¶ 57 of the Complaint.

58. Defendants deny the truth of the allegations contained in ¶ 58 of the Complaint.

59. Defendants deny the truth of the allegations contained in ¶ 59 of the Complaint.

60. Defendants admit the truth of the allegations contained in ¶ 60 of the Complaint.

61. Defendants deny the truth of the allegations contained in ¶ 61 of the Complaint.

62. Defendants deny the truth of the allegations contained in ¶ 62 of the Complaint.

63. Defendants deny the truth of the allegations contained in ¶ 63 of the Complaint.

64. Defendants deny the truth of the allegations contained in ¶ 64 of the Complaint.

65. Defendants deny the truth of the allegations contained in ¶ 65 of the Complaint.

## AS TO "STATEMENT OF CLAIMS"

### AS TO "COUNT I.
[Discrimination on the Basis of Sex in Violation of Title VII and the PDA Brought against Hillside Auto Outlet and Hillside Auto Mall]"

66. To the extent a response is required, Defendants deny the truth of the allegations contained in ¶ 140 of the Complaint.

67. Defendants admit that Plaintiff make certain allegations contained in ¶ 67 of the Complaint concerning the statutes under which she brought this action but deny any violations of said statutes.

68. Defendants deny the truth of the allegations contained in ¶ 68 of the Complaint.

69. Defendants deny the truth of the allegations contained in ¶ 69 of the Complaint.

70. Defendants deny the truth of the allegations contained in ¶ 70 of the Complaint.

71. Defendants deny the truth of the allegations contained in ¶ 71 of the Complaint.

72. Defendants deny the truth of the allegations contained in ¶ 72 of the Complaint.

73. Defendants deny the truth of the allegations contained in ¶ 73 of the Complaint.

### AS TO "COUNT II.
[Discrimination on the Basis of Disability in Violation of the NYSHRL Brought against Defendants]"

74. To the extent a response is required, Defendants deny the truth of the allegations contained in ¶ 74 of the Complaint.

75. Defendants admit that Plaintiff make certain allegations contained in ¶ 75 of the Complaint concerning the statutes under which she brought this action but deny any violations of said statutes.

76. Defendants deny the truth of the allegations contained in ¶ 76 of the Complaint.

77. Defendants deny the truth of the allegations contained in ¶ 77 of the Complaint.

78. Defendants deny the truth of the allegations contained in ¶ 78 of the Complaint.

79. Defendants deny the truth of the allegations contained in ¶ 79 of the Complaint.

### AS TO "COUNT III.
### [Discrimination on the Basis of Sex in Violation of the NYSHRL Brought against Defendants]"

80. To the extent a response is required, Defendants deny the truth of the allegations contained in ¶ 80 of the Complaint.

81. Defendants admit that Plaintiff make certain allegations contained in ¶ 81 of the Complaint concerning the statutes under which she brought this action but deny any violations of said statutes.

82. Defendants deny the truth of the allegations contained in ¶ 82 of the Complaint.

83. Defendants deny the truth of the allegations contained in ¶ 83 of the Complaint.

84. Defendants deny the truth of the allegations contained in ¶ 84 of the Complaint.

85. Defendants deny the truth of the allegations contained in ¶ 85 of the Complaint.

### AS TO "COUNT IV.
### [Discrimination on the Basis of Pregnancy in Violation of NYCHRL Brought against Defendants]"

86. To the extent a response is required, Defendants deny the truth of the allegations contained in ¶ 86 of the Complaint.

87. Defendants deny the truth of the allegations contained in ¶ 87 of the Complaint.

88. Defendants deny the truth of the allegations contained in ¶ 88 of the Complaint.

89. Defendants deny the truth of the allegations contained in ¶ 89 of the Complaint.

## DEFENDANTS' DEMAND FOR A JURY TRIAL

90. Pursuant to Fed. R. Civ. P. 38(b), Defendants demand a trial by jury in this case.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

92. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

96. Defendants have met and satisfied any and all obligations to Plaintiff that arose out of and during her employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### EIGTH AFFIRMATIVE DEFENSE

98. The allegations of the Complaint are insufficient to entitle Plaintiff to an award of attorneys' fees.

### NINTH AFFIRMATIVE DEFENSE

99. The causes of action herein have been waived and/or are barred by reason of the Plaintiff's failure to give proper and timely notice to the Defendants of her claims.

