UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LETICIA FRANCINE STIDHUM,

                            Plaintiff,

                    -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                          Defendants.
-----------------------------------------------------------------X

**Case No.:** 1:21-cv-7163 (HG) (RLM)

**DEFENDANTS' RESPONSES &
OBJECTIONS TO PLAINTIFF'S
FIRST REQUEST FOR THE
<u>PRODUCTION OF DOCUMENTS</u>**

       Defendants, by and through their attorneys, Milman Labuda Law Group PLLC, responds

to Plaintiff's First Request for the Production of Documents as follows:

<u>**GENERAL OBJECTIONS**</u>

       Defendants' responses are subject to the specific General Objections set forth below, each

of which is incorporated by reference into the responses to each interrogatory and document

demand.   The production of information encompassed within Defendants' General Objections

shall not be deemed a waiver of these objections.

       1.   The right to object as to competency, relevancy, materiality, privilege and general

admissibility of the responses and the subject matter thereof as evidence for any purpose in any

further proceeding in this action (including trial) and in any other action.

       2.   The right to object to the use of any such responses, or the subject matter thereof, on

any ground in any further proceeding of this action (including trial) and in any other action.

       3.   The right at any time to revise, correct, add to, or clarify any of said answers set forth

herein.

4.   The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5.   Defendants object to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   In addition, the demands are overboard to the extent that they cover time periods not relevant to the instant litigation.

6.   Defendants object to Plaintiff's demands to the extent they are so overboard that they impose an undue burden.

7.   Defendants object to Plaintiff's demands to the extent they are unreasonably vague and ambiguous.

8.   Defendants object to Plaintiff's demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9.   Defendants object to Plaintiff's demands to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Defendants' right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained.   When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Defendants object to Plaintiff's demands to the extent they assume facts that have not been established.   Defendants specifically reserve the right to object to the factual assumption made in these demands.

12. Defendants object to Plaintiff's demands to the extent it assumes facts not in evidence, including – but not limited to –Plaintiff's alleged employment relationship with Hillside Auto Mall Inc., which is expressly denied, as she never worked there.

13. Defendants object to Plaintiff's demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure and the local rules of the Eastern District and (ii) attempt to place obligations upon Defendant which are inconsistent with those rules.   Defendant will respond to Plaintiff's demands in accordance with the applicable rules.

All of Defendants' answers are made subject to the above comments and qualifications.

## SPECIFIC DEMANDS AND RESPONSES

1.      All documents concerning (and therefore stating) the position(s) of the individual Defendants ISHAQUE THANWALLA, JORY BARON, RONALD M BARON, and ANDRIS GUZMANs, and/or any other managers within the management structure of the corporate Defendants (such as an organizational chart).

**Response:  Defendants object to this demand on the grounds that it assumes facts not in evidence (i.e., that Defendants Jory Baron and/or Ronald M. Baron are managers), is designed to annoy, embarrass, oppress, or otherwise cause undue burden, is overly broad (i.e., as to any managers who never supervised Plaintiff), unduly burdensome (too cumbersome to review files for the identity of all managers), and not relevant to any claim or defense or proportional to the needs of the case (to the extent any manager did not supervise Plaintiff).   Notwithstanding and without waiving the foregoing general and specific objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants**

3

**discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

2.      Documents sufficient to show the number of employees who work in each state and the number of employees who are assigned to each organizational unit, including job code, job title, position number, location, team, and/or product throughout the relevant period.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendant 161-10 Hillside Auto Ave LLC concedes that it has more than fifteen (15) employees.**

3.      All documents that refer or relate to Plaintiff, including her complete personnel files and all documents they have signed.

**Response:   Defendants object to this demand on the grounds that it is overly broad. Notwithstanding and without waiving the foregoing general and specific objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

4.      All documents concerning any written offer of employment to Plaintiff and/or any acceptance of employment by such Plaintiff.

4

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

5.      All documents concerning or reflecting the terms of any oral offer of employment to Plaintiff.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

6.      All documents concerning any advertisements, "help wanted" notices, or other documents seeking to employ individuals (or drafts thereof) for any position openings for any positions held by any Plaintiff.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

7.      Where not already produced in response to another request herein, all documents concerning any agreement(s), contract(s) and/or any other documentation of the terms and conditions of each Plaintiff's employment relationship with Defendants.

