# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

December 6, 2022

**Via ECF**
Hon. Roanne L. Mann, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  **Re:** **Plaintiff's Objection to Defendants' Motion to Extend Time to Respond to Plaintiff's Motion to Compel and Extend Time to Complete Discovery**
   *Stidhum v. 161-10 Hillside Auto Ave, LLC*, **No. 21-cv-07163 (PKC) (RLM), (E.D.N.Y.)**

Dear Judge Mann:

  We object to Defendants' Motion for Extension of Time to Answer Plaintiff's Motion to Compel and Extend Discovery for the sole purpose of compelling Defendants to cure the deficiencies to their document production and interrogatories and further produce their clients for depositions.

  We object because Defendants' counsel has consistently held himself to be above the law and the rules governing this court. While complaining of Plaintiff's failure to meet-and-confer with Defendants, *see* Docket Entry No. 31, in which Defendants imposed upon unreasonable conditions of recording the meet-and-confer, and further for a one-by-one explanation of each interrogatories and document production response, repetitively, rather than leaving legal disputes and differences in position for the court's ruling, he is now saying that requesting extension from Plaintiff is "futile." *See* Docket Entry No. 34. That is, in spite of the extensions and adjournments previously extended to Mr. Kataev in light of his alleged surgery as to both the settlement conference production and settlement date. *See* Docket Entry No. 25 (noting Plaintiff's consent). Mr. Kataev's boiler plate "futile" excuse has been proffered time and again in other cases we have had with Mr. Kataev in which he has requested extensions on the due date of his submission, or even after the submission date has passed. (Docket Entry No. 28, 19-cv-01625 "it is futile to ask for Plaintiffs' consent, as they have previously declined consents to extensions of time, including while the undersigned was on trial", in which Plaintiff consented to no more than <u>60 days from the date of waiver of summons of notice</u>, which is longer than the standard 21-day or 30-day extension). Thus, Mr. Kataev's submission distorts Plaintiff's position, which has all along been more than reasonable.

Mr. Kataev's purpose is to exhaust Plaintiff's ability to conduct discovery within the timeline set forth by the court. If the animosity between counsels has rendered the request for an extension—which has not been requested whether by email or by phone—futile, then it does not make sense for him to further assert that Plaintiff alone needs to meet her burden to meet and confer and abide strictly by each of the unreasonable conditions that Mr. Kataev has so imposed upon her for the sole purpose of obstructing the discovery process.

It is reasonable for Plaintiff to extend time if Mr. Kataev is actually sick or under the weather. But he said he has "fully recovered" after resting on the in-person conference on October 24, 2022, which already took into account his surgery and the recovery period. The letter motion for discovery was brought on November 2, 2022. He has hung up on calls and called for "appointment-only" meet and confers, then refused to provide dates. *See* Docket Entry No. 28.

A further extension of time for him to respond to the overdue discovery responses is simply put, not warranted. Mr. Kataev was on notice that his responses were deficient, but refuses to supplement his response absent a court order.

          Respectfully Submitted,

          __/s/ John Troy_____
          John Troy
          *Attorney for Plaintiffs*

JT/mh
cc:. (via ECF)