**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**LETICIA FRANCINE STIDHUM,**

                      **Plaintiff,**　　　　　　　　　　**MEMORANDUM**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**AND ORDER**

                      **-against-**　　　　　　　　　　　　**21-CV-7163 (HG)**

**161-10 HILLSIDE AUTO AVE, LLC, et al.,**

                      **Defendants.**
----------------------------------------------------------------x
**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a letter-motion filed by plaintiff Leticia Stidhum ("plaintiff"), seeking to compel defendants to provide supplemental responses to plaintiff's interrogatories and document demands. See Motion for Discovery (Dec. 1, 2022) ("Pl. Mot."), Electronic Case Filing Docket Entry ("DE") #33. Just last month, the Court warned the parties that it would not entertain any future discovery motion unless counsel first conferred in good faith to resolve their disputes. See Order (Nov. 9, 2022). Despite that admonition, the parties' motion papers make clear that the only point on which both sides agree is that the pending application was *not* preceded by good faith discussions. Nevertheless, in the interest of quashing their vexing recriminations, the Court will, after addressing plaintiff's counsel's latest offensive, discuss the merits of the pending motion, which is granted in part and denied in part.

### DISCUSSION

Consistent with the shrill tone of prior submissions, plaintiff's application accuses defense counsel of "engag[ing] in abusive discovery tactics"; according to plaintiff's counsel,

defendants' attorney, Emanuel Kataev, was "reprimanded for bad faith conduct during the discovery process" in another case, and "our colleagues in the industry . . . are of the uniform opinion that Mr. Kataev is [acting] in bad faith[.]" Pl. Mot. at 1. To be sure, this case has brought out the worst in counsel on both sides. Nevertheless, plaintiff's *ad hominem* attacks are unwarranted. While a judge in the Southern District of New York did in fact criticize Mr. Kataev for "making frivolous requests" in that case, (DE #33-1), the firm Troy Law, PLLC, which represents plaintiff in the instant action, has been sanctioned in literally dozens of cases — too numerous to recount — in both this District and the Southern District of New York. See, e.g., Xing v. Mayflower Int'l Hotel, 18-CV-6616 (PKC) (LB), 2022 WL 4654469, at *3 (E.D.N.Y. Sept. 30, 2022) (finding Rule 37(d) monetary sanctions warranted against John Troy and associate Aaron Schweitzer, who had been sanctioned for a similar Rule 37(d) violation in an earlier case); Lin v. DJ's Int'l Buffet, Inc., 17-CV-4994 (JS)(AYS), 2022 WL 1004189, at *5 & n.6 (E.D.N.Y. Mar. 31, 2022) (referencing a "litany of cases" in which Troy Law has "been sanctioned, or threatened with sanctions"); Ke v. J R Sushi 2 Inc., 19 Civ. 7322 (PAE) (BCM), 2022 WL 912231, at *10 (S.D.N.Y. Mar. 28, 2022) ("Sanctions are particularly apt here, given Troy Law's regrettable and unprofessional behavior throughout this lawsuit."); Lin v. Quality Woods, Inc., 17-CV-3043-DLI-SLB, 2021 WL 2343179, at *8-9 (E.D.N.Y. June 4, 2021) (issuing order to show cause why John Troy and Troy Law should not be sanctioned under Rule 11 and noting that "[t]his would also not be the first time Troy and his firm were sanctioned for doubling down on bad faith assertions"), adopted, 2021 WL 4129151 (E.D.N.Y. Aug. 10, 2021); Chen v. Hunan Manor Enter., Inc., 17 Civ. 802 (GBD) (GWG), 2021 WL 2282642, at *3-7 (S.D.N.Y. June 4, 2021) (citing numerous cases in which

Troy and Troy Law were sanctioned and/or found to have acted in an unprofessional manner, court refuses to allow Troy Law to serve as class counsel), <u>adopted</u>, 2021 WL 3727093 (S.D.N.Y. Aug. 20, 2021).  Troy Law's personal attacks against the firm's adversary in this case bring to mind the following proverb:  "Those who live in glass houses shouldn't throw stones."

