# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 9, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Lois Bloom, U.S.M.J.
225 Cadman Plaza East
Courtroom 11A South
Brooklyn, NY 11201-1804

      *Re:*    **Stidhum v. 161-10 Hillside Auto Ave, LLC,** *et al.*
             **Case No.: 1:21-cv-7163 (HG) (RLM)**
             <u>**MLLG File No.: 94-2019**</u>

Dear Judge Bloom:

      This office represents the Defendants in the above-referenced matter.

      Defendants write to respectfully renew their motion for an Order staying discovery pending the appeal in this case.  <u>See</u> ECF Docket Entry 39.  Defendants respectfully submit that Plaintiff was asked for her consent via email on January 5, 2023, but Plaintiff inexplicably failed to respond until Saturday, January 7, 2023, to state that Plaintiff does not consent to a stay, without explaining why.

      Should the motion for a stay of discovery pending the appeal be denied, Defendants regrettably need the Court's assistance in resolving yet another discovery dispute that the Plaintiff should have been able to work out with your undersigned.

      On December 26, 2022, Defendants noticed the deposition of Plaintiff to proceed on Tuesday, January 24, 2023, in-person, at your undersigned's office.  The following day, without addressing Defendants' notice of deposition, Plaintiff served five (5) notices of deposition to proceed on January 10, 16, and 19 in 2023.  On the same day, your undersigned acknowledged receipt, stated that he is checking availability of the clients, and asked to confirm whether Plaintiff is confirmed for Tuesday, January 24, 2023 as noticed.  Not having heard back, your undersigned followed up on December 28, 2022 and again on December 29, 2022.

      On December 29, 2022, Plaintiff responded by her counsel to state that she will get back to me early next week.  On the same day, your undersigned asked, specifically, when?  However, Plaintiff did not respond.  Your undersigned followed up again on December 30, 2022 and January 2, 2023.

      On January 3, 2023, Plaintiff responded that Tuesday, January 24, 2023 does not work and asked to conduct the deposition on January 17 or 23 instead.

Plaintiff then sent Zoom links for the Defendants' depositions despite the fact that Defendants had not yet confirmed any of the depositions.

On January 5, 2023, Defendants responded that Plaintiff's deposition could be moved to Monday, January 23, 2023, so long as the parties agree that Plaintiff and her counsel will appear in person at our office as set forth in the deposition notice.

Defendants then raised a slew of issues that the parties should address in advance of and regarding depositions: (i) Defendants' then-anticipated-but-now-pending letter motion for a stay of all discovery pending appeal; (ii) the defective nature of Plaintiff's deposition notices in that they fail to specify where any deposition is to take place; (iii) that the January 10, 2023 deposition may proceed; (iv) that your undersigned is unavailable to conduct depositions on January 16 or 19 due to a deposition and a mediation, respectively, in other matters; (v) that both corporate defendants will appear by a single designated representative, and that the topics outlined in the Plaintiff's Rule 30(b)(6) notice may require a motion for a protective Order; and (vi) that while the remaining individual defendants may be deposed, Defendant Ronald M. Baron intends to seek a protective Order from conducting his deposition based on a declaration provided to Plaintiff for consideration as to whether Plaintiff will consent to withdraw the notice of deposition against him.

Plaintiff responded to the foregoing on Saturday, January 7, 2023 only to state that: (i) Plaintiff will conduct a deposition on January 10, 2023 of an individual defendant; and (ii) she does not consent to a stay of discovery pending appeal. Plaintiff did not address any of the remaining issues.

On January 8, 2023, Defendants once again sought to confirm that Plaintiff's deposition will proceed in person at your undersigned's office on Monday, January 23, 2023, to which Plaintiff offered to discuss scheduling "tomorrow." Plaintiff stated further that she "noticed the depositions first," which is not true, and is otherwise irrelevant, because there is no priority in depositions in federal court.

As can be gleaned from the foregoing, Plaintiff is playing games and refusing to cooperate in good faith to schedule depositions. There are other discovery issues that need to be fleshed out. As a result, for the reasons set forth in Defendants' January 5, 2023 letter motion, this Court should enter an Order staying discovery pending appeal.

Alternatively, this Court should Order Plaintiff to appear for her deposition on Monday, January 23, 2023, in-person, at your undersigned's office as noticed.

Defendants thank this Court for its time and attention to this matter.

Dated: Lake Success, New York
      January 6, 2023                        Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

      */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

**VIA ECF**
Troy Law, PLLC
<u>Attn</u>: Tiffany Troy, Esq.
4125 Kissena Boulevard, Suite 103
Flushing, NY 11355-3101
tiffanytroy@troypllc.com

*Attorneys for Plaintiff*