UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LETICIA FRANCINE STIDHUM,

           Plaintiff,

     v.

161-10 HILLSIDE AUTO AVE, LLC,
HILLSIDE AUTO MALL, INC., ISHAQUE
THANWALLA, JORY BARON, RONALD M
BARON and ANDRIS GUZMAN,

           Defendants.

**MEMORANDUM & ORDER**
21-CV-07163 (HG) (RLM)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Leticia Francine Stidhum ("Plaintiff") brings this action against Defendants 161-10 Hillside Auto Ave, LLC (d/b/a Hillside Auto Outlet), Hillside Auto Mall Inc. (d/b/a Hillside Auto Mall), Ishaque Thanwalla, Jory Baron, Ronald M. Baron and Andris Guzman (collectively, "Defendants") for alleged violations of: (i) Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e *et seq*; (ii) New York State Human Rights Law, N.Y. Exec. § 290 *et seq*.; and (iii) New York City's Pregnant Workers Fairness Act of New York City Human Rights Law, NYC Admin. § 8-107(22) *et seq*. Presently before the Court is Defendants' motion to stay all discovery pending appeal of the Court's Order denying Defendants' motion to dismiss. ECF Nos. 40, 41. For the reasons set forth below, Defendants' motion to stay is denied.

## BACKGROUND

    The Court assumes familiarity with the facts and history of this litigation and only provides a summary of the pertinent procedural history. *See Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-cv-7163, 2022 WL 4273536 (E.D.N.Y. Sept. 15, 2022). On September 15,

2022, the Court denied Defendants' motion to dismiss Plaintiff's complaint ("Order"). ECF No. 24. On October 14, 2022, Defendants appealed the Court's Order to the Second Circuit. ECF No. 26. On January 5, 2022, Defendants filed a letter-motion to stay all discovery pending Defendants' appeal. ECF No. 39. The Court denied Defendants' application without addressing its merits for failure to indicate whether Plaintiff consented to the request. On January 6, 2023, and January 9, 2023, Defendants renewed their application. ECF Nos. 40, 41.

## LEGAL STANDARD

Courts in this Circuit consider four factors in deciding whether to order a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (citations and internal quotation marks omitted).

## DISCUSSION

The Court declines to stay discovery pending adjudication of Defendants' appeal.

### A. Defendants' Appeal Is Unlikely to Succeed on the Merits.

Defendants argue that their appeal is likely to succeed on the merits because the Court's decision "denying the motion to dismiss relied on inapposite cases." ECF No. 39 at 2. "The denial of a motion to dismiss is an interlocutory order; all interlocutory orders remain subject to modification or adjustment prior to the entry of a final judgment adjudicating the claims to which they pertain." *Farrish v. Town of East Hartford*, 2 F. App'x 110, 111 (2d Cir. 2001). The Second Circuit typically lacks jurisdiction to review interlocutory orders. *See* 28 U.S.C. § 1291 ("The court of appeals . . . shall have jurisdiction from all *final* decisions of the district courts of

the United States . . . .") (emphasis added); *Bernard v. County of Suffolk*, 356 F.3d 495, 501 (2d Cir. 2004) ("A denial of a motion to dismiss is not a final order and, thus, is not immediately appealable. . . .") (internal quotation marks omitted); *Hengjin Sun v. China 1221, Inc.*, No. 12-cv-7135, 2015 WL 5544257, at *3 (S.D.N.Y. Sept. 17, 2015) ("[F]ederal practice strongly disfavors discretionary interlocutory appeals, [as they] prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions.") (second alteration in original).

The exception to this rule, the "collateral order" doctrine, provides for immediate appeal where the district court's order "completely decides the disputed question, resolves an important issue separate from the merits of the suit, and is effectively unreviewable if appellate jurisdiction is deferred until final judgment." *Bernard*, 356 F.3d at 501. The conditions for an exception are absent here. The denial of Defendants' motion to dismiss did not conclusively determine Defendants' liability and is not an issue of first impression. "All interlocutory orders remain subject to modification or adjustment prior to the entry of a final judgment adjudicating the claims to which they pertain." *Farrish*, 2 F. App'x at 111 (citing Fed. R. Civ. P. 54(b)). Moreover, Defendants' opinion that the Court's decision was erroneous does not favor a grant of the stay. "Implicit in § 1291 is Congress' judgment that . . . the district judge can better exercise that responsibility if the appellate courts do not repeatedly intervene to second-guess prejudgment rulings . . . . [T]he possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985).

**B. Defendants Will Not Be Irreparably Harmed Absent a Stay and the Parties Have an Interest in Resolution of the Action.**

Defendants argue that they will be irreparably harmed because "they may not be able to recover costs from Plaintiff upon prevailing in the district court." ECF No. 39 at 3. Because the Court finds that Defendants are unlikely to succeed on the merits of their appeal, *see supra*, denial of the motion to stay will not irreparably harm Defendants. In fact, denial of the stay ensures that the case proceeds without delay, and all parties have an interest in resolution of this action. *See Monbo v. Nathan*, No. 18-cv-5930, 2021 WL 2530710, at *4 (E.D.N.Y. June 21, 2021) ("The delay in this action weighs against granting a stay because Defendants have an interest in the resolution of this proceeding.").

**C. The Public Has an Interest in Resolution of the Litigation.**

The Court finds that there is a public interest in the efficient resolution of the litigation which favors denying a stay. *Monbo*, 2021 WL 2530710, at *4.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to stay proceedings while their appeal is pending before the Second Circuit.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       January 19, 2023