# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

March 2, 2023

**Via ECF**
Hon. Lois Bloom, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Plaintiff's Letter Opposition to Defendants' Motion to Alter the Sequence
    *Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-cv-07163 (PKC) (RLM), (E.D.N.Y.)

Dear Judge Bloom:

  We are just in receipt of the Court's order granting Defendants' request to alter the sequence of Defendants' deposition schedule. Prior to receipt of this order, we have already written to the court reporter/ Defendants' counsel to cancel the deposition in light of Andris Guzman's no show, at 2:34 p.m. We note that we were not given the opportunity to respond to the application, which was filed this morning at 1:07 a.m.  The undersigned only returned to the office from a court-scheduled conference at Ulster County at 11:00 a.m. at 2:00 p.m., and as such was drafting a response to the application before it was granted.

  We write to oppose Defendants' uncorroborated application to "permit Defendant Jory Baron's deposition to proceed on Friday, March 3, 2023 instead of Defendant Andris Guzman." *See* Docket Entry No. 53. We note that this application was filed on March 2, 2023 at 1:07 a.m. in the morning, the day before the court-ordered scheduled depositions.

  As Your Honor has previously noted, "[t]his is a Court Order and defendants must comply" with the court-scheduled deposition. *See* Order dated February 8, 2023. We are amenable with re-scheduling Andris Guzman's deposition to another date that is mutually convenient <u>if extenuating circumstances has arisen</u>. However, the court ordered deposition dates, including Defendant Andris Guzman's deposition tomorrow on March 3, 2023, was set on February 8, 2023 following Defendants' counsel's failure to provide his availability/ his client's availability for four of the five dates proposed at court. The court-ordered deposition, in turn, was one of the several discovery disputes that has been addressed with three previous motions to compel, which resulted in an in-person court-ordered conference on February 1, 2023. According to Defendant Ishaque Thanwalla during his deposition on February 24, 2023, the last meeting he had with Defendant Andris Guzman was recently and with Defendants' counsel. Thus, from Plaintiff's perspective, there is simply no basis proffered by Defendants' counsel other than the fact of the conflict. No attorney-client privilege was asserted till Defendants' letter motion was filed with the court.

In response to our inquiry about the reason underlying the change, the only information provided to the undersigned is the following: "I don't have any information other than there is a conflict." Thus, we are not amenable to switching the witness out on that basis. Further, we are currently still working with Defendants' counsel on resolving the issue with respect to Defendant Ronald M. Baron, including potentially stipulating to remove him from the case. However, the agreement was for Andris Guzman's deposition to be a full day, and Jory Baron and Ronald Baron's deposition for half a day each.

The application was brought on the last minute and in bad faith. As such, we have informed Defendants' counsel that in light of Andris Guzman's intended no show, we have canceled the stenographer. They will need to bear the consequences of any canceled fees and any consequences from the busted deposition. We have further informed them that: "You should make the appropriate application for your client to be re-scheduled another day, and corroborate your account to the court. Simply saying "attorney client privilege" is not acceptable."

As to Defendants' other recitations of facts not related to his motion, we simply note that Defendants' counsel off the record thanked Ms. Stidhum for her cooperation and demeanor in the case, and that Defendants' other *ad hominem* comments (including calling the undersigned "stupid" on occasion) simply did not warrant the court's attention.

> Respectfully Submitted,
> /s/ Tiffany Troy
> Tiffany Troy
> *Attorney for Plaintiffs*

JT/mh
cc:. (via ECF)