# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

March 23, 2023

**Via ECF**
Hon. Lois Bloom, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   **Plaintiff's Fourth Motion to Compel and Request for Extension of Time to Complete Discovery**
> **1:21-cv-07183 (HG) (LB)** *Stidhum v. 161-10 Hillside Auto Ave., LLC, et al.*

Dear Judge Bloom:

This firm represents the Plaintiff, Leticia Francine Stidhum (hereafter referred to as "Plaintiff") in the above referenced matter. We write to the court respectfully to compel defendants to produce (1) weekly car commission sales logs that were in Defendants' possession pertaining to Plaintiff Stidhum and her comparator car salesmen between November 2019 and January 2020, and (2) text messages between parties pertaining to Ms. Stidhum or relating to any of the pregnancy discrimination search terms.

In accordance with Your Honor's individual rules, we have requested that he set forth his position with respect to our intended motion and the discovery extension necessitated by his failure to produce documents. We have not heard back from him so will note his non-consent. We apologize for the late filing—Plaintiff has been unsuccessful in attempting to schedule a meet and confer with Defendant's counsel since at least March 16, who is not available at any of the proposed times for the meet and confer and insisted that he is only available to meet and confer on Friday this week, the last day of discovery as current set forth by the Court.

> I.   ***Plaintiff Request this Court to Compel Defendants to Produce all Outstanding documents from both Document Production Request and any other Document Production Request***

Federal Rule of Civil Procedure 26(b)(1) provides for discovery—including depositions—of matters that are nonprivileged, and that are relevant and proportional to the needs of the case considering the importance of the issues, the amount in controversy, relative access to information, the parties' resources, the importance of the discovery to resolving the issues, and the relative burden of the expense involved versus the likely benefit. See Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 U.S. Dist. LEXIS 18460, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). (*United States v. Town of Oyster Bay & Town Supervisor John Venditto*, No. 14-CV-2317 (GRB)(SIL), 2022 U.S. Dist. LEXIS 2362 (E.D.N.Y. Jan. 3,

2022)). Plaintiff can successfully show that the documents that plaintiff are looking for from defendants fall well within the scope of discovery in the case.

Plaintiff served her document production request to defendants on February 26, 2023, and March 14, 2023. Plaintiff respectfully requests that the court compel defendants to produce all the documents pertaining to the document production request. *See* Exhibit 3 and 4. These includes document production that have not been produced that should have been from previous document production requests, including but not limited to the text messages in question which relate to the search terms relating to pregnancy discrimination as well as relating to Plaintiff herself. In fact, contrary to Defendants' counsel's representation to the Court.

Previously, Defendants have—pursuant to Court Order—supplemented their response to Plaintiff's Document Request No. 17 for "Any and all documents pertaining to Plaintiff's car sales from on ora bout May 2018 through January 14, 2019" with "Defendants identify documents Bates stamped D28-D67" and further to Document Request No. 21 for "Any and all documents [sic] concerning the compensation of comparator car salesmen employed by Defendants during the relevant time period, including, without limitation, the following: a. all payroll records; b. copies of Plaintiffs' paychecks; c. paycheck receipts; d. records of cash payments; e. records of tips, compensation therefore, and accounting therefore; f. records of commissions, compensation therefore, and accounting therefore; g. records of vacation; h. records of holiday, and/or sick pay; i. records of bonuses; and j. records of pay summaries" with "Response: Defendants identify documents Bates stamped D1251-D1904." *See* Exhibit 6.

However, the sworn testimony of ISHAQUE THANWALLA, ANDRIS GUZMAN, and corporate witness DEANNA JENNINGS (on behalf of both Corporate Defendants) underscores that in fact Defendants have intentionally failed to turn over the weekly commission sales sheets which accurately reflect the number of cars sold, the commissions earned for each individual. Thus far, the only documents produced grossly underestimates the cars sold and by all accounts, including Defendant ISHAQUE THANWALLA, is not an accurate reflection of the cars sold by the dealership or by Plaintiff. It was disclosed by JENNINGS that the files are kept from the time when Hillside Auto Outlet began business. Defendant's Response to Document production requests 17 and 21 are thus incorrect. Further, Plaintiff's Document Production 15-18 all touch upon information that would have been found on the commissions sheets that defendant withheld from plaintiff. *See* Exhibit 5.

Defendants' conduct during the deposition (each of the witnesses except Ishaque Thanwalla "forgot" to bring their phone to the deposition) suggests that additional text messages were not produced despite being highly relevant to the present lawsuit. Specifically, Jory Baron testified that he had two phones and that he left the "work phone" on which text messages with Leticia Stidhum were kept in his home on March 3, 2023, Andris Guzman testified that he forgot his iPhone on the way here, then Defendant's counsel directed him not to answer whether his attorney instructed him to leave his phone at home on March 9, 2023; and finally Deanna Jennings testified that she left her phone in the car because she forgot to plug it in and wanted to be on time. At least one witness, namely corporate witness Deanna Jennings, was instructed to not bring her phone after the lunch break, in response to an email request by Plaintiff's counsel to Defendants' counsel for Ms. Jennings to bring her phone back during the phone break.

