UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LETICIA FRANCINE STIDHUM,

                    Plaintiff,

            -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                    Defendants.
-----------------------------------------------------------------X

**Case No.:** 1:21-cv-7163 (HG) (RLM)

**DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendants, by and through their attorneys, Milman Labuda Law Group PLLC, supplements their response to Plaintiff's First Request for the Production of Documents as follows:

## GENERAL OBJECTIONS

Defendants' responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Defendants' General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

1

4. The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5. Defendants object to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the demands are overboard to the extent that they cover time periods not relevant to the instant litigation.

6. Defendants object to Plaintiff's demands to the extent they are so overboard that they impose an undue burden.

7. Defendants object to Plaintiff's demands to the extent they are unreasonably vague and ambiguous.

8. Defendants object to Plaintiff's demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9. Defendants object to Plaintiff's demands to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Defendants' right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Defendants object to Plaintiff's demands to the extent they assume facts that have not been established. Defendants specifically reserve the right to object to the factual assumption made in these demands.

12. Defendants object to Plaintiff's demands to the extent it assumes facts not in evidence, including – but not limited to –Plaintiff's alleged employment relationship with Hillside Auto Mall Inc., which is expressly denied, as she never worked there.

13. Defendants object to Plaintiff's demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure and the local rules of the Eastern District and (ii) attempt to place obligations upon Defendant which are inconsistent with those rules. Defendant will respond to Plaintiff's demands in accordance with the applicable rules.

All of Defendants' answers are made subject to the above comments and qualifications.

## SPECIFIC DEMANDS AND RESPONSES

17. Any and all documents pertaining to Plaintiff's car sales from on or about May 20, 2018 through January 14, 2019.

**Response: Defendants identify documents Bates stamped D28-D67.**

21. Any and all documetns [*sic*] concerning the compensation of comparator car salesmen employed by Defendants during the relevant time period, including, without limitation, the following:

a. all payroll records;

b. copies of Plaintiff's' paychecks;

c. paycheck receipts;

d. records of cash payments;

e. records of tips, compensation therefore, and accounting therefore;

f. records of commissions, compensation therefore, and accounting therefore;

g. records of vacation;

3

  h. records of holiday, and/or sick pay;

  i. records of bonuses; and

  j. records of pay summaries.

**Response:   Defendants identify documents Bates stamped D1251-D1904.**

  39. All documents that refer or relate to audits, investigations, inquiring, or studies, by Defendants or any third party, including any consultant, business partner, independent auditor, organization, law firm, union, or governmental agency, during or before the relevant period, regarding any discrimination claims.

**Response:   Defendants are not in possession, custody, or control of any responsive documents.**

  40. All documents that refer or relate to complaints, grievances, and/or expressions of concern, whether formal or informal (and whether written or oral), by any of Defendants' employees, a union, or governmental body, whether the complaint was made to one of Defendants' employees, a union, pension plan, or governmental body, asserting that Defendants did not pay wages due, work performed, or inaccurately asserted work period.

**Response:   Defendants are not in possession, custody, or control of any responsive documents.**

  46. Internal and external complaints against the Defendants for sex and/or pregnancy discrimination of any kind, or retaliation.

**Response:   Defendants are not in possession, custody, or control of any responsive documents.**

  47. Documents reflecting the investigation and disposition of all such internal or external complaints.

**Response: Defendants are not in possession, custody, or control of any responsive documents.**

Defendants further supplement their responses to state that documents were previously withheld solely for Request Nos. 21, 34, 43, 44, 45 (as to Andris Guzman only), 58, 75, 79, 80, 85, 89, 90, 91, and 92.

Defendants further supplement their responses to state that documents were produced as they are kept in the usual course of business, i.e., in a file maintained by Defendant 161-10 Hillside Auto Ave, LLC d/b/a Hillside Auto Outlet with printouts from its customer relationship management system which are printed at the end of each month.

Dated: Lake Success, New York
February 10, 2023

**MILMAN LABUDA LAW GROUP PLLC**

  /s Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*