# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

April 11, 2023

**Via ECF**
Hon. Lois Bloom, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Plaintiff's Letter Opposition to Defendants' Motion for Extension and to Compel
*Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-cv-07163 (PKC) (RLM), (E.D.N.Y.)

Dear Judge Bloom:

We write in opposition to Defendants' letter motion further enlarging time to produce the documents and in opposition to Defendants' motion to compel. *See* Docket Entry No. 59 (Apr. 10, 2023).

## I.   Defendants' Motion for Extension of Time Should Be Denied

Rather than expending time in responding to the court ordered production by April 10, 2023, Defendants' counsel instead chooses to inform Plaintiff's counsel that he needs more time due to the "holidays." This is very different from the reason he set forth to the court, which is that "Defendants need additional time to compile the documents" and because Defendants "misread this Court's Order requiring production all documents by April 23, 2023." *See* Docket Entry No. 59 (April 10, 2023). We have made clear that we are in no position to "extend' his time for a court order and that any requests for extension should be made to the court. We are amenable to a brief extension of time due to the religious holidays, if the court approves. But now it is clear that Defendants' counsel has not been forthright with us. If he simply needs more time to compile the documents, he was placed on notice of the Order granting in part Plaintiff's motion to compel as of April 3, so we oppose that request on that ground. To be clear, Defendants should have produced the documents in response to the previous three motions to compel. This is a calculated dilatory tactic on Defendants' part to not provide documents that Plaintiff is clearly entitled to.

## II.   Defendants' Request for "Free" Copies of the Transcript is Meritless

To be clear, at no point did Defendants during <u>any of</u> Plaintiffs' deposition of Defendants request for a copy of the transcript under Fed. R. Civ. P. 30(e). According to the rules as revised, "pre-filing review by the deponent is required only if requested before the deposition is completed. If review is requested, the deponent will be allowed 30 days to review the transcript or recording

and to indicate any changes in form or substance. Signature of the deponent will be required only if review is requested and changes are made." Only one 30(e) request was made by <u>Plaintiffs' counsel</u> during Defendants' deposition of Plaintiff. The stipulation as read by Mr. Kataev does not carry over from deposition to deposition in a case. Further, "usual stipulations" mean that "reserving, not waiving, your objections until the time of trial, except objections as to form," not that a 30(e) request is incorporated into the language of the stipulation. And even if a 30(e) request was made, which it was not, parties are not obligated to provide a "free" copy to Defendants. Defendants have previously requested and received the contact information of the court reporting company, Sandy Saunders. While it is true that Plaintiff has sought to have the parties share in half the costs of the transcripts, Defendants refused to share a single dime. To the contrary, Plaintiff has made the Fed. R. Civ. P. 30(e) request for her transcript, Defendants have failed to allow Plaintiff the 30 day period to review the transcript and to indicate any changes are to be made in form and substance.

### III. **Defendants' Motion to Comply is Specifically Barred by Court Order**

Turning to Defendants' "Motion to Compel," at no point did Defendants meet and confer with Plaintiff prior to making this application. Thus, it must fail under Your Honor's Individual Rules at 5.A. and Local Civil Rule 26.5, which requires the parties in good faith to resolve the dispute. In any event, Mr. Kataev did not even mention that he will be compelling Plaintiff for any post-deposition discovery at any time prior to his filing. Indeed, Defendants' counsel admitted that "Defendants did not follow up with Plaintiff about the foregoing requests because this Court had made it clear at the February 1, 2023 in-person status conference that there will be no post-deposition discovery requests." *See* Docket Entry No. 59 at *2.

Turning to the merits of the underlying motion, Defendants are seeking post-deposition discovery expressly prohibited by the Court on the February 1, 2023 Discovery Conference, during which court-ordered deposition dates were set. This is contrary to Plaintiffs' motion to compel, which is tailored to court-ordered production for car sales records and text messages relating either to Plaintiff or to pregnancy discrimination, which as the deposition testimony and the conduct by the Defendants' witnesses made clear, were not produced during the course of discovery.

We thank the Court for its prompt and kind attention to this matter.

Respectfully Submitted,
/s/ Tiffany Troy
Tiffany Troy
*Attorney for Plaintiffs*

JT/mh
cc:. (via ECF)