# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 17, 2023

<u>**VIA ECF**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Lois Bloom, U.S.M.J.
225 Cadman Plaza East
Courtroom 11A South
Brooklyn, NY 11201-1804

   *Re:* **Stidhum v. 161-10 Hillside Auto Ave, LLC,** *et al.*
      **Case No.: 1:21-cv-7163 (HG) (RLM)**
      <u>**MLLG File No.: 94-2019**</u>

Dear Judge Bloom:

  This firm represents the Defendants, 161-10 Hillside Auto Ave., LLC d/b/a Hillside Auto Outlet (hereinafter "Hillside Auto Outlet"), Hillside Automall Inc d/b/a Hillside Auto Mall (hereinafter "Hillside Auto Mall") (Hillside Auto Outlet and Hillside Automall collectively hereinafter the "Corporate Defendants"), Ishaque Thanwalla (hereinafter "Thanwalla"), Jory Baron (hereinafter "Jory"), Ronald M. Baron (hereinafter "Baron"), and Andris Guzman (hereinafter "Guzman") (Thanwalla, Jory, Baron, and Guzman hereinafter "Individual Defendants") (the Corporate Defendants and Individual Defendants collectively hereinafter the "Defendants") in the above-referenced case.

  Defendants write to oppose Plaintiff's application for sanctions as unwarranted, misguided, hyper-technical, and vexatious.

  **Defendants produced at 12:42 PM today 264 pages of documents Bates stamped D1966-D2229.** Defendants had to manually redact the names of the employees and this process took longer than anticipated given the number of pages. There is therefore good cause and excusable neglect for the mere forty-two (42) minute delay, for which your undersigned provided Plaintiff notice of twice: (i) once at 11:59 AM regarding Bates stamping; and (ii) a second time at 12:31 PM regarding double checking the redactions. <u>See</u> Fed. R. Civ. P. 6(b)(1)(B). Instead, at 12:37 PM, following both of these e-mails, Plaintiff wrote to this Court to seek sanctions in a heavy-handed manner without any authority in support of their request or in any way establishing how they are prejudiced by a mere forty-two (42) minute delay.

  This Court's imposition of sanctions would, under these circumstances, only fan the flames of what this Court has repeatedly characterized as two firms that do not get along with each other to engage in needless and wasteful motion practice. Indeed, granting Plaintiff's unsupported application for sanctions would only encourage Plaintiff to continue to engage in their recalcitrant conduct.

Moreover, Defendants deny any wrong-doing concerning cellular phones. Even were it true, which it is not, **a deposition is not show-and-tell.** Plaintiff has no right to direct a witness to pull out their cellular phone, stand on their hand, sing a song, or engage in any other actions; a deposition is where "[a] party may, by oral questions, depose any person …" See Fed. R. Civ. P. 30(a)(1). Moreover, while the Federal Rules of Civil Procedure that the "notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition," **Plaintiff never provided any such notice.** See Fed. R. Civ. P. 30(b)(2). Had Plaintiff done so, Defendants would have immediately moved for a protective Order because a party is not entitled to review the contents of anyone's cellular phone without appropriate limitations in the middle of a deposition.

For the foregoing reasons, Plaintiff's misguided and vexatious motion for sanctions must be denied, and instead, to grant an extension of time of forty-two (42), *nunc pro tunc*, for Defendants to produce the documents that they have already produced.

Prior to submitting the instant letter response in opposition, Defendants requested that Plaintiff withdraw their motion for sanctions. As of the filing of this letter, Plaintiff has not responded to Defendants' request. Defendants thank this Court for its time and attention to this matter, and again regret that Plaintiff made this unnecessary application.

Dated: Lake Success, New York
April 17, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**VIA ECF**
Troy Law, PLLC
Attn: John Troy, Tiffany Troy, and Aaron Schwietzer, Esqs.
4125 Kissena Boulevard, Suite 103
Flushing, NY 11355-3101
johntroy@troypllc.com
tiffanytroy@troypllc.com
troylaw@troypllc.com

*Attorneys for Plaintiff*