# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 26, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Lois Bloom, U.S.M.J.
225 Cadman Plaza East
Courtroom 11A South
Brooklyn, NY 11201-1804

      *Re:*    **Stidhum v. 161-10 Hillside Auto Ave, LLC,** *et al.*
              **Case No.: 1:21-cv-7163 (HG) (RLM)**
              <u>**MLLG File No.: 94-2019**</u>

Dear Judge Bloom:

      This firm represents the Defendants, 161-10 Hillside Auto Ave., LLC d/b/a Hillside Auto Outlet (hereinafter "Hillside Auto Outlet"), Hillside Automall Inc d/b/a Hillside Auto Mall (hereinafter "Hillside Auto Mall") (Hillside Auto Outlet and Hillside Automall collectively hereinafter the "Corporate Defendants"), Ishaque Thanwalla (hereinafter "Thanwalla"), Jory Baron (hereinafter "Jory"), Ronald M. Baron (hereinafter "Baron"), and Andris Guzman (hereinafter "Guzman") (Thanwalla, Jory, Baron, and Guzman hereinafter "Individual Defendants") (the Corporate Defendants and Individual Defendants collectively hereinafter the "Defendants") in the above-referenced case.

      Defendants write to oppose Plaintiff's second application for sanctions on the grounds that: (i) Defendants already produced all text messages and are not in possession, custody, or control of any responsive documents, including emails; (ii) Plaintiff failed to meet and confer with Defendants as required by the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter referred to as "Local Rules" or "LCR"); and (iii) Plaintiff is engaging in vexatious conduct in retaliation for a prior case in which Defendants' counsel obtained an award of sanctions[1] against Plaintiff's counsel for engaging in conduct similar to that undertaken here, such that a finding of bad faith conduct is warranted pursuant to 28 U.S.C. § 1927.

      As further set forth below, Plaintiff's motion must be denied.

---

[1] In <u>Jianjun Chen v. 2425 Broadway Chao Rest., LLC</u>, No. 1:16-CV-5735 (GHW), 2019 WL 2250336, Judge Woods Ordered Plaintiff's counsel to pay 50% of the reasonable fees and costs associated with their motion for summary judgment and 100% of their reasonable fees and costs associated with their subsequent motion for sanctions pursuant to Rule 26(g) (approximately $50,000.00) because Plaintiff's counsel still pursued a case on untenable theory).

**Relevant Procedural History**

"The federal rules envision that discovery will be conducted by skilled [persons] of the bar, without wrangling and without the intervention of the court. The vision is an unreal dream." See Harlem River Consumers Co-op., Inc., v. Associated Grocers of Harlem, Inc., 54 F.R.D. 551, 553 (S.D.N.Y. 1972).

On September 1, 2022, Plaintiff served discovery demands. The only demands that relate to communications sought those between: (i) Defendants and Plaintiff's comparator car salespersons; (ii) Defendants and agents of the United States Equal Employment Opportunity Commission ("EEOC"); (iii) any current or former employees, officers, representatives, attorneys, or agents of Defendants or any third party concerning the EEOC charge. See ECF Docket Entry 33-5 at 17 (Request 34), 25 (Request 58), 26 (Request 60), and 29 (Request 69). Defendants objected to each of these requests, except Requests 60 and 69 (for which Defendants stated they were not in possession, custody, or control of any responsive documents). Id.

That motion was decided by the Hon. Roanne L. Mann, U.S.M.J. ("Judge Mann") on December 22, 2022. See ECF Docket Entry 37. There, Defendants were directed to supplement their responses to, *inter alia*,[2] Request Nos. 17, 21, 39, 40, 46, and 47. Id. at 9. Thus, *none* of the requests relating to "communications" were compelled to be produced by the Court. More importantly, *Plaintiff never previously sought any text messages or e-mails between herself and the Defendants*.

On February 1, 2023, this Court held a conference to schedule depositions and address discovery disputes. During that conference, this Court stated that there will be no post-deposition discovery requests. See February 1, 2023 Transcript at 41:3-20.[3] The only carveout, as quoted below, was for any documents relied on during the depositions.[4]

The parties conducted depositions on: (i) February 17, 2023 for the Plaintiff; (ii) February 24, 2023 for Defendant Ishaque Thanwalla ("Thanwalla"); (iii) March 3, 2023 for Defendant Jory Baron ("Jory"); (iv) March 9, 2023 for Defendant Andris Guzman ("Guzman"); and (v) March 10, 2023 for the Rule 30(b)(6) witness of both corporate Defendants.

