UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

LETICIA FRANCINE STIDHUM,

                            Plaintiff,

-against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                            Defendants.
----------------------------------------------------------------X

Case No.: 1:21-cv-7163 (HG) (LB)

**SUPPLEMENTAL DECLARATION OF DEANA JENNINGS**

Deana Jennings declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am the designated corporate representative of Defendants 161-10 Hillside Auto Ave, LLC d/b/a Hillside Auto Outlet (hereinafter "Hillside Auto Outlet") and Hillside Auto Mall Inc. d/b/a Hillside Auto Mall ("Hillside Auto Mall") (Hillside Auto Outlet and Hillside Auto Mall collectively hereinafter the "Corporate Defendants") in the above-referenced case, and have served as a part-time controller for Hillside Auto Outlet during the time Plaintiff worked there and have also served as a controller for Hillside Auto Mall, where I remain employed today.

2. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the documents I maintain at Hillside Auto Mall as well as at Hillside Auto Outlet during my tenure there.

3. I submit this declaration to supplement my prior declaration dated May 17, 2023.

4. As I have previously declared, I have conducted a search of my telephone for all text messages related to the Plaintiff.

5. My search consisted of the following key words using my phone's search function: (i) pregn*; (ii) sonog*; (iii) expect*; (iv) carry*; (v) "eating for two;" (vi) pea; (vii) bun; (viii) Family; (ix) Leticia; (x) Stidhum; (xi) wom*n; (xii) wife; (xiii) female.

6. None of these key words returned any text messages related to the Plaintiff.

7. Thus, I am not in possession, custody, or control of any responsive text messages.

8. I also searched my emails and am not in possession, custody, or control of any responsive emails other than those with my counsel.

9. My search consisted of the following key words using my email's search function: (i) pregn*; (ii) sonog*; (iii) expect*; (iv) carry*; (v) "eating for two;" (vi) pea; (vii) bun; (viii) Family; (ix) Leticia; (x) Stidhum; (xi) wom*n; (xii) wife; (xiii) female.

10. None of these key words returned any emails related to the Plaintiff.

11. Thus, I am not in possession, custody, or control of any responsive emails.

12. As I previously declared, I do not recall exchanging any emails with the Plaintiff.

13. Similarly, I conducted a search for the weekly sales logs of Hillside Auto Outlet and am unable to find them.

14. As I recall, we moved those and other records to an outside storage facility due to construction at Hillside Auto Mall.

15. I searched that outside storage facility for these records on May 9, 2023 after I could not find them at the dealerships.

16. I was unable to find the records at either dealership nor at the outside storage facility.

17. I am uncertain as to where they may be stored and have no knowledge nor recollection as to where they are kept.

18. I do not believe that the sales logs are lost or destroyed; I believe they have been misplaced following the construction project at Hillside Auto Mall.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 31, 2023.

Deana Jennings

3