# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 20, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Lois Bloom, U.S.M.J.
225 Cadman Plaza East
Courtroom 11A South
Brooklyn, NY 11201-1804

> *Re:* **Stidhum v. 161-10 Hillside Auto Ave, LLC,** *et al.*
> **Case No.: 1:21-cv-7163 (HG) (RLM)**
> **MLLG File No.: 94-2019**

Dear Judge Bloom:

This office represents the Defendants in the above-referenced case. This letter shall serve as Defendants' letter response in opposition to Plaintiff's motion for sanctions for alleged spoliation. Plaintiff's motion should be denied because: (i) Defendants have not destroyed any evidence; (ii) the records sought were misplaced before this litigation was reasonably foreseeable; (iii) Defendants have done diligent searches that do not give rise to the relief sought by Plaintiff; and (v) the evidence Plaintiff seeks is irrelevant and cumulative of evidence already produced.

**<u>Facts</u>**

Following depositions in February and March 2023, and despite the fact this Court stated at a February 1, 2023 conference that no post-deposition discovery is permitted, Plaintiff served her second and third requests for the production of documents on February 26, 2023 and March 14, 2023, respectively. <u>See</u> ECF Docket Entries <u>57</u> at 41:5-16, <u>58-3</u>, and <u>58-4</u>. Defendants objected on the grounds that this Court expressly forbid post-deposition discovery. <u>See</u> ECF Docket Entry <u>67</u> at 2.

Notwithstanding, on April 3, 2023, this Court entered an Order: (i) requiring production of car sales logs[1] for the relevant time period; and (ii) compelling the production text messages[2] between parties that pertain to plaintiff or to pregnancy discrimination, i.e., any text messages responsive to plaintiff's second set of document requests, request nos. 3-6 [ECF No. <u>58-3</u> at 11], and third set of document requests, request nos. 3-6, 8 [ECF No. <u>58-4</u> at 11].

---

[1] The Order did not specify whether monthly or weekly, and Defendants produced the remaining monthly sales logs. <u>See</u> ECF Docket Entry <u>67</u> at 3.

[2] As set forth in Defendants' April 26, 2023 letter, Defendants produced all text messages on the day of each witnesses deposition.

Although the text messages were produced, as well as the complete set of monthly sales logs in compliance with the April 3, 2023 Order, Plaintiff filed successive letter motions for sanctions.  See ECF Docket Entries 61 and 66.  This prompted the Court to schedule a conference on May 4, 2023.  See Text Only Orders dated April 18, 2023, April 21, 2023, and April 27, 2023.  At the May 4, 2023 conference, this Court denied Plaintiff's motions for sanctions and required Defendants to search for and produce weekly sales logs and/or any other text messages and emails or provide a declaration as to the searches conducted by noon on May 17, 2023.  See Text Only Orders dated May 4, 2023.  Defendants searched for the requested documents but could not find any such documents.  Defendants timely complied with this Order by providing the declarations of Defendants Ishaque Thanwalla ("Thanwalla"), Jory Baron ("Baron"), Andris Guzman ("Guzman"), and Deana Jennings ("Jennings") (the designated corporate representative of the corporate Defendants) explaining the scope of the search and that no responsive documents were found.  See ECF Docket Entries 73-1, 73-2, 73-3, and 73-4.  The declarations provide that each Defendant: (i) searched his or her cellular phone for responsive text messages and did not find any other responsive text messages; (ii) searched his or her email inbox for responsive text messages and did not find any responsive emails; and (iii) with respect to the declarations of Thanwalla and Jennings,[3] they both searched for weekly sales logs in multiple locations but were unable to find them.

Upon being provided with these declarations, Plaintiff complained that Jennings' declaration is insufficient and wanted to inquire about the circumstances of how the weekly sales logs were lost or destroyed, and separately raised an issue about the failure to reference the search terms set forth in her second and third requests for the production of documents.  In response, on June 2, 2023, Jennings submitted a supplemental declaration.  See ECF Docket Entry 73-5.  There, she explained that she used the search terms on her cellular phone and her email inbox and found no responsive text messages or emails.  Id. at ¶¶ 4-12.  She also described in detail how she conducted a search for the weekly sales logs and was unable to find them, even after conducted another supplemental search on May 9, 2023 at both an outside storage facility and at the dealership.  Id. at ¶¶ 13-18.

