UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LETICIA FRANCINE STIDHUM,

                        Plaintiff,                      **MEMORANDUM & ORDER**
     -against-                                           **21 CV 7163 (HG)(LB)**

161-10 HILLSIDE AUTO AVE, LLC,
HILLSIDE AUTO MALL, INC.,
ISHAQUE THANWALLA, JORY BARON,
and ANDRIS GUZMAN,

                        Defendants.
-----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff brings this action against defendants 161-10 Hillside Auto Ave, LLC (d/b/a Hillside Auto Outlet), Hillside Auto Mall Inc. (d/b/a Hillside Auto Mall), Ishaque Thanwalla, Jory Baron, and Andris Guzman for alleged violations under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e *et seq*; New York State Human Rights Law, N.Y. Exec. § 290 *et seq*.; and New York City's Pregnant Workers Fairness Act of New York City Human Rights Law, NYC Admin. § 8-107(22) *et seq*. Presently before the Court is plaintiff's motion for spoliation sanctions based on defendant's failure to locate and produce weekly sales logs relating to car sales of plaintiff and her comparators for the relevant time period. The Court previously ordered defendants to produce documents pertaining to sales by other salespersons in response to plaintiff's first set of document requests on December 22, 2022.[1] Mem. & Order at 8–9 [ECF No. 37]. On April 3, 2023 the Court again ordered defendants to produce these documents by April 10, 2023. Plaintiff moved for sanctions for defendants' failure to produce the documents on April 25, 2023. ECF No. 66. At a conference with the parties on May

---

[1] This case was previously overseen by Magistrate Judge Mann who noted in her December 22, 2022 Memorandum and Order the "shrill tone" of the parties' submissions and "their vexing recriminations." Mem. & Order at 1 [ECF No. 37].

1

4, 2023, the Court denied plaintiff's motion and ordered defendants to produce all outstanding discovery, including weekly sales logs of plaintiff and her comparators. ECF Order dated May 4, 2023. The Court also stated that it would not entertain further discovery motions, as discovery had closed on April 17, 2023 and remains closed. Id. For the reasons set forth below, plaintiff's renewed motion for sanctions is denied.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case. See Stidhum v. 161-10 Hillside Auto Ave, LLC, No. 21-cv-7163, 2022 WL 4273536 (E.D.N.Y. Sept. 15, 2022). In the instant motion, plaintiff seeks an adverse jury instruction and monetary sanctions for defendants' failure to produce handwritten sales logs that reflect the weekly car sales of plaintiff and her comparators from August 25, 2018 to January 24, 2019, the relevant time period based on the allegations in plaintiff's complaint. See ECF No. 37 at 8–9. Plaintiff requested "documents pertaining to [car] sales" by plaintiff and other salespersons in her first set of document requests and moved to compel production on December 1, 2022. ECF No. 33. The Court granted in part and denied in part plaintiff's motion, finding that "[d]efendants' discovery response suggests that they produced" documents pertaining to sales by other salespersons, but ordered defendants to produce documents pertaining to car sales by plaintiff by January 12, 2023. ECF No. 37.

Plaintiff then moved to compel "weekly car commission sales logs" reflecting the sales of plaintiff and her comparators on March 23, 2023. ECF No. 58. On April 3, 2023, the Court ordered defendants to produce these logs by April 10, 2023. On April 25, 2023, plaintiff moved for sanctions, stating that defendants had not yet produced the sales logs pursuant to the Court's April 3 Order. ECF No. 66.

2

The Court held a conference to address plaintiff's motion on May 4, 2023. During the conference, defendants confirmed that log sheets were created on a weekly basis reflecting the car sales of plaintiff and other salespersons. Transcript of the May 4, 2023 Conference ("Tr.") at 27:25–28:2 [ECF No. 72]. Defendants also stated that a log sheet was essentially a "blank form that's handwritten" and sent to their 'comptroller', Deana Jennings, "generally…by text with a picture." Id. at 28:9–14. Jennings then "upload[ed]" the information in the weekly log sheet to a system or software called "Vinsolutions" to create a log of monthly commissions for each salesperson. Id. at 5:5–20, 28:14–16. Defendants stated that while they had been able to produce the Vinsolutions monthly commission logs, they had not located the handwritten weekly logs for the relevant time period. Id. at 28:22–31:15. After hearing from the parties, the Court denied plaintiff's motion for sanctions and directed defendants to conduct a diligent search for the logs and produce all outstanding discovery by May 17, 2023. ECF Order dated May 4, 2023.

Plaintiff's renewed motion for sanctions argues that defendants should be sanctioned for their failure to locate and produce the weekly handwritten sales logs discussed at the May 4, 2023 conference. Plf.'s Mot. for Sanctions at 1 [ECF No. 73]. Defendants state that after searching the offices and storage facilities of both dealership locations, Hillside Auto Mall and Hillside Auto Outlet, as well as an outside storage facility, they could not locate the handwritten logs requested, apart from one weekly log from 2019, which they produced. Supplemental Declaration of Deana Jennings ("Jennings Supp. Decl.") ¶¶ 19–33 [ECF No. 76, Ex. D]; Supplemental Declaration of Ishaque Thanwalla ("Thanwalla Supp. Decl.") ¶¶ 17–32 [ECF No. 76, Ex. A]. Although defendants state that they "believe the 2018 weekly sales logs were misplaced" in early 2019, "when Jennings ceased working at Hillside Auto Outlet[2] part-time and returned to work full-time

---

[2] Plaintiff worked at the Hillside Auto Outlet throughout her employment with defendants. See Compl. ¶¶ 25, 47, 55.

at Hillside Auto Mall." Defs.' Opp. at 3–4 [ECF No. 76]. Defendants state that Jennings ceased working at Hillside Auto Outlet in early 2019, before plaintiff filed the complaint in this action. Id.

