# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 28, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Hector Gonzalez, U.S.D.J.
225 Cadman Plaza East
Courtroom 6A South
Brooklyn, NY 11201-1804

      *Re:*    **Stidhum v. 161-10 Hillside Auto Ave, LLC,** *et al.*
              **Case No.: 1:21-cv-7163 (HG) (LB)**
              <u>**MLLG File No.: 94-2019**                           </u>

Dear Judge Gonzalez:

        This firm represents the Defendants, 161-10 Hillside Auto Ave., LLC d/b/a Hillside Auto Outlet (hereinafter "Hillside Auto Outlet"), Hillside Automall Inc d/b/a Hillside Auto Mall, Ishaque Thanwalla, Jory Baron, Ronald M. Baron, and Andris Guzman (collectively the "Defendants").

        Defendants write pursuant to ¶ IV(A) of this Court's Individual Practices (the "Practices") to seek a pre-motion conference in advance of Defendants' anticipated motion to dismiss Plaintiff's complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule").

        Summary judgment in favor of Defendants on Plaintiff's disparate treatment gender discrimination claims is warranted as Plaintiff cannot meet her burden of establishing a *prima facie* case of discrimination, let alone sustain her ultimate burden of proof. Her evidence consists of nothing more than petty slights and, at most, *de minimis* interferences with her work based on nothing more than speculation that such was gender-based, which is insufficient to overcome a motion for summary judgment. <u>See</u> <u>Wade v. New York City Dept. of Ed.</u>, No. 11-CIV.-05278 (LGS), 2014 WL 941754, at *5 (S.D.N.Y. Mar. 10, 2014) ("[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment") (<u>citing</u> <u>Kulak v. City of New York</u>, 88 F.3d 63, 71 (2d Cir. 1996)).

        The Complaint alleges that after Plaintiff, a former car salesperson at Hillside Auto Outlet, announced her pregnancy in late November 2018, her waiting times for Defendant Andris Guzman ("Guzman") – a manager at Hillside Auto Outlet with whom she worked – to process credit applications and qualify customers for financing significantly increased such that customers walked out and she suffered a resulting decrease in commissions and bonuses.

However, this allegation is belied by the uncontroverted evidence adduced in discovery that: (i) Guzman took too long to process credit applications <u>before her pregnancy</u>; (ii) Guzman took the same time to process credit applications for all salespeople so Plaintiff was treated no differently; (iii) any delays in processing credit applications was not attributable to Defendants but, rather, the response times from financial institutions or other third parties involved in the verification process; (iv) Plaintiff was able to continue making sales with other customers while credit applications were being processed; (v) there were multiple other reasons unrelated to Guzman taking too long to process credit applications why a customer could walk out before and after being qualified for financing; (vi) Plaintiff's best week in commissions and bonuses immediately followed the alleged announcement of her pregnancy; (vii) Plaintiff does not know why Guzman made her wait longer to process her applications, and was unsure as to whether he did so due to "something personal" <u>or</u> her pregnancy; and (viii) shortly before she quit, Plaintiff sent the general manager at the dealership text messages while he was out on vacation complaining that his team "sucks" and that dealership has been a "shit show" ever since the general manager left for vacation. <u>See</u> copies of relevant text messages annexed hereto as **Exhibit "A."**

In addition, the undisputed evidence also establishes the process of purchasing a vehicle could take hours, including the qualification process,[1] because of the number of verifications that are required to be done before any paperwork is submitted to a bank to obtain approval for a loan. There are also portions of the process that are completely out of the dealership's control which can affect the time it takes to process credit applications. Moreover, Plaintiff testified that she had two (2) interpersonal conflicts with Guzman before her pregnancy.

Plaintiff's speculative belief that Guzman made her wait longer due to her pregnancy in light of the foregoing undisputed facts which she concedes amounts to nothing more than conjecture, is insufficient to establish a discrimination claim. <u>See</u> <u>Wade</u>, 2014 WL 941754, at *5. Because there is no genuine issue as to any material fact, and no rational jury could find that Plaintiff was subject to discrimination because of her pregnancy, summary judgment should be granted. <u>See</u> Fed. R. Civ. P. 56(c).

In addition, and crucially, Plaintiff cannot establish that she suffered any adverse employment action. Plaintiff indisputably quit and does not claim a constructive discharge. Her sole claim to an adverse employment action is the alleged increased waiting times that Guzman purportedly did on purpose after he found out Plaintiff was pregnant. <u>See</u> <u>Keshinover v. New York State Off. of Parks, Recreation, and Historic Preservation</u>, 826 Fed. Appx. 109, 110 (2d Cir. 2020) (unpublished) (<u>citing</u> <u>During v. City Univ. of N.Y.</u>, No. 01-CIV.-9584, 2005 WL 2276875, at *10 (S.D.N.Y. Sept. 19, 2005) ("Without an adverse employment action, this incident cannot give rise to a *prima facie* case")).

---

[1] Plaintiff initially complained that the process to obtain numbers from financing took too long. However, when Defendants submitted an October 2022 declaration from a finance manager explaining why that theory is untenable, Plaintiff changed her claim to state that the customer qualification process – which precedes obtaining numbers from financing – took too long. <u>See</u> Declaration of Serge Zanan annexed hereto as **Exhibit "B."** As set forth in the Rule 56.1 Statement of Facts, annexed hereto as **Exhibit "C"** pursuant to this Court's Individual Practices ¶ IV(A)(4), this argument fares no better.

Lastly, Plaintiff's average commission for the 26 weeks before she announced her pregnancy was $710.00 per week, while her average commission for the eight (8) weeks after she announced her pregnancy was $690.63 per week. This meager $19.37 weekly differential between her average commissions before and after her pregnancy is solely attributed to the fact that September through March is the slow season for car dealerships.[2] Critically, Plaintiff's best week in commissions and bonuses immediately followed the alleged announcement of her pregnancy. As such, she suffered no materially adverse employment action. See Beharry v. City of New York, No. 18-CIV.-2042 (AJN), 2020 WL 6135147, at *8 (S.D.N.Y. Oct. 19, 2020) (requiring materially adverse employment action to survive summary judgment).

Accordingly, Plaintiff cannot establish the existence of any adverse employment action such that she cannot prevail on her discrimination claims.

Summary judgment is likewise warranted in Defendants' favor on Plaintiff's disability discrimination claim as she has not identified any disability from which she suffered or any adverse employment action she suffered due to such unidentified disability.

Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
      June 28, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
__/s/ Emanuel Kataev, Esq._____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**VIA ECF**
Troy Law, PLLC
Attn: John Troy, Tiffany Troy, and Aaron Schwietzer, Esqs.
4125 Kissena Boulevard, Suite 103
Flushing, NY 11355-3101
johntroy@troypllc.com
tiffanytroy@troypllc.com
troylaw@troypllc.com

*Attorneys for Plaintiff*

---

[2] Plaintiff's average bonus before her pregnancy was $23.46, while the average bonus after her pregnancy was $165.63.