UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LETICIA FRANCINE STIDHUM,

                          Plaintiff,

    -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside
Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a
Hillside Auto Mall, ISHAQUE THANWALLA,
JORY BARON, RONALD M. BARON, and
ANDRIS GUZMAN,

                          Defendants.
-------------------------------------------------------------------X

**Case No.:** 1:21-cv-7163 (HG) (RLM)

**DECLARATION**
**OF SERGE ZANAN**

    **SERGE ZANAN** declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

    1.    I serve as a Finance & Insurance ("F&I") representative for 161-10 Hillside Auto Ave, LLC, a Defendant in this case, since November 2018.

    2.    I respectfully submit this Declaration to address the allegations of the Plaintiff in this case.

    3.    The Plaintiff was already working as a salesperson at 161-10 Hillside Auto Ave, LLC.

    4.    I never performed any work for Hillside Auto Mall Inc., a separate dealership located three (3) blocks away from 161-10 Hillside Auto Ave, LLC.

    5.    As far as I know, the Plaintiff worked for Hillside Auto Mall Inc. either.

    6.    Whenever the Plaintiff or any other salesperson makes a sale, the customer's information is provided to the Sales Manager or myself (whoever is available and has authorization) to pull the prospective customer's credit profile.

1

7. Once the credit profile is pulled, the customer's application to purchase a vehicle is submitted to chosen lenders.

8. The timeframe to receive any word back from a chosen lender, which is also based on the customer's creditworthiness, ranges from ten (10) minutes to one (1) hour.

9. This timeframe is completely outside the control of myself or any Sales Manager who pulls a credit profile, and is further dependent on the amount of verification requested by any chosen lender, which is also completely outside the control of myself or any Sales Manager.

10. Sometimes, a chosen lender instantly approves a loan for a customer, usually for a customer with excellent creditworthiness, which is rare at our dealership.

11. Even in perfect circumstances, this process can sometimes take up to an hour.

12. During the time Plaintiff worked here, I worked closely with her as well as all the other salespersons.

13. Everybody liked each other and treated each other well.

14. There was no animosity amongst the salespeople, myself, nor the sales managers.

15. My compensation at 161-10 Hillside Auto Ave, LLC is directly tied to the success of the dealership's sales force.

16. As a result, it is in my interest as well as the Sales Managers' interests, to do everything possible to ensure a sale is made for each and every customer the dealership processes an application for.

17. It would not make sense for me to make any customer wait longer than necessary to process an application because doing so would affect my bottom line, the saleperson's bottom line, the sales manager's bottom line, and the dealership as a whole.

18. In other words, I have no reason to believe anybody would act to sabotage Plaintiff's sales, or any other salesperson's sales.

19. If a customer was forced to wait, the only reason for that would be based on circumstances outside of the dealership's control, such as the failure of a customer to provide necessary information to the lender, or because the lender requested additional documentation or simply because the dealership had to wait for the lender's response.

20. In the course of the last four years working at the dealership, customers have waited to obtain information concerning financing approval from twenty (20) minutes until three (3) hours, on average.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 10, 2022.

_____
SERGE ZANAN