### TENTH AFFIRMATIVE DEFENSE

100. Plaintiff was not employed by each and every Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

101. Plaintiff is not entitled to an award of any damages, including but not limited to compensatory damages, punitive damages, or attorneys' fees.

### TWELFTH AFFIRMATIVE DEFENSE

102. All actions taken by Defendants were taken for legitimate, non-discriminatory reasons. As such, Defendants did not violate any legal right possessed by Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

103. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

104. The Court should not exercise supplemental jurisdiction of Plaintiff's state law claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

105. No adverse employment action was taken against Plaintiff, and the conduct she complains of does not constitute an adverse employment action.

## SIXTEENTH AFFIRMATIVE DEFENSE

106. To the extent there is a finding that there was an adverse employment action against Plaintiff, it was for legitimate nondiscriminatory reasons

## SEVENTEENTH AFFIRMATIVE DEFENSE

107. Defendants deny that Plaintiff suffered any emotional distress as a result of actions taken by Defendants, and any emotional distress suffered by Plaintiff is attributable to causes wholly independent of Defendants' alleged actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

108. Without conceding in any way to the allegations of the Complaint, at all times relevant to this action, Defendants have maintained and enforced policies prohibiting discrimination, has provided procedures through which employees can notify it of violations and/or perceived violations of these policies and has promptly investigated complaints of discrimination and have taken corrective action where appropriate. To the extent, if at all, Plaintiff experienced or perceived discrimination while allegedly in Defendants' employ, she failed to notify Defendants and unreasonably failed to avail herself of the preventive and corrective opportunities provided by Defendants. Alternatively, to the extent, if at all, Plaintiff notified Defendants of any discrimination and/or availed herself of the preventive and corrective opportunities provided to her, Defendants promptly investigated and, if and to the extent appropriate, took corrective action.

## NINETEENTH AFFIRMATIVE DEFENSE

109. Plaintiff's damages, if any, were not proximately caused by the acts or omissions of Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

110. Plaintiff cannot establish that she suffered unwelcome harassment such that: (i) the workplace was permeated with discriminatory intimidation, ridicule, and insult; (ii) she was harassed because of her membership in a protected class; (iii) the harassment was sufficiently severe or pervasive to alter conditions of her employment and create an abusive work environment; and/or (iv) there is a specific basis of imputing the harassment to Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

111. Plaintiff's claim for damages for emotional distress is barred by the exclusivity provisions of the New York State Workers' Compensation Law, §§ 10-11.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

112. Plaintiff's claims are barred to the extent she petitioned for bankruptcy either under Chapter 7 or Chapter 13 of the United States bankruptcy code yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

113. To the extent Plaintiff failed to meet conditions precedent prior to asserting her Title VII claims and the United States Equal Employment Opportunity Commission ("EEOC") failed to attempt conciliation in violation of 42 U.S.C § 2000e–5, her claims are barred.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

114. Plaintiff failed to provide a copy of her Complaint to the New York City Commission on Human Rights and Corporation Counsel in violation of NYC Admin. Code 8-502.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

115. Plaintiff cannot establish that she was treated less well on account of her membership in a protected class.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

116. To the extent that Plaintiff engaged in misconduct, prior to or during her employment which would have resulted in denial of her employment or in termination of her employment, had said acts or omissions been known to Defendants, any relief awarded should be reduced, in whole or in part, due to Plaintiff having engaged in such misconduct.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

117. Plaintiff welcomed the conduct she complains of.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

118. The Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

**WHEREFORE,** Defendants pray that the Court dismiss the Complaint in its entirety including each and every demand and prayer for relief contained in the Complaint, and grant such other and further relief that the Court deems just and proper.

Dated: Lake Success, New York
November 17, 2022

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
_____/s Emanuel Kataev, Esq._____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*