**Response:     Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

8.      Where not already produced in response to another request herein, all documents concerning Plaintiff's employment with any or all of Defendants, and any company owned, managed or controlled by Defendants.

**Response:     Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

9.      All documents concerning descriptions of any Plaintiff's job duties and assignments upon commencing employment with Defendants, including documents reflecting any modifications or revisions to such duties and assignments.

**Response:     Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

10.      All documents concerning plaintiff's job functions, job assignments, training, status, salary, bonuses, benefits, and other terms and conditions of Plaintiff's employment with respect to all positions held while employed with Defendants.

**Response:     Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

11.      All documents concerning work plaintiff performed or was responsible for performing while employed by Defendants until her departure, including but not limited to, work records, work product, status reports, procedural or employee manuals, reports, memoranda to or from higher supervision, and memoranda to or from co-workers.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

12.      All documents concerning evaluations of plaintiff's performance while employed with Defendants until plaintiff's departure, including, but not limited to, evaluations, self-evaluations, merit reviews, salary or performance reviews, promotions, transfers, ratings, and letters of commendation, praise, or criticism.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

13.      All documents concerning any disciplinary action of any nature taken against plaintiff at any time during plaintiff's employment with Defendants, including, without limitation, the termination of plaintiff's employment.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations,**

Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.

14.    All documents reflecting the information Defendants possessed concerning Plaintiff's prior employment before being hired by Defendants.

**Response:   Defendants object to this request on the grounds that it is not relevant to any claim or defense.   Notwithstanding and without waiving the foregoing general and specific objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

15.    Any and all documents pertaining to the wait time of Plaintiff from on or about May 20, 2018 through January 14, 2019, including on the DealerTrak DMS system.

**Response:    Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

16.    Any and all documents pertaining to the wait time of other car salesmen/ saleswomen from on or about May 20, 2018 through January 14, 2019, including on the DealerTrak DMS system.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

17.     Any and all documents pertaining to Plaintiff's car sales from on or about May 20, 2018 through January 14, 2019.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

18.     Any and all documents pertaining to the car sales of other car salesmen/ saleswomen from on or about May 20, 2018 through January 14, 2019.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, and not relevant to any claim or defense or proportional to the needs of the case.   Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced for the period of December 1, 2018 through January 14, 2019.**

19.     Any and all documents concerning Plaintiff's employment by any or all of the Defendants, including, but not limited to, any and all documents concerning:

a. the dates Plaintiff began working for any of the Defendants;

b. the dates Plaintiff stopped working for any of the Defendants;

c. any and all payroll record concerning the Plaintiff, including, but not limited to, documents concerning the number of hours for each week that Plaintiff worked for any or all of the Defendants during the relevant period, and documents concerning the amount of compensation (net or gross) that Plaintiff received for each week that they worked during the relevant period;

d. any and all statements to the Plaintiff concerning payments of any and all tips, or bonuses to the Plaintiff during the relevant period, inclusive;

e. all documents relating to any deductions any of the Defendants made from the wages of Plaintiff, regardless of the reason;

f. time-sheets or sign-in sheets showing the hours worked by Plaintiff for each day that they worked or the period during the relevant period, inclusive;

g. schedule of Plaintiff's working hours;

h. the Plaintiff's job duties, assignments and responsibilities at Defendants;

i. checks and/or paystubs given to Plaintiff for each pay period for which they were paid;

j. any and all documents from the Plaintiff's personnel files;

k. any and all evaluations, write-ups, warnings, or disciplinary actions taken concerning the Plaintiff;

l. any and all documents concerning the termination of the Plaintiff's employment with any of the Defendants;

m. any and all documents given to the Plaintiff concerning employment policies;

n. all documents concerning or reflecting the hours each Plaintiff worked, including without limitation punch cards, timesheets, time cards, and work logs.