Looking beyond the parties' mutual accusations, the Court now addresses the merits of plaintiff's motion.

## I. Plaintiff's Interrogatories

As an initial matter, plaintiff complains that defendants have failed to provide verifications for all parties on whose behalf the responses were submitted.  <u>See</u> Pl. Mot. at 2.  Defendants counter that Rule 33(b)(1) of the Federal Rules of Civil Procedure (the "FRCP") provides that the interrogatories "must by answered" — and verified — "by the party to whom they are directed[.]"  Response in Opposition (Dec. 9, 2022) ("Def. Opp.") at 4, DE #36.  As plaintiff has failed to furnish the Court with the Interrogatories served on defense counsel, it is unclear as to whom they were directed.  Nevertheless, while the verification appended to the interrogatory responses (by the controller of defendant Hillside Automall Inc.) constitutes a verification by a single entity, <u>see</u> Ex. 4 to Pl. Mot. ("Def. Interrogatory Responses"), DE #33-4 at ECF p. 13, defendants' responses purport to be on behalf of all "defendants," <u>see id.</u> at ECF p. 1.  The interrogatory responses must be verified by each party on whose behalf they are made.

Plaintiff seeks supplemental responses to Interrogatories #3-6, #8-12, #14, and #18-21.  <u>See</u> Pl. Mot. at 2.  Plaintiff's letter-motion does not itself address the alleged deficiencies but

instead relies on an attached deficiency letter served on defense counsel in November.  See Ex. 3 to Pl. Mot. ("Deficiency Letter"), DE #33-3.  The Court has reviewed that attachment, as well as the challenged interrogatory responses, and addresses the challenged interrogatories by category.[1]

*Interrogatories Related to Punitive Damages*

In Interrogatories #5, #11, #12, #19, #20 and #21, plaintiff seeks a variety of financial information that ordinarily would not be discoverable until post-judgment.  As to all but Interrogatory #5, plaintiff's Deficiency Letter contends that the information sought is relevant to her claim for punitive damages.  See Deficiency Letter at 3-4.

Recognizing the highly confidential nature of financial data sought in connection with punitive damages claims, multiple courts in this Circuit have bifurcated discovery related to punitive damages and deferred it until later in the litigation.  See, e.g., Pasternak v. Kim, 275 F.R.D. 461, 463 (S.D.N.Y. 2011); accord Wenning v. On-Site Manager, Inc., No. 14 Civ. 9693(PAE), 2015 WL 5148753, at *5 (S.D.N.Y. Aug. 26, 2015); McNamee v. Clemens, No. 09 CV 1647(SJ), 2013 WK 6572899, at *8-9 (E.D.N.Y. Sept. 18, 2013).  This Court concludes that defendants should not be required to disclose such sensitive information at this point in the litigation.  Therefore, plaintiff's motion for such supplemental responses is denied without prejudice.[2]

---

[1] As the Deficiency Letter makes no argument whatsoever in support of a supplemental response to Interrogatory #14, plaintiff's request is denied as to that interrogatory.  In any event, defendants have provided a sufficient response.  See Def. Interrogatory Responses, DE #33-4 at ECF pp. at 8-9.

[2] As for the timing of such deferred disclosure, that will depend on whether the District Court bifurcates trial of the punitive damages claim.

4

Interrogatory #5, which plaintiff does not seek to justify as relevant to punitive damages, asks defendants to identify businesses that they own and/or operate. The broad scope of this interrogatory far exceeds the purpose that plaintiff claims it will serve. See Deficiency Letter at 2 ("Plaintiff alleges that the two corporate Defendants formed an enterprise and were jointly responsible for the discriminatory acts."). Interrogatory #5 is not limited to the two corporate defendants and, to the extent that the demand is construed to be so limited, the information sought is addressed by Interrogatories #3 and #4. Therefore, the Court denies plaintiff's request that defendants supplement their response to Interrogatory #5.