Further, during each of the depositions on February 24, March 3, March 9, and March 10, Defendants produced text messages that were responsive to previous deposition requests "voluntarily." However, as set forth below, their voluntary production only included messages between Defendants <u>and</u> Plaintiff and a single group text message between plaintiff and her other coworkers.

In their supplemental document response—per court order—in response to Plaintiff's third motion to compel, Defendants disclosed that documents were withheld solely for request: "21, 34, 43, 44, 45 (as to Andris Guzman only), 58, 75, 79, 80, 85, 89, 90, 91, and 92. *See* Exhibit 6.

However, in fact messages between Plaintiff and Defendants that were voluntarily produced show that Defendants have to produce messages pertaining to complaints regarding wait time and car salesmen compensation despite stating that no documents were withheld on that basis.

Thus, Plaintiff has demonstrated that in fact additional text messages exist, that Defendants' conduct to "forget" their phones are designed to frustrate Plaintiff's efforts to discover evidence which can help prove her claim, and that Defendants have failed to comply with the Court order granting in part Plaintiff's third motion to compel. Further during each of the depositions of Ishaque Thanwalla, Andris Guzman, and Jory Baron, documents were produced for the first time "voluntarily" showcasing the text messages that are directly responsive to Plaintiffs' previous requests and to which Defendants claim they do not possess any responsive documents.

As the crux of her claim is based on circumstantial evidence of the decrease in her pay due to the increased wait time, Defendants' failure to comply with their discovery obligations in good faith is unreasonable.

Plaintiff has sought such evidence in the second and third document production requests, which specifies each of the two categories of requests that Defendants have failed to produce documents to, as well as documents relating to the wait time and the DealerTrack access.

For the reasons stated above, plaintiff respectfully request that this court compel defendants to produce all documents found in the document production request sent on February 26 and March 14, within fourteen days of the date this letter is so ordered.

## II. *<u>Plaintiff Request for an Extension of Time to Complete Discovery</u>*

Pursuant to Your Honors order dated February 1, 2023, Your Honor stated that all depositions shall be completed by March 24, 2023 and any premotion conference requests shall be made to Judge Gonzalez by April 10, 2023. *See* Order dated February 1, 2023. Plaintiff has completed all the defendant's depositions in the matter but in the course of the depositions, plaintiff sent out two additional Document Production Requests, on February 26, 2023 and another on March 14, 2023. *See* Exhibit 1 and 2. At the moment, defendants have until March 27, 2023, and April 13, 2023, to respond to plaintiffs document production request that plaintiff have sent to defendants.

As the times for defendants to respond to plaintiff's document demands is past the March 24, 2023 deadline, plaintiff respectfully request that the court grant an extension of time of thirty (30) days for the defendants to respond to plaintiffs document production requests. This would

mean that the time to complete discovery in the matter will be until April 23, 2023. Plaintiff had asked defendants originally when they sent their 3rd document production request if they consent to an extension of time to complete discovery and to that defendants just asked if we were available Friday to meet and confer. From the time that plaintiff sent their 3rd document production request up to the time that plaintiff is writing this letter, defendants never provided an answer to plaintiffs request but were so focused on meeting and conferring to decide if we should extend time for discovery. Even when plaintiff asked defendant on March 21, 2023, if they consent to an extension of time to discovery, defense counsel insisted to wait until the parties met on Friday, the date that discovery was supposed to end to decide if an extension was appropriate. Since defendants have failed to provide an answer within reasonable time after being asked on two separate occasions the court should find that such extension request will not prejudice them in any way.

For the reasons stated above, plaintiff respectfully request that the time to complete all discovery in the matter be extended from March 24, 2023, to April 23, 2023.

### III. *Conclusion*

For the reasons stated above plaintiff respectfully request this court to extend the discovery period in the matter from March 24, 2023, to April 23, 2023 to allow defendants to respond to plaintiffs demands and for plaintiff to review the documents prior to dispositive motion practice. Additionally, plaintiff respectfully request this court to compel defendants to provide all the documents outlined in the document production request sent to them on February 26 and March 14, 2023 respectively within fourteen (14) days of the date this letter is so-ordered.

We thank the court for its time and consideration in this matter.

Respectfully submitted,
TROY LAW, PLLC

*/s/ John Troy*
John Troy, Esq.
*Attorney for Plaintiffs*

*JT/gd*

cc: via ECF
    all counsel of record