---

[2] Defendants were also directed to supplement their responses to certain interrogatories, which are not relevant here.

[3] **THE COURT:** Was there anything else today, Ms. Troy, before we adjourn? **MS. TROY:** Yes, Your Honor. So if during the deposition we request for documents, that's not allowed, right? **THE COURT:** No. **MS. TROY:** Right. **THE COURT:** *The only thing is if they refer that there was a document during their deposition that they were relying on, but it hasn't been produced, then you could ask them to produce something that they say they were relying on in their testimony. But no, there are no follow-up requests after the depositions.* I'm closing out discovery. See ECF Docket Entry 57 (emphasis added).

[4] In its April 12, 2023 Order, another carveout provided by the Court was for any responses not produced in the course of discovery, such as responses to previously served demands.

Plaintiff produced <u>zero</u> text messages prior to her deposition.

On February 24, 2023, Defendants <u>voluntarily</u> produced one page of ten text messages between Thanwalla and Plaintiff, four pages of a complete text message exchange between Thanwalla and Plaintiff on the WhatsApp platform, one page of excerpted text messages between Thanwalla and a non-party named Ali, and an eleven page set of complete text messages to supplement the initial page produced. In total, Defendants <u>voluntarily</u> produced 17 pages of texts. Defendants did not Bates stamp those documents, but intend to do so and reproduce them in Bates stamped form. There are no other responsive text messages from Thanwalla.

On March 3, 2023, in advance of the deposition of Jory, Defendants <u>voluntarily</u> produced three (3) pages of a complete set of text messages between the Plaintiff and Jory Bates stamped D1905-D1907. There are no other responsive text messages from Jory.

On March 9, 2023, in advance of or during the deposition of Guzman, Defendants <u>voluntarily</u> produced fifty-four (54) pages of text messages, consisting of a complete set of text messages between the Plaintiff and Guzman totaling thirteen (13) pages, as well as a complete set of a group text between Guzman, Plaintiff, and others at Hillside Auto Outlet totaling forty-one (41) pages, Bates stamped D1908-D1960. There are no other responsive text messages from Guzman.

On March 10, 2023, Deana Jennings appeared as the corporate representative of Defendants 161-10 Hillside Auto Ave LLC d/b/a Hillside Auto Outlet and Hillside Auto Mall Inc d/b/a Hillside Auto Mall. She is not in possession, custody, or control of any responsive text messages.

On March 23, 2023, Plaintiff moved to compel Defendants to produce "weekly car commission sales logs" and "text messages." Your undersigned was unavailable to meet and confer with Plaintiff because he was engaged in preparation for a hearing before the Hon. Pamela K. Chen, U.S.D.J. ("Judge Chen") on Monday, March 27, 2023, during which time all of your undersigned's attention was devoted to that matter.

In support of her request concerning the "weekly car commission sales logs," Plaintiff cites that she previously requested these documents and referred to documents Bates stamped D28-D67. Those consist of monthly reports of cars sold, which were produced for every month between May 2018 through December 2018 in Defendants' initial production of documents totaling 1,904 pages. Defendants supplemented these documents as to January 2019 on April 17, 2023. Plaintiff never requested or sought "weekly car commission sales logs" until after the depositions, which requests were improper, because they did not fall within this Court's carveout of a "document during [a] deposition that [a witness was] relying on, but … hasn't been produced," [such that Plaintiff] could ask [Defendants] to produce something that they say they were relying on in their testimony." <u>See</u> ECF Docket Entry 57 at 41:3-20.

In support of her request for text messages, Plaintiff seeks documents that Judge Mann previously <u>denied</u>.

3

Indeed, Plaintiff filed a blunderbuss omnibus motion to compel discovery, which Judge Mann denied in its entirety except for Request Nos. 17, 21, 39, 40, 46, and 47, none of which have anything to do with text messages. Request Nos. 34 and 58, which do deal with messages between Defendants and anyone else concerning Plaintiff, were denied. In any event, Defendants are not in possession, custody, or control of any other such messages. Indeed, as set forth above, Defendants already voluntarily produced text messages between Thanwalla and one "Ali," a non-party who poached the Plaintiff to leave to another dealership, which precipitated her decision to quit her employment at Hillside Auto Outlet.