Upon being provided with this declaration, Plaintiff raised additional concerns that: (i) the remaining Defendants failed to provide a declaration as to whether they used the key words for their searches; (ii) Defendants did not specify whether they searched for text messages or emails related to the Plaintiff *or pregnancy discrimination* despite the fact Plaintiff provided key words for Defendants to use; and (iii) there was insufficient details concerning the efforts to search for the weekly sales logs.  Defendants offered to once more conduct a search as to both the electronic communications and weekly sales logs and provide more detailed declarations.

On June 19, 2023, Defendants submitted the supplemental declarations of Thanwalla, Baron, Guzman, and Jennings (second supplemental) outlining their search efforts.  See supplemental declarations of the Defendants, *sans* exhibits, annexed hereto as **Exhibits "A," "B," "C," and "D."**  As set forth in the supplemental declarations, despite a diligent search, the weekly sales logs could not be found except for one such log, which was produced.

---

[3] Defendants Baron (a partner who is not involved with employees) and Guzman (a former employee) were not responsible for maintaining such records and did not search for them.

2

In order to confirm full compliance with the Court's Order and Plaintiff's discovery requests, as set forth in the supplemental declarations, on Friday, June 9, 2023, your undersigned met with Defendants Thanwalla and Baron to personally oversee another search of their cellular phones for responsive text messages and email inboxes for responsive emails. That same Friday, your undersigned separately met with Jennings to personally oversee her additional search of her cellular phone for responsive text messages and email inboxes for responsive emails. Finally, on the evening of Monday, June 12, 2023, your undersigned met with Defendant Andris Guzman to personally oversee his additional search of his cellular phone for responsive text messages and email inboxes for responsive emails.

As outlined further below, Defendants believe the 2018 weekly sales logs were misplaced years ago when Jennings ceased serving as a part-time controller at 161-10 Hillside Auto Ave LLC ("Hillside Auto Outlet") and returned to work full-time at Hillside Auto Mall Inc. ("Hillside Auto Mall").[4] Thanwalla sent these logs from Hillside Auto Outlet Jennings, but Jennings never received them at her office at Hillside Auto Mall. Defendants engaged in a thorough and diligent effort to search, locate, and provide Plaintiff with these weekly sales logs but were only able to locate one weekly sales log pertaining to Plaintiff and produced it to her counsel on June 19, 2023.

**Legal Standard**

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." See West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). Rule 37 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") allows a district court to impose sanctions when a party spoliates evidence in violation of a court order, but even without a discovery order, a district court may impose sanctions for spoliation under its inherent power to manage the litigation. See id. (collecting cases); see also Fed. R. Civ. P. 37(b)(2).

To succeed on a spoliation motion, the movant must show "(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." See Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002)). Relevance in this context "means something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence." Id. at 108–09. In particular, it requires the moving party to "adduce sufficient evidence from which a reasonable trier of fact could infer that 'the [unavailable] evidence would have been of the nature alleged by the party affected by its destruction.'" Id. at 109 (quoting Kronisch v. United States, 150 F.3d 112, 127 (2d Cir. 1998)).

Severe sanctions, such as an adverse inference (which is what Plaintiff seeks here) are only available under Rule 37(e)(2), and must be grounded on a finding that the non-moving party "acted with the intent to deprive another party of the information's use in the litigation." See Rule 37(e)(2) (emphasis added).

---

[4] These two dealerships are about four (4) blocks away from each other, and – apart from having two common owners – are distinct dealerships that operate separately.

If the evidence does not support a finding that a party acted with the requisite intent to deprive, then the Court is limited to awarding less severe sanctions under Rule 37(e)(1), that are "no greater than necessary to cure the prejudice" caused by the spoliation.  Id.