## DISCUSSION

The Court may impose sanctions under Rule 37(b) for a party's failure to comply with discovery orders. Fed. R. Civ. P. 37(b). However, "[e]ven in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 106 (2d Cir. 2002) (citing DLC Mgt. Corp. v. Town of Hyde Park, 163 F.3d 124, 135-36 (2d Cir. 1998)). "Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses... and for the spoliation of evidence." Reilly v. Natwest Mkts Grp. Inc., 181 F.3d 253, 267 (2d Cir. 1999).

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). A party seeking an adverse inference instruction under Rule 37(b) based on the spoliation of evidence "must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Residential Funding Corp., 306 F.3d at 107 (citation and internal quotation marks omitted). The obligation or duty to preserve evidence under the first element of the spoliation test "arises when the party has notice that the evidence is relevant

4

to the litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Ltd. v. Fed. Exp. Corp., 247 F.3d 423, 436 (2d Cir. 2001).

Here, plaintiff seeks an adverse jury instruction for defendants' failure to produce handwritten weekly sales logs that reflect the weekly car sales of plaintiff and her comparators for the relevant period. Plf.'s Mot. for Sanctions at 3 [ECF No. 73]. However, plaintiff makes no argument that defendants had a duty to preserve the logs at the time they were allegedly either misplaced or destroyed, which defendants believe occurred in early 2019. Plaintiff's complaint herein was not filed until December 29, 2021. ECF No. 1. Attached to the complaint is an undated "document preservation demand" letter, ECF No. 1-1, that plaintiff presumably served on defendants with the summons and a copy of the complaint. Plaintiff does not allege that defendants were on notice of their obligation to preserve documents at any point before that date. Moreover, while defendants may have had a duty to preserve their handwritten sales logs for seven years by state statute, failure to comply with a state law's duty to preserve does not impute a duty to preserve records as potential evidence in a federal lawsuit. See, e.g., Babayev v. Medtronic, Inc., 228 F. Supp. 3d 192, 208 (E.D.N.Y. 2017) (finding that even if defendant had not complied with certain duties imposed by federal regulation, plaintiff "does not cite any authority for the proposition that" this regulatory duty "was designed to assist litigation, or that spoliation sanctions would be appropriate in cases in which a manufacturer failed to comply" with the regulation); see also Med. Shoppe Int'l, Inc. v. Mitsopoulos, No. 04-CV-5207, 2005 WL 8159003, at *2 (E.D.N.Y. Dec. 28, 2005) ("Even if plaintiff had a statutory duty to preserve the document…, there is no evidence that plaintiff deliberately failed to…preserve the [document] in order to thwart suit by defendants.")

Even if defendants had an obligation to preserve the weekly handwritten sales logs in early 2019, plaintiff has not demonstrated that defendants destroyed such evidence with a 'culpable state

of mind'. "In the Second Circuit, with respect to tangible evidence, the 'culpable state of mind' factor is satisfied by a showing that the evidence was destroyed knowingly or grossly negligently, even if without intent to breach a duty to preserve it, or negligently." Mule v. 3-D Bldg. & Constr. Mgmt. Corp., No. 18-CV-1997, 2021 WL 2788432, at *9 (E.D.N.Y. July 2, 2021) (citations, internal quotation marks, and alterations omitted). While the Court does not condone defendants' counsel's behavior in this litigation—counsel has blatantly disregarded Court ordered deadlines as well as demonstrated a willingness to waste the Court's resources over petty disputes—plaintiff fails to show that defendants acted with the requisite "degree of culpability" for the imposition of sanctions in this instance. Best Payphones, Inc. v. City of New York, No. 01-CV-3924, 2016 WL 792396, at *3 (E.D.N.Y. Feb. 26, 2016), aff'd as modified sub nom. Best Payphones, Inc. v. Dobrin, 409 F. Supp. 3d 130 (E.D.N.Y. 2018).

Moreover, defendants have produced monthly sales logs for the relevant period, diligently searched their offices and storage facilities to locate the handwritten weekly sales logs, and produced the one log they were able to locate. Jennings Supp. Decl. ¶¶ 19–33; Thanwalla Supp. Decl. ¶¶ 17–32. Defendants also produced weekly paystubs of plaintiff's comparators. Tr. at 30:7–9; 31:22–23. Plaintiff has not shown how she may be prejudiced by the alleged destruction of the handwritten weekly sales logs, particularly in light of the production of these other documents. Mule, No. 18-CV-1997, 2021 WL 2788432, at *6 ("A Rule 37(e)(1) sanction may only be imposed upon a finding of 'prejudice' from the loss of the information, and the sanction imposed may be 'no greater than necessary to cure the prejudice.'" (citing Lokai Holdings, LLC v. Twin Tiger USA LLC, No. 15-CV-9363, 2018 WL 1512055, at *8 (S.D.N.Y. Mar. 12, 2018))).

Accordingly, an adverse instruction or monetary sanctions against defendants are not appropriate in this instance. Plaintiff's motion for spoliation sanctions is therefore denied.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: June 28, 2023
       Brooklyn, New York