11

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, and not relevant to any claim or defense or proportional to the needs of the case.   Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced.**

20.     All documents concerning the method of computation and/or the amount of compensation received by Plaintiff during their employment with Defendants, including, without limitation, the following:

a. all payroll records;

b. copies of Plaintiff's' paychecks;

c. paycheck receipts;

d. records of cash payments;

e. records of tips, compensation therefore, and accounting therefore;

f. records of commissions, compensation therefore, and accounting therefore;

g. records of vacation;

h. records of holiday, and/or sick pay;

i. records of bonuses; and

j. records of pay summaries.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, and not relevant to any claim or defense or proportional to the needs of the case.   Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced.**

21.     Any and all documetns [*sic*] concerning the compensation of comparator car salesmen employed by Defendants during the relevant time period, including, without limitation, the following:

a. all payroll records;

b. copies of Plaintiff's' paychecks;

c. paycheck receipts;

d. records of cash payments;

e. records of tips, compensation therefore, and accounting therefore;

f. records of commissions, compensation therefore, and accounting therefore;

g. records of vacation;

h. records of holiday, and/or sick pay;

i. records of bonuses; and

j. records of pay summaries.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, and not relevant to any claim or defense or proportional to the needs of the case.   Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced.**

22.

**Response:   Defendants object to this demand on the grounds that it is blank and does not request any information.**

23.     Where not already produced, all documents or records required to be maintained by any Defendant concerning any Plaintiff by reason of their being an employee under the Fair

Labor Standards Act or the New York Labor Law, or the rules and regulations issued thereunder (such as those required under 29 C.F.R. 516).

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

24.    All documents concerning any deductions made in the wages of Plaintiff for meal breaks or rest breaks.

**Response:   Defendants object to this demand on the grounds that it is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

25.    All documents that reflect or demonstrate the date and time of Plaintiff's' meal and/or rest breaks, if any.

**Response:   Defendants object to this demand on the grounds that it is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

26.    All documents concerning commissions or other similar payment received by Plaintiff.

**Response:    Defendants object to this demand on the grounds that it is vague. Notwithstanding and without waiving the foregoing general and specific objections, Defendants refer Plaintiff to documents previously produced.**

27.    All documents concerning any deductions any Defendant made from the wages of any Plaintiff for any reason.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

28.      For the past six (6) years, all documents relating to payments or other transaction between Plaintiffs and Defendants not covered by the foregoing, including, but not limited to fines, loans, and all other payment.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

29.      All computers, laptop computers, or other electronic data storage device (or in lieu thereof, a "data mirror" of any and all relevant data contained on such electronic data storage device in a readily accessible format) in which information as to any Plaintiff's work hours and/or compensation was entered and/or stored.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not proportional to the needs of the case.**

30.     Any document concerning Plaintiffs, not otherwise identified above, in the custody or control of any of the Defendants.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, and not relevant to any claim or defense or proportional to the needs of the case.**

31.     Any record of the amount of time worked by Plaintiff's comparators car salesmen/ car saleswomen during the relevant period, including records maintained by Defendants.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

32.     All documents that refer or relate to the amount of time required to perform a given task, assignment, duty, or function performed by Plaintiff's comparators car salesmen/ car saleswomen

**Response:    Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

33.     All documents that refer or relate to work schedules for Plaintiff's comparators car salesmen/ car saleswomen.

**Response:    Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive,**

**non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

34.     All documents that refer or relate to communications from Defendants to Plaintiff's comparators car salesmen/ car saleswomen.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and not relevant to any claim or defense or proportional to the needs of the case.**

35.     All documents that refer or relate to studies, data, reports, evaluations, research, and/or recommendations regarding workload limits or guidelines for Plaintiff's comparators car salesmen/ car saleswomen.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

36.     All documents that refer or relate to the functioning of any timekeeping system that captures information regarding the hours worked by Plaintiff's comparators car salesmen/ car saleswomen.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive,**

non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.

37.    All documents that record compensation due or received for any overtime worked by Plaintiff's comparators car salesmen/ car saleswomen.