*Interrogatories Identifying Owners/Officers*

In Interrogatories #3, #4 and #6, plaintiff seeks information concerning the ownership and control of the corporate defendants. Defendants responded by interposing a boilerplate objection to these demands as premature, harassing and irrelevant. See Def. Interrogatory Responses, DE #33-4 at ECF pp. 4-5. Defendants' letter in opposition to plaintiff's pending motion objects to the application as procedurally defective but does not address the merits of the discovery demands at issue. See generally Def. Opp. The Court concludes that, as to these three interrogatories, defendants' objections are not well taken. Defendants are directed to provide substantive responses to these three interrogatories.

*Interrogatories Identifying Employees, Witnesses and Emails*

The Court overrules defendants' relevance and other objections to Interrogatories #9 (requesting the identities of individuals responsible for submitting employee information to third-party payroll companies) and #10 (requesting the identities of those responsible for maintaining defendants' financial and/or accounting records), and directs defendants to provide

5

substantive responses thereto. On the other hand, Interrogatory #8 is overbroad; to the extent that plaintiff is seeking information to establish the number of employees working for defendants at any one time or the identities of "comparators to Plaintiff" (Deficiency Letter at 2), such information should have been sought in narrowly tailored interrogatories, rather than in a demand that defendants identify "each current and former employee" of the corporate defendants. Plaintiff's motion is therefore denied as to Interrogatory #8.

As for Interrogatory #18, which requests the identification of "each email address used" in connection with the corporate defendants' business, plaintiff has failed to articulate the relevance of the information sought; plaintiff's conclusory assertion that "[t]he identification of said email addresses is clearly important to the case alleging discrimination against Plaintiff on the basis of sex" (Deficiency Letter at 3) provides no justification for this broad request. Defendants need not provide the email address of each and every employee who worked for the corporate defendants but must provide email addresses for each individual defendant, as well as each corporate email address not connected to a specific individual (such as an email address for "customer service").

## II.  **Plaintiff's Document Requests**

*Alleged Violations of Rule 34(b)(2)*

In connection with many of the 95 document requests served on defendants, plaintiff complains that defendants asserted objections without stating whether documents were being withheld pursuant to those objections, as required by Rule 34(b)(2)(C) of the FRCP. See Deficiency Letter at 5. Specifically, according to plaintiff, defendants failed to comply with Rule 34(b)(2)(C) in connection with Document Requests #1, #3-16, #23-28, #31-38, #48-50,

#51-73, and #82-87.  <u>See</u> Deficiency Letter at 5.

To the extent that defendants have not complied with Rule 34(b)(2)(C), they must of course cure their violations.  That said, at least several of the challenged interrogatory responses suggest that defendants are <u>not</u> withholding any documents — with the possible exception of privileged documents, which, pursuant to Local Civil Rule 26.2(a)(2)(A), are required to be included in a privilege log.  <u>See</u>, <u>e.g.</u>, Ex. 5 to Pl. Mot. ("Responses to Document Requests"), DE #33-5 at ECF p. 23 (in responding to Request #54, defendants state that they "are not in possession, custody or control of any responsive, non-privileged documents"); <u>id</u>. at ECF p. 24 (same response to Document Request #56).  In responding to many of the other requests at issue, defendants likewise deny that they are in possession, custody or control of non-privileged documents, but acknowledge their continuing disclosure obligations and agree to (1) supplement their responses in the event they locate responsive documents and (2) "state whether any documents are being withheld on the basis of their objections."  <u>See</u>, <u>e.g.</u>, Responses to Document Requests, DE #33-5 at ECF p. 30 (Response to Request #71).  Any ambiguity in defendants' responses should have been the subject of a good-faith meet-and-confer discussion —a prerequisite to filing a motion to compel, but one that, regrettably, counsel of record appear incapable of conducting with one another.