Defendants thus respectfully submit that Plaintiff has hood-winked this Court into believing that they have failed to comply with their discovery obligations. The truth is, as is evident from the foregoing, that they have not. Moreover, Plaintiff seeks discovery of items that this Court has expressly foreclosed at the February 1, 2023 conference. None of the items Plaintiff seeks falls within the carveout permitted by the Court, as no weekly car commission sales logs or text messages between Defendants and anyone else concerning Plaintiff were relied on for anything, except for the exchange between Thanwalla and Ali, which Defendants have voluntarily produced.

Defendants' position is supported by this Court's April 3, 2023 Order, which was entered without opposition by Defendants merely four (4) days after your undersigned's March 27, 2023 hearing before Judge Chen. See Text Only Order dated April 3, 2023.

The Order required Defendants to produce the same car sales logs they previously produced, *not* weekly car commission sales logs, for the entire period of May 2018 through January 14, 2019. Id. As set forth above, Defendants previously produced all such logs for May 2018 through December 2018 and supplemented their production by producing such a log for the period of January 1, 2019 through January 14, 2019 on April 17, 2023. Those documents are Bates stamped D1966-D1968.

The Order further required Defendants to produced "text messages *between parties* that pertain to Plaintiff or to pregnancy discrimination." As set forth thoroughly *supra,* Defendants voluntarily produced these text messages prior to the time Plaintiff's March 23, 2023 letter motion to compel on February 24, 2023, March 3, 2023, and March 9, 2023 so that Plaintiff could adequately examine the witnesses concerning these text messages.

As a result, Defendants have complied with their discovery obligations concerning the April 3, 2023 Order, and Plaintiff is simply engaged in unwarranted vexatious litigation fueled by their hatred of Defendants' counsel and a desire to retaliate against them because they were previously sanctioned in the amount of $50,000.00 for engaging in similar behavior in another case. The Plaintiff must be stopped. Defendants have complied with their discovery obligations. Discovery must be declared over.

**Plaintiff Failed to Comply with Local Civil Rule ("LCR") 37.3**

Plaintiff's motion for sanctions must also be denied for failure to meet-and-confer.

4

Prior to seeking judicial resolution of a discovery pretrial dispute, the attorneys for the affected parties shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Rule 37(a)(1) of the Rules.  See LCR 37.3(a).  Rule 37 provides that a motion for an Order compelling disclosure or discovery must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.  Indeed, this Court previously denied Defendants' letter motion to compel, in part, for failing to meet-and-confer with Plaintiff. See Text Only Order dated April 12, 2023 ("Defendants' request to compel additional discovery is denied for defendants' failure to meet and confer with plaintiff …").

Plaintiff has now fired off two motions for sanctions against your undersigned, see ECF Docket Entries 61 and 66, without once attempting to meet and confer with Defendants.  In fact, Plaintiff lobbed the first motion at 12:37 PM on Monday, April 17, 2023 despite acknowledging receipt of an e-mail from your undersigned at 11:59 AM and notwithstanding a subsequent e-mail, which is not acknowledged, at approximately 12:30 PM.  Defendants produced the documents required by this Court's April 3, 2023 Order at 12:42 PM, just five (5) minutes later.  Surely, it is obvious that Plaintiff has chosen to act in bad faith and vexatiously.   The same applies to the most recent motion, once again filed with zero attempts to meet-and-confer.

"[A] federal court . . . may exercise its inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons." See Ransmeier v. Mariani, 718 F.3d 64, 68 (2d Cir. 2013) "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" See Chambers v. NASCO, Inc., 501 U.S. 43-44 (1991); accord, e.g., Ransmeier, 718 F.3d at 68 (the Court's "authority to impose sanctions is grounded, first and foremost, in [its] inherent power to control the proceedings that take place before [it]"). Here, it is evident on its face that Plaintiff is engaging in bad faith conduct that warrants sanctions under 28 U.S.C. § 1927.  Accordingly, Plaintiff's successive sanctions motions must be denied, discovery must be declared over, and Defendants' motion for relief due to Plaintiff's vexatious conduct must be granted.  Defendants thank this Court for its time and attention to this matter, and once more regret that Plaintiff made this unnecessary application.

Dated: Lake Success, New York
      April 26, 2023                       Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

5

**VIA ECF**
Troy Law, PLLC
<u>Attn</u>: John Troy, Tiffany Troy, and Aaron Schwietzer, Esqs.
4125 Kissena Boulevard, Suite 103
Flushing, NY 11355-3101
johntroy@troypllc.com
tiffanytroy@troypllc.com
troylaw@troypllc.com

*Attorneys for Plaintiff*