## No Spoliation Occurred Because the Records Were Misplaced Before This Suit Began[5]

Plaintiff's spoliation motion fails because she failed to prove that Defendant had control over the evidence after the lawsuit was filed and failed to timely produce the evidence with a culpable state of mind.  See Residential Funding Corp., 306 F.3d at 107.  As set forth in the declarations of Thanwalla, he believed that Jennings kept the records when she ceased working part-time at Hillside Auto Outlet at Hillside Auto Mall.  See ECF Docket Entry 73-4 at ¶¶ 7-10; see also Exhibit A.  Jennings searched for the records at Hillside Auto Mall and an outside storage facility on May 9, 2023 but was unable to find them.  See ECF Docket Entry 73-5 at ¶¶ 13-17; see also Exhibit D.  Plaintiff has not provided any evidence nor a basis to believe that the records sought were lost after she first filed suit in September 2019.  Indeed, it appears that the records were lost or misplaced when Jennings ceased working at Hillside Auto Outlet part-time and returned to work full-time at Hillside Auto Mall, which occurred in or about early 2019, well before Plaintiff's September 2019 lawsuit.

Further, a party cannot produce records that it does not have, and given the diligent search and multiple declarations attesting to the efforts made to find these documents, there is no basis for sanctions.  See Uni-Sys., LLC. v. U.S. Tennis Assn., Inc., No. 17-CIV.-147 (KAM) (CLP), 2020 WL 8266015, at *6 (E.D.N.Y. July 6, 2020) ("Given that Hardesty has represented that it does not have the 'missing' documents, the Court cannot order Hardesty to produce what it does not have. The Court Orders Hardesty to submit an affidavit from a records custodian, affirming that Hardesty conducted the ESI search according to the previously-agreed-to search terms and custodians, and that it has produced all responsive documents in its possession, custody and control … At this time, the Court finds no basis on which to impose sanctions, and therefore denies Hardesty's request for sanctions").  As such, Plaintiff's motion must be denied on this ground.

## The Misplaced Records are Irrelevant to Plaintiff's Claims

It must also be mentioned that Plaintiff has not articulated any real need for the documents sought, establishing the relevance of same, nor any prejudice as a result of not having them.

---

[5] Plaintiff's motion must also be denied as premature, as she failed to wait until receiving the aforementioned supplemental declarations before seeking relief from this Court.  See Raymond v. City of New York, No. 15-CIV.-6885 (LTS) (SLC), 2020 WL 1067482, at *9 (S.D.N.Y. Mar. 5, 2020), reconsideration denied, 2020 WL 1847556 (S.D.N.Y. Apr. 13, 2020), and objections overruled, 2020 WL 3619014 (S.D.N.Y. July 2, 2020), and objections overruled, 2020 WL 3619014 (S.D.N.Y. July 2, 2020) (Plaintiffs' counsel's refusal to cooperate in meet and confer sessions contributed in part to the problem. Therefore, neither of Plaintiffs' proposed orders— striking Defendants' Answer or an adverse inference—would be just in this instance, where one party failed to comply with the Court's Order, but the other party seems to have frustrated the compliance").

Plaintiff claims in her instant papers in support that her "discrimination case[6] heavily relies on showings of disparate impact and/or discriminatory animus, both of which require the evidence that the Defendants refuse to produce." But Defendants have already produced Plaintiff's and all other salespersons paystubs evidencing how much each salesperson earns in salary and commissions,[7] such that the evidence sought here is cumulative. See Richard Green (Fine Paintings) v. McClendon, 262 F.R.D. 284, 291 (S.D.N.Y. 2009) (quotation omitted) (rejecting motion for spoliation sanctions where there was no evidence that any of the lost or destroyed documents would have been unfavorable to defendant); see also Passlogix, Inc. v. 2FA Tech., LLC, 708 F. Supp. 2d 378, 414 (S.D.N.Y. 2010) (same); Khaldei v. Kaspiev, 961 F. Supp. 2d 564, 570 (S.D.N.Y. 2013) ("[B]ecause plaintiff's argument that there has been any actual loss of evidence relevant to the claims or defenses in this case amounts to pure speculation, it is insufficient to sustain a motion for spoliation sanctions").