**Response:    Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

38.    All documents that refer or relate to job descriptions for Plaintiff's comparators car salesmen/ car saleswomen.

**Response:    Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

39.    All documents that refer or relate to audits, investigations, inquiring, or studies, by Defendants or any third party, including any consultant, business partner, independent auditor,

organization, law firm, union, or governmental agency, during or before the relevant period, regarding any discrimination claims.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and not relevant to any claim or defense or proportional to the needs of the case.**

40.     All documents that refer or relate to complaints, grievances, and/or expressions of concern, whether formal or informal (and whether written or oral), by any of Defendants' employees, a union, or governmental body, whether the complaint was made to one of Defendants' employees, a union, pension plan, or governmental body, asserting that Defendants did not pay wages due, work performed, or inaccurately asserted work period.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and not relevant to any claim or defense or proportional to the needs of the case.**

41.     All documents, including notes, memoranda, electronic mail, letters, and/or meeting minutes, that refer or relate to: Defendants' compliance and/or non-complaince [*sic*] with anti-discrimination laws.

**Response:     Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

42.     All documents that refer or relate to rulings, decisions, or opinions rendered by any federal or state court or administrative agency relating to whether any of Defendants' employees are exempt or nonexempt from overtime. This request applies to documents during and before the relevant period.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and not relevant to any claim or defense or proportional to the needs of the case.**

43.     Personnel files of car salesmen/ car saleswomen at 161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet and HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall, who worked at any time for Defendants from 2019 to the present day.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and not relevant to any claim or defense or proportional to the needs of the case.**

44.     Personal files of employees who was new hires after 2020, including their sex/ gender and maternity status.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and not relevant to any claim or defense or proportional to the needs of the case.**

45.     Personnel files of all employees of Defendants who participated in the decision to select Plaintiff for denial of her bonus; including but not limited to individual Defendants ISHAQUE THANWALLA, JORY BARON,, and ANDRIS GUZMAN.

**Response:   Defendants object to this request on the grounds that it assumes facts not in evidence.   Notwithstanding and without waiving the foregoing general and specific**

objections, **Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.**

46.     Internal and external complaints against the Defendants for sex and/or pregnancy discrimination of any kind, or retaliation.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and not relevant to any claim or defense or proportional to the needs of the case.**

47.     Documents reflecting the investigation and disposition of all such internal or external complaints.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and not relevant to any claim or defense or proportional to the needs of the case.**

48.     Employee handbooks of any kind, including any materials provided to potential employees or employees about 161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet and HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall commitment to diversity, equality, and inclusion.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

49.   Any and all policies 161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet and HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall have for Paid Family Leave or any type of time of allowed leave for pregnant women.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

50.   Any and all policies regarding anti-harassment at 161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet and HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall, including but not limited to sex harassment, and pregnancy discrimination.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

51.   Any and all documents or floorplans detailing 161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet and HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall's compliance with New York City Local Laws 185 and 186. (NYC Lactation room laws).

**Response:   Defendants object to this demand on the grounds that it is not relevant to any claim or defense or proportional to the needs of the case**

52.     Any documents consisting of 161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet and HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall's compliance with the Pregnancy discrimination act.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

53.     Any documents recording Plaintiff's decision to inform Defendants of her maternity status.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

54.     Any and all documents consisting of Plaintiff's duties, responsibilities, and scheduling being changed due to her maternity status.

**Response:   Defendants object to this request on the grounds that it assumes facts not in evidence.   Notwithstanding and without waiving the foregoing general and specific objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.**

55.     Notes reflecting termination meetings, the selection process and participants' thoughts during the selection process of deciding which employees to terminate.

**Response:   Defendants object to this request on the grounds that it is overly broad and unduly burdensome.   Notwithstanding and without waiving the foregoing general and specific objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

56.     All documents reflecting or relating to any disparate impact analysis conducted.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.**

57.     All documents concerning any complaint or grievance, oral or written, made by plaintiff or on her behalf to any employee or representative of Defendants, including, but not limited to, any complaint made regarding Alleged discrimination, harassment, or retaliation based upon maternity status, and/or concerning any other Alleged unfair, unlawful, or retaliatory treatment accorded plaintiff by Defendants, its employees or agents, at any time during Plaintiff's employment.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations,**

**Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

58.    All documents concerning conversations or other communications between defendant or its designated representative or agents and any current or former employees, officers, representatives, attorneys, or agents of plaintiff or any third party(ies) concerning any and All claims raised by plaintiff in this action or in the charge filed with the Equal Employment Opportunity Commission ("EEOC") or otherwise concerning her employment with and/or separation from Defendants.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, violative of the attorney-client privilege and/or the attorney work product doctrine, is publicly available, and not relevant to any claim or defense or proportional to the needs of the case.**

59.    All documents concerning grievances, charges, or complaints regarding each Plaintiff's employment with Defendants, including, but not limited to, documents filed with or received from the EEOC, the federal or state Department of Labor, or any other governmental agency, court, or administrative or arbitral tribunal.