Plaintiff also complains that defendants' discovery responses "failed to specify which documents are responsive to which requests."  Deficiency Letter at 5.  Plaintiff's assumption that they are entitled to this information is based on an overly simplified view of the FRCP: Rule 34(b)(2)(E)(i) provides that a "party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the

7

request[.]" Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added).  Where the producing party fails to organize the documents to correspond to the categories in the request, it "bears the burden of demonstrating that the documents made available were in fact produced consistent with" the alternate manner of production, i.e., as they were kept in the usual course of business.  Pass & Seymour, Inc. v. Hubbell Inc., 255 F.R.D. 331, 334 (N.D.N.Y. 2008); accord SEC v. Collins & Aikman Corp., 256 F.R.D. 403, 409-410 & n.32 (S.D.N.Y. 2009).  Here, defendants have not addressed their manner of production, let alone attempted to satisfy their burden.  Defendants are directed to

> designate the manner in which the documents have been produced, and to the extent [defendants] maintain[] that the documents were produced in the usual course defendant[s] 'must do more than merely represent to the court that the party complied with Rule 34(b)(2)(E)(i).'  Rather, [d]efendant[s] shall explain how [their] documents are organized in the ordinary course of business and what steps [they] took to search and produce the documents.  In the event the documents were not produced in the usual course, [d]efendant[s] shall identify the bates ranges of documents responsive to each request.

Kunzler v. Wilkie, 19-CV-7181 (JS) (ARL), 2021 WL 9244083, at *3 (E.D.N.Y. Nov. 5, 2021) (citation and internal quotation marks omitted).

The remaining document-production challenges identified by plaintiff in her motion to compel relate to Document Requests #17-21, #29, #30, #38-45.[3]  The Court rules as follows:

*Requests Regarding Car Sales by Other Salespersons*

Request #18 seeks documents pertaining to sales by other salespersons from May 20,

---

[3] The Deficiency Letter identified several other challenged responses, but the Court limits its discussion to those specified in plaintiff's letter-motion.  For example, plaintiff demanded documents (Document Requests #89-92) that she claimed were relevant to the assessment of punitive damages.  See Deficiency Letter at 5-6.  However, plaintiff's letter-motion does not raise that issue, and, in any event, the Court has deferred discovery on punitive damages.

8

2018 to January 14, 2019. Defendants' discovery response suggests that they produced such records for the period from December 1, 2018 to January 14, 2019. See Responses to Document Request, DE #33-5 at ECF p. 10 (Response to Request #18). Given the allegations in the Complaint, the appropriate time period is from August 25, 2018 to January 14, 2019. Defendants are directed to respond to Requests #17 (documents pertaining to plaintiff's car sales) and #21 (pay records for other salespersons) using the same time period.[4]

*Requests Regarding Other Complaints of Violations*

Requests #39 and #40 are overbroad in that they demand documents "regarding any discrimination claims" (Request #39) or complaints (Request #40). Response to Document Requests, DE #33-5 at ECF pp. 18-19. Defendants' objection is sustained in part; they are directed to produce only such records that pertain to gender/pregnancy discrimination, and are directed to respond to Requests #46 and #47 (pertaining to sex and/or pregnancy discrimination or retaliation).

Requests #40 and #42 seek documents related to wage-and-hour violations; as this case does not involve such claims, defendants' objections to those demands are sustained.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is granted in part, denied in part, and, as to discovery demands pertaining to punitive damages, denied without prejudice.

---

[4] Plaintiff's Deficiency Letter complains that defendants "failed to provide the paystubs, timesheets, and pay record[s] of all carsalesmen in response to Document Production Responses [sic] #19-21, 43-45." Deficiency Letter at 5. Only Request #21 falls in that category: Requests #19 and #20 relate to plaintiff's employment and compensation and #43 to #45 relate to personnel files of other employees. Defendants claim that they produced documents in response to Requests #19 and #20, see Response to Document Requests, DE #33-5 at ECF pp. 10-12, and plaintiff fails to identify any inadequacies in defendants' production; therefore, this aspect of plaintiff's motion is denied. As to the personnel files, plaintiff's mischaracterization of the nature of the demanded documents is a sufficient basis on which to reject her motion as to those records.

9

Defendants are directed to supplement their discovery responses as specified herein, to cure any violations under Rule 34(b)(2), and to serve their supplemental responses on plaintiff by January 12, 2023.  The Court extends the December 30th fact discovery deadline to January 27, 2023; requests for a premotion conference are now due by February 10, 2023.

      SO ORDERED.

Dated:      Brooklyn, New York
              December 22, 2022

              /s/ *Roanne L. Mann*
              **ROANNE L. MANN**
              **UNITED STATES MAGISTRATE JUDGE**