To the extent that Plaintiff believes that there may be evidence of discrimination in weekly sales logs that is somehow not evident from comparing her paystubs with all the other salespersons working at Hillside Auto Outlet at the same time, "she cannot establish her right to sanctions by claiming that Defendants' conduct deprived her of a pond in which she would like to have gone on a fishing expedition." See New York State Nat. Org. for Women v. Cuomo, No. 93-CIV.-7146 (RLC) (JCF), 1998 WL 395320, at *3 (S.D.N.Y. July 14, 1998) (internal quotations and alterations omitted). Moreover, "for sanctions to be appropriate, it is a necessary, but insufficient, condition that the sought-after evidence actually existed and was destroyed." See Farella v. City of New York, Nos. 05-cv-5711 (NRB) & 05-cv-8264 (NRB), 2007 WL 193867, at *2 (S.D.N.Y. Jan. 25, 2007). Accordingly, Plaintiff's motion to compel and for sanctions must be denied.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
June 20, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s/ Emanuel Kataev, Esq._____

Joseph M. Labuda, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com
joe@mllaborlaw.com

_Attorneys for Defendants_

---

[6] It must be noted that Plaintiff also commenced a state court action against the Defendants for alleged wage-and-hour violations, which action remains pending.

[7] Each salesperson receives a separate check for salary and commissions on a weekly basis, with the paystub clearly marked.

**<u>VIA ECF</u>**
Troy Law, PLLC
<u>Attn</u>: John Troy, Tiffany Troy, and Aaron Schwietzer, Esqs.
4125 Kissena Boulevard, Suite 103
Flushing, NY 11355-3101
johntroy@troypllc.com
tiffanytroy@troypllc.com
troylaw@troypllc.com

*Attorneys for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

LETICIA FRANCINE STIDHUM,

                               Plaintiff,

        -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                             Defendants.

---------------------------------------------------------------X

**Case No.:** 1:21-cv-7163 (HG) (RLM)

**SUPPLEMENTAL**
**DECLARATION OF**
**ISHAQUE THANWALLA**

      Ishaque Thanwalla declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

      1.     I am a Defendant in this case, and am a member of 161-10 Hillside Auto Ave, LLC d/b/a Hillside Auto Outlet (hereinafter "Hillside Auto Outlet").[1]

      2.     As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the documents I maintain at the Hillside Auto Outlet dealership.

**Search of Text Messages and Emails**

      3.     I have conducted another search of my telephone to the best of my abilities for all text messages related to the Plaintiff or pregnancy discrimination.

      4.     My search consisted of the following key words using my phone's search function: (i) pregn*; (ii) sonog*; (iii) expect*; (iv) carry*; (v) "eating for two;" (vi) pea; (vii) bun; (viii) Family; (ix) Leticia; (x) Stidhum; (xi) wom*n; (xii) wife; (xiii) female.

---

[1] Hillside Auto Mall Inc. d/b/a Hillside Auto Mall ("Hillside Auto Mall") has been named a Defendant in this case, but I hold no interest in that dealership, and the Plaintiff in this case never worked there.

5.      Because I used my iPhone to conduct this search, I omitted the wild cards (*) in search terms (i), (ii), (iii), and (iv), and searched for "women" or "woman" for the search term (xi).

6.      Other than the text messages I have already produced, I am not in possession, custody, or control of any other responsive text messages relating to Plaintiff or pregnancy discrimination.

7.      I have also searched my emails and am not in possession, custody, or control of any emails responsive to the requests, i.e., relating to Plaintiff or pregnancy discrimination, other than three (3) blank emails attaching resumes from prospective sales representatives to myself, the Plaintiff, and others, which I referenced in my previous declaration.

8.      My search consisted of the following key words using my phone's search function: (i) pregn*; (ii) sonog*; (iii) expect*; (iv) carry*; (v) "eating for two;" (vi) pea; (vii) bun; (viii) Family; (ix) Leticia; (x) Stidhum; (xi) wom*n; (xii) wife; (xiii) female.

9.      I conducted the instant search of text messages and emails together with my counsel on June 9, 2023.

10.     We determined together that none of the texts or emails that came up with the foregoing search words related to Plaintiff nor pregnancy discrimination other than those text messages which were already produced.

11.     In an abundance of caution, however, I am producing the aforementioned blank emails.  They are attached hereto as **Exhibit "A."**

**Weekly Sales Logs Search**

12.     Similarly, I conducted another search for the weekly sales logs and am unable to find them.

2

13.     Before we hired our current full-time controller, Deana Jennings ("Ms. Jennings") – who worked and still works at Hillside Auto Mall – served as our controller part time until we found a full-time controller.

14.     It is my understanding that Ms. Jennings was the controller during virtually the entire time period that Plaintiff worked at Hillside Auto Outlet from in or about May 2018 to in or about January 2019.