**Response:    Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than the complaint in this case and that in a state court action brought by Plaintiff (as well as a prior federal case she voluntarily dismissed). Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall**

**supplement these responses and state whether any documents are being withheld on the basis of their objections.**

60. All documents concerning any statements by any witnesses to any meeting, discussion, conversation, or other verbal communication or to any conduct described in the Complaint, which defendant contends is probative of any of Plaintiff's claims or to any of its defenses.

**Response: Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents. Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

61. All documents not previously requested above which support, relate to, or concern the affirmative defenses set forth by defendant in its answer to the Complaint.

**Response: Defendants object to Plaintiff's request on the grounds that it is overly broad and vague. Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced. Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

62. Copies of any statements from any witness or potential witness concerning any claim or defense raised in this lawsuit.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

63. All documents concerning Defendants' hiring of plaintiff.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

64. All offer letters and employment and/or other contracts between Plaintiff and Defendants.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

65. All documents concerning salary negotiations or complaints about compensation by Plaintiff with anyone at Defendants after each Plaintiff's initial hire.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

66. All documents reflecting and/or concerning any and all meetings between Plaintiff and any member of Defendants as referenced in the complaint in this action.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

67. All documents concerning the decision by Defendants to give Plaintiff a bonus.

**Response:   Defendants object to this demand on the grounds that it assumes facts not in evidence.   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

28

68. All documents concerning any complaint or grievance, whether oral or written, formal or informal, made by Plaintiff or by anyone else on her behalf to any employee or representative of Defendants, including, but not limited to, any complaint made regarding alleged inequality in compensation or benefits, differential or disparate treatment or retaliation based upon maternity status toward Plaintiff by Defendants, its employees or agents, at any time.

**Response:** **Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents. Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

69. All non-privileged documents concerning conversations or other communications among any current or former employees, officers, representatives, attorneys or agents of Defendants or any third party (or parties) concerning any and All claims raised by Plaintiff in this action or in the EEOC Charge filed by her or otherwise concerning Plaintiff's employment with and/or separation from Defendants.

**Response:** **Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents. Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

70. All non-privileged documents reflecting, relating to, or concerning interviews or conversations between or including any employee, agent, or representative of Defendants concerning the Allegations contained in the Complaint.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

71.    All documents concerning any statements by any witnesses to any meeting, discussion, conversation, or other verbal communication or to any conduct described in the Complaint, which defendant contends is probative of any of Plaintiff's claims or to any of its defenses.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

72. All documents not previously requested above which support, relate to, or concern the affirmative defenses set forth by defendant in its answer to the Complaint.

**Response:   Defendants object to this request on the grounds that it is overly broad and vague. Notwithstanding and without waiving the foregoing general objections, Defendants**

respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.  Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.

73. Copies of any statements from any witness or potential witness concerning any claim or defense raised in this lawsuit.

**Response:  Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.  Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

74. All documents concerning the decision by Defendants to terminate Plaintiff's employment.

**Response:  Defendants object to this demand on the grounds that it assumes facts not in evidence.  Notwithstanding and without waiving the foregoing general and specific objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.**

75. All documents, including text messages, and emails, where one or more of the following terms appear:

| Search No. | Search Terms |
|---|---|
| 1 | pregn* OR sonog* OR expect* OR carry* |
| 2 | "eating for two" OR pea OR bun |
| 3 | Family |

| 4 | Leticia OR Stidhum |
| 5 | wom*n OR wife OR female |

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

76.   Any and all emails, text, or any other type of electronic messages to or from Defendants relating to wait times of car salesmen in 2018 and 2019.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

77. Any and all letters, petitions, correspondence, notes, and any type of document to or from Defendants relating to wait times of car salesmen in 2018 and 2019.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

78. Any and all emails, text, or any other type of electronic messages to or from Defendants relating to car salesmen compensation in 2018 and 2019.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