15.     Ms. Jennings maintained the weekly sales logs and I understood that she was in possession of them.

16.     Upon the request of my counsel, I asked Ms. Jennings for these logs but she informed me that she does not have them.

17.     I searched the records we have at Hillside Auto Outlet on multiple occasions and am unable to find the weekly sales logs for the relevant time period of May 2018 through January 2019.

18.     While I am uncertain as to where they may be stored and have no knowledge nor recollection as to where they are kept, I looked in the following places where we keep records.

19.     First, I checked the controller's office for the records, and did not find any there.

20.     In the controller's office, there are four (4) filing cabinets where records are kept. I searched each and every file cabinet and the records were not there.

21.     Second, we have a storage room on-site at Hillside Auto Outlet. The storage room is approximately 10' x 6' x 7' high.

22.     There are about twenty filing cabinets and approximately fifteen to eighteen boxes in the on-site storage facility.

3

23.    I searched the filing cabinets with Ms. Jennings and another employee for the records a second or third time on June 6, 2023, after previously having searched this room for the records.

24.    While I did not find the records sought, I did find many weekly sales logs from 2019 after the Plaintiff resigned from employment in January 2019.

25.    These weekly sales logs are attached hereto as **Exhibit "B."**

26.    In addition, I did find a screenshot of a December 2018 weekly sales log of the Plaintiff on my phone.

27.    This screenshot is attached hereto as **Exhibit "C."**

28.    All in all, my most recent search on June 6, 2023 took almost the entire working day, approximately six (6) hours, to complete.

29.    Pictures of our search efforts are annexed hereto as **Exhibit "D."**

30.    My previous searches took a similar amount of time, spanning from three (3) to five (5) hours each time.

31.    Finally, we have an outside storage facility, consisting of two rooms that are approximately 10' x 10' each.

32.    Ms. Jennings and another employee conducted a search for these records and, as far as I know, no weekly sales logs for the relevant period were found.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 19, 2023.

Ishaque Thanwalla

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

LETICIA FRANCINE STIDHUM,

                              Plaintiff,

            -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                              Defendants.

-----------------------------------------------------------------X

**Case No.:** 1:21-cv-7163 (HG) (LB)

**SUPPLEMENTAL
DECLARATION OF
JORY BARON**

       Jory Baron declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

       1.     I am a Defendant in the above-referenced case.  As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge.

**Search of Text Messages and Emails**

       2.     I have conducted another search of my telephone for all text messages related to the Plaintiff or pregnancy discrimination.

       3.     My search consisted of the following key words using my phone's search function: (i) pregn*; (ii) sonog*; (iii) expect*; (iv) carry*; (v) "eating for two;" (vi) pea; (vii) bun; (viii) Family; (ix) Leticia; (x) Stidhum; (xi) wom*n; (xii) wife; (xiii) female.

       4.     Because I used my iPhone to conduct this search, I omitted the wild cards (*) in search terms (i), (ii), (iii), and (iv), and searched for "women" or "woman" for the search term (xi).

       5.     Other than the text messages I have already produced, I am not in possession, custody, or control of any other responsive text messages relating to Plaintiff or pregnancy discrimination.

6.     I did, however, find the complete set of text messages I previously produced.

7.     The complete set of text messages is attached hereto as **Exhibit "A."**

8.     I also searched my emails and am not in possession, custody, or control of any emails responsive to the requests.

9.     My search consisted of the following key words using my phone's search function: (i) pregn*; (ii) sonog*; (iii) expect*; (iv) carry*; (v) "eating for two;" (vi) pea; (vii) bun; (viii) Family; (ix) Leticia; (x) Stidhum; (xi) wom*n; (xii) wife; (xiii) female.

10.     I do not recall exchanging any emails with the Plaintiff, so it makes sense that I did not find any.

11.     I conducted the instant search of text messages and emails together with my counsel on June 9, 2023.

12.     We determined together that none of the texts or emails that came up with the foregoing search words related to Plaintiff nor pregnancy discrimination other than those text messages which were already produced.

**Weekly Sales Logs Search**

13.     I did not conduct any search for the weekly sales logs because I do not maintain such records in my role at either of the corporate Defendants 161-10 Hillside Auto Ave LLC nor Hillside Auto Mall Inc.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 19th, 2023.