79. Any and all letters, petitions, correspondence, notes, and any type of document to or from Defendants relating to car salesmen compensation in 2018 and 2019.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

80. Any and all emails, text, or any other type of electronic messages to or from Defendants to Plaintiff between 2018 and 2019.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

81. Any and all letters, petitions, correspondence, notes, and any type of document to or from Defendants to Plaintiff between 2018 and 2019.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

82. All documents that refer or relate to reports, recommendations, evaluations, and/or studies of the structure, staffing, methods, policies, workflow, or procedures of Defendants' information systems or business systems.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents.   Further, to the extent that Defendants discover the existence of any responsive, non-privileged documents based on their continuing search obligations,**

**Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

83. All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this litigation or to indemnify or reimburse for payments made to satisfy all or part of any judgment.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

84. All documents concerning policies, procedures, and guidelines for data retention related to any Defendant's computers, computer systems, electronic data, and electronic media, including, but not limited to, electronic data retention, backup, archival, preservation, and destruction schedules.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

85. Documents sufficient to show current and past contact information, including work and personal address, telephone number, and email address information, as well as dates of employment, of the individuals who supervised or managed Plaintiff.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

86. All documents identified in response to any of Plaintiff's' interrogatories (whether now issued or issued in the future) to Defendants (whether to the corporate Defendants 161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet; and HILLSIDE AUTO MALL INC d/b/a Hillside Auto Mall and/or the individual Defendants ISHAQUE THANWALLA, JORY BARON, RONALD M BARON, and ANDRIS GUZMANs).

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

87. All written or recorded statements, either under oath or otherwise, made by Plaintiffs or by Defendants concerning the subject matter of this litigation.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents**

based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.

88. All documents concerning the transfer or movement of supplies, food or goods between the locations owned or businesses controlled by Defendants.

**Response:   Defendants object to this demand on the grounds that it is not relevant to any claim or defense or proportional to the needs of the case.**

89. All documents concerning the purchase, sale, or transfer of any business and/or its interests or shares to or from any Defendant and/or its buyers or sellers.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

90. All documents concerning the sale of goods produced or handled by Plaintiffs in any other business or entity controlled by Defendants.

**Response:   Defendants object to this demand on the grounds that it assumes facts not in evidence and is not relevant to any claim or defense or proportional to the needs of the case.**

91. All documents concerning the posting of any required notices to employees, such as those required by the New York State Dept. of Labor, and the U.S. Dept. of Labor.

**Response:   Defendants object to this demand on the grounds that it is not relevant to any claim or defense or proportional to the needs of the case.**

92. Any and all documents related to the chain of title of at 161-10 Hillside Avenue, Jamaica NY 11432; and at 150-01 Hillside Avenue, Jamaica, NY 11432.

**Response:   Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, is designed to annoy, embarrass, oppress, or otherwise cause undue burden, and is not relevant to any claim or defense or proportional to the needs of the case.**

93. Any documents not already produced in response to any request above, in the custody or control of any of the Defendants.

**Response:   Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

94. Any documents not already produced in response to any request above, that Defendants may use in support of or opposition to any dispositive motion.

**Response:   Defendants object to this request on the grounds that it is premature and vague. Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

95. Any documents not already produced in response to any request above, that Defendants may use at trial of this action.

**Response:   Defendants object to this request on the grounds that it is premature and vague. Notwithstanding and without waiving the foregoing general objections, Defendants respond that they are not in possession, custody, or control of any responsive, non-privileged documents other than those already produced.   Further, to the extent that Defendants discover the existence of any additional responsive, non-privileged documents based on their continuing search obligations, Defendants shall supplement these responses and state whether any documents are being withheld on the basis of their objections.**

Dated: Lake Success, New York
        November 14, 2022

                                      **MILMAN LABUDA LAW GROUP PLLC**

                                        *__/s Emanuel Kataev, Esq._____*
                                        Emanuel Kataev, Esq.
                                        3000 Marcus Avenue, Suite 3W8
                                        Lake Success, NY 11042-1073
                                        (516) 328-8899 (office)
                                        (516) 303-1395 (direct dial)
                                        (516) 328-0082 (facsimile)
                                        emanuel@mllaborlaw.com

                                        *Attorneys for Defendants*