_Jory Baron_
<span>Jory Baron (Jun 19, 2023 15:48 EDT)</span>
Jory Baron

2

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LETICIA FRANCINE STIDHUM,

                               Plaintiff,

          -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                             Defendants.
------------------------------------------------------------------X

**Case No.:** 1:21-cv-7163 (HG) (LB)

**SUPPLEMENTAL
DECLARATION OF
ANDRIS GUZMAN**

       Andris Guzman declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the

following is true and correct:

       1.      I am a Defendant in the above-referenced case who used to be employed by 161-

10 Hillside Auto Ave, LLC d/b/a Hillside Auto Outlet ("Hillside Auto Outlet").

       2.      As such, I am familiar with all the facts and circumstances heretofore had herein

based upon my personal knowledge.

**Search of Text Messages and Emails**

       3.      I have conducted a search of my telephone for all text messages related to the

Plaintiff or pregnancy discrimination.

       4.      My search consisted of the following key words using my phone's search function:

(i) pregn*; (ii) sonog*; (iii) expect*; (iv) carry*; (v) "eating for two;" (vi) pea; (vii) bun; (viii)

Family; (ix) Leticia; (x) Stidhum; (xi) wom*n; (xii) wife; (xiii) female.  Because I used my iPhone

to conduct this search, I omitted the wild cards (*) in search terms (i), (ii), (iii), and (iv), and

searched for "women" or "woman" for the search term (xi).

5.      Other than the text messages I have already produced, I am not in possession, custody, or control of any other responsive text messages relating to Plaintiff or pregnancy discrimination.

6.      However, there is one text message I did not previously produce where the Plaintiff is mentioned in an exchange with a coworker who wanted to know whether the Plaintiff was at work that day in relation to a deal she was working on.

7.      Although it has nothing to do with her pregnancy or discrimination, I was advised to produce it in an abundance of caution.

8.      The text message exchange is attached hereto as **Exhibit "A."**

9.      I also searched my emails and am not in possession, custody, or control of any emails responsive to the requests.

10.     My search consisted of the following key words using my phone's search function: (i) pregn*; (ii) sonog*; (iii) expect*; (iv) carry*; (v) "eating for two;" (vi) pea; (vii) bun; (viii) Family; (ix) Leticia; (x) Stidhum; (xi) wom*n; (xii) wife; (xiii) female.

11.     I do not recall exchanging any emails with the Plaintiff, so it makes sense that I did not find any.

12.     I conducted the instant search of text messages and emails together with my counsel on June 12, 2023; we determined together that none of the texts or emails that came up with the foregoing search words related to Plaintiff nor pregnancy discrimination other than those text messages which were already produced

**Weekly Sales Logs Search**

13.     I did not conduct any search for the weekly sales logs because I am no longer employed by Hillside Auto Outlet.

14.     I was not employed by Hillside Auto Mall Inc. d/b/a Hillside Auto Mall.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 19, 2023.

Andris Guzman (Jun 19, 2023 12:58 EDT)
Andris Guzman

3

# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

LETICIA FRANCINE STIDHUM,

                        Plaintiff,

         -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                      Defendants.
----------------------------------------------------------------X

**Case No.:** 1:21-cv-7163 (HG) (LB)

**SECOND SUPPLEMENTAL**
**DECLARATION OF**
**DEANA JENNINGS**

     Deana Jennings declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the

following is true and correct:

        1.     I am the designated corporate representative of Defendants 161-10 Hillside Auto

Ave, LLC d/b/a Hillside Auto Outlet (hereinafter "Hillside Auto Outlet") and Hillside Auto Mall

Inc. d/b/a Hillside Auto Mall ("Hillside Auto Mall") (Hillside Auto Outlet and Hillside Auto Mall

collectively hereinafter the "Corporate Defendants") in the above-referenced case, and have served

as a part-time controller for Hillside Auto Outlet during the time Plaintiff worked there and have

also served as a controller for Hillside Auto Mall, where I remain employed today.

        2.     As such, I am familiar with all the facts and circumstances heretofore had herein

based upon my personal knowledge and a review of the documents I maintain at Hillside Auto

Mall as well as at Hillside Auto Outlet during my tenure there.  I submit this declaration to

supplement my prior declarations dated May 17, 2023 and May 30, 2023.

**Search of Text Messages and Emails**

        3.     As I have previously declared twice, I have conducted a search of my telephone for

all text messages related to the Plaintiff or pregnancy discrimination.

4. My search consisted of the following key words using my phone's search function: (i) pregn*; (ii) sonog*; (iii) expect*; (iv) carry*; (v) "eating for two;" (vi) pea; (vii) bun; (viii) Family; (ix) Leticia; (x) Stidhum; (xi) wom*n; (xii) wife; (xiii) female.

5. When I initially conducted this search, I omitted the wild cards (*) in search terms (i), (ii), (iii), and (iv), and searched for "women" or "woman" for the search term (xi).

6. None of these key words returned any text messages related to the Plaintiff or pregnancy discrimination.

7. Thus, I am not in possession, custody, or control of any responsive text messages.

8. I also searched my emails and am not in possession, custody, or control of any emails responsive to the requests, i.e., relating to Plaintiff or pregnancy discrimination.

9. My search consisted of the following key words using my email's search function: (i) pregn*; (ii) sonog*; (iii) expect*; (iv) carry*; (v) "eating for two;" (vi) pea; (vii) bun; (viii) Family; (ix) Leticia; (x) Stidhum; (xi) wom*n; (xii) wife; (xiii) female.

10. None of these key words returned any emails related to the Plaintiff or pregnancy discrimination.

11. Thus, I am not in possession, custody, or control of any responsive emails.

12. As I previously declared, I do not recall exchanging any emails with the Plaintiff, so it makes sense that I did not find any.

13. I conducted the instant search of text messages and emails together with counsel for the Defendants on June 9, 2023.

14. We determined together that none of the texts or emails that came up with the foregoing search words related to Plaintiff nor pregnancy discrimination.

2

**Weekly Sales Logs Search**

15.     Similarly, I conducted a search for the weekly sales logs of Hillside Auto Outlet and am unable to find them.

16.     I previously recalled that we moved those and other records to an outside storage facility due to construction at Hillside Auto Mall.

17.     However, upon review, the construction predates the Plaintiff's employment at Hillside Auto Outlet, which indicates that we did not have to move these weekly sales logs to any outside storage facility.

18.     Further, as I previously declared, I searched that outside storage facility for these records on May 9, 2023 after I could not find them at both dealerships, i.e., Hillside Auto Outlet and Hillside Auto Mall.

19.     I was unable to find the records at either dealership nor at the outside storage facility, except I am aware that Defendant Ishaque Thanwalla found some 2019 weekly sales logs at Hillside Auto Outlet's on-site storage facility upon another search at that dealership.

20.     While I am uncertain as to where the May 2018 to January 2019 weekly sales logs may be stored and have no knowledge nor recollection as to where they are kept, I conducted another search in the following places where I keep records.

21.     My most recent search took approximately six (6) hours.

22.     Specifically, there are two offices at Hillside Auto Mall where records are kept.

23.     The first office has about seven boxes consisting of 2022 deal jackets for cars sold in 2022.

24.     I searched this office and all the boxes within it for the weekly sales logs of Hillside Auto Outlet and did not find any.

3

25.     The second office has about four boxes consisted of 2023 deal jackets for cars sold in 2023 year to date.  I searched this office and all the boxes within it for the weekly sales logs of Hillside Auto Outlet and did not find any.

26.     In addition, we have a storage area on-site at Hillside Auto Mall.

27.     Specifically, there is a space under the stairs leading up to our office where we kept records stored in boxes until we moved same to an outside storage facility due to construction being done at Hillside Auto Mall from approximately September 2017 through February 2018, which predates Plaintiff's employment with Hillside Auto Outlet that started in May 2018.

28.     At the time I conducted a search, there were no boxes or documents in the on-site storage area.

29.     I also conducted a thorough search of our off-site storage facility, where we have two rooms that are approximately 10' x 10' each.

30.     The first room in the off-site storage facility has two filing cabinets, four cabinet drawers, and approximately fifty boxes.

31.     The second room in the off-site storage facility has three filing cabinets and approximately sixty boxes.

32.     On June 6, 2023, I conducted another search of the off-site storage facility.

33.     With the help of another employee, I searched every box, filing cabinet, and cabinet drawer, but we did not find any weekly sales logs from May 2018 through January 2019.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 19 , 2023.

_____
Deana Jennings

4