**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
LITICIA FRANCINE STIDHUM,

                              Plaintiff,       Case No. 21-cv-07163 (OEM) (LB)

            v.

161-10 HILLSIDE AUTO AVE, LLC,
HILLSIDE AUTO MALL, INC.,
ISHAQUE THANWALLA,
JORY BARON, and
ANDRIS GUZMAN,

                              Defendants.
-----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF APPEAL OF MAGISTRATE JUDGE DECISION TO DISTRICT COURT

 

Tiffany Troy, Esq.
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... ii

**FACTUAL BACKGROUND & PROCEDURAL HISTORY** ................................................... 1

**STANDARDS** .......................................................................................................................... 5

**ARGUMENT** ........................................................................................................................... 6

**CONCLUSION** ...................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Byrnie v. Town of Cromwell*, 243 F.3d 93 (2d Cir. 2001).................................................................. 9

*Chin v. Port Auth. of N.Y. and N.J.*, 685 F.3d 135 (2d Cir. 2012) ............................................. 7, 10

*Condit v. Dunne*, 225 F.R.D. 100 (S.D.N.Y. 2004) ........................................................................ 8

*Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423 (2d Cir. 2001) ............................................. 7, 12

*Humphreys v. New York City Health*, No. 16-cv-09707 (VSB), 2023 WL 155446, 2023 U.S. Dist. LEXIS 5222 (S.D.N.Y. Jan. 11, 2023) ...................................................................................... 5

*In re Pfizer Secs. Litig.*, 288 F.R.D. 297 (S.D.N.Y. 2013) ......................................................... 9, 10

*JPMorgan Chase Bank, N.A. v. Reifler*, No. 11-cv-04016 (DAB), 2016 WL 10570981 (S.D.N.Y. July 14, 2016) ............................................................................................................................ 6

*Lan v. Time Warner, Inc.*, No. 11-cv-2870 (AT) (JCF), 2016 U.S. Dist. LEXIS 30488, 2016 WL 928731 (S.D.N.Y. Feb. 9, 2016) .................................................................................................. 6

*Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-cv-9363, 2018 WL 1512055 (S.D.N.Y. Mar. 12, 2018) .................................................................................................................................... 12

*Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-cv-04375 (JS) (AKT), 2015 U.S. Dist. LEXIS 113071 (E.D.N.Y. Aug. 25, 2015) ............................. passim

*Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429 (S.D.N.Y. 2010) ........................... 8

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456 (S.D.N.Y. 2010) .................................................................................................................... 10

*Reilly v. NatWest Mkts. Group Inc.*, 181 F.3d 253 (2d Cir. 1999) .................................................. 9

*Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99 (2d Cir. 2002) *superseded by statute on other grounds* ........................................................................................7, 9, 11, 12

*Tchatat v. O'Hara*, 249 F. Supp. 3d 701 (S.D.N.Y. 2017), *objections overruled*, No. 14-cv-2385, 2017 WL 3172715 (S.D.N.Y. July 25, 2017) .......................................................................... 13

*United States v. Freeman*, 443 F. Appx. 664 (2d Cir. 2011) ......................................................... 5

*Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003) ....................................... 8, 9, 12

**Rules**

Fed. R. Civ. P. 72(a) ....................................................................................................................... 5

Plaintiff, by and through counsel, hereby submits the following memorandum of law in support of appeal of the Memorandum and Order of Hon. Lois Bloom, U.S.M.J. denying Plaintiff's motion for sanctions for failure to comply with discovery orders and spoliation of documents. *See* Dkt. No. 77 (June 28, 2023).

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

As set forth in the Memorandum and Order, Hon. Roanne L. Mann, U.S.M.J., "previously ordered defendants to produce documents pertaining to other salespersons [besides Plaintiff] on December 22, 2022." Dkt. No. 77, at *1 (citing Dkt. No. 37 (Dec. 22, 2022)); *see* Dkt. No. 37, at *9 ("Defendants are directed to respond to Requests #17 (documents pertaining to plaintiff's car sales) and #21 (pay records for other salespersons) using the same time period [from August 25, 2018 to January 14, 2019]."). They had not done so by April 3, 2023, and on that date Judge Bloom ordered them to "produce[] car sales logs for the relevant time period [from August 25, 2018 to January 14, 2019]… they shall do so by April 10, 2023." Order (Apr. 3, 2023). Her Honor also ordered Defendants to produce "text messages between parties that pertain to plaintiff or to pregnancy discrimination" by April 23, 2023. *Id.* Her Honor "warned" Defendants "that if they fail to comply with this Order, the court may hold them in contempt," and that "[a] person found to be in contempt is subject to sanctions, which may include a monetary fine, attorney's fees, costs, and even imprisonment." *Id.*

In response to Defendants' letter motion to extend the time to complete the discovery compelled by Judge Bloom's April 3, 2023 Order, Judge Bloom observed that Defense counsel's "reason for the request, that he 'misread' the Court's Order and that this only came to defendants' counsel's attention 'due to plaintiff's email'" "entirely unacceptable," and warned Defendants in stronger terms than those of the April 3, 2023 Order that "[i]f the documents are not produced by

1

noon on April 17, 2023, the Court *shall impose* an appropriate sanction." Order (Apr. 12, 2023) (emphasis added).

On 11:59 AM on April 17, 2023, Defense counsel emailed us to say that he was "bates stamping the documents required to be produced and sending over" having gotten "tied up on phone calls from 10 am until now in three separate matters." *See* Dkt. No. 61. There were no documents attached to this email. At 12:31 PM on April 17, 2023, Defense counsel emailed again to say he was "[d]ouble checking redactions & sending now," and that there would be "264 pages of additional discovery." There were no documents attached to this email either. The documents, consisting of Plaintiff's sales records from January 1 through 13, 2019 (omitting the records from August 25, 2018 through December 31, 2018), and records of pay to other employees from May 4, 2018 through November 30, 2018 (omitting the records from December 1, 2018 through January 14, 2019),[1] would be attached to an email of 12:44 PM asking Plaintiff to withdraw the sanctions motion filed at 12:38 PM. *See* Dkt. No. 61. A 30(b)(6) witness named Deana Jennings had previously testified that Plaintiff's sales records were created in the ordinary course of business and maintained in Defendants' place of business. *See* Dkt. No. 63.

At no point did Defendants produce the text messages that Judge Bloom had on April 3, 2023 Ordered them to produce by April 23, 2023. Accordingly, on April 25, 2023, Plaintiff filed a second sanctions motion regarding the text messages. Both sanctions motions were addressed at a motion hearing on May 4, 2023. Judge Bloom declined to impose sanctions, but Ordered Defendants to "produce all outstanding discovery, as well as defendants' sworn affidavits and stipulations related to text messages on their phones and the dismissal of the case against defendant Ronald M. Baron by noon on May 17, 2023." *See* Order (May 4, 2023) (emphasis in original).

---

[1] These were originally produced without Bates numbers on April 12, 2023; they would be produced with Bates numbers D1966–D2229 on April 17, 2023.

2

At 11:44 AM on May 17, 2023, Defendants produced no new outstanding discovery, but did produce declarations of Jory Baron, Deana Jennings, Ishaque Thanwalla, and Andris Guzman. Mr. Baron and Mr. Guzman declared that they had conducted searches of their phones and emails and were not in possession of text messages or emails (other than those previously produced) responsive to Plaintiff's requests, and did not conduct searches for sales logs because maintaining them was outside the scope of their jobs. Ms Jennings declared that she had conducted a search of her phone and emails and was not in possession of text messages or emails responsive to Plaintiff's requests; did conduct a search for Hillside Auto Outlet's sales logs which she was responsible to maintain in her role as controller; but was unable to find them either at Hillside Auto Outlet, Hillside Auto Mall, or a third-party storage facility they used. Mr. Thanwalla declared that he had conducted a search of his phone and emails and was not in possession of text messages or emails (other than those previously produced) responsive to Plaintiff's requests, and that he conducted a search for Hillside Auto Outlet's sales logs and asked Ms Jennings to do the same, but was unable to find them. *See* Dkt. Nos. 73-1–73-4 (June 12, 2023).

Upon our request, Ms Jennings submitted a supplemental declaration setting forth the keywords she had used to search her phone and email, and repeating her declaration that she had searched Hillside Auto Outlet, Hillside Auto Mall, and a third party storage facility to which the logs might have been moved due to construction at Hillside Auto Mall, but had been unable to find the logs. *See* Dkt. No. 73-5 (June 12, 2023).

However, on June 19, 2023, Mr. Thanwalla, Mr. Baron, Mr. Guzman, and Ms Jennings submitted supplemental declarations to us (these are reproduced, *sans* attachments, at Dkt. No. 76, at *7–23 (June 20, 2023)). Mr. Baron included a one-page text message exchange between himself and Plaintiff dated January 24, 2019 the end of which had been cut off in his previous production;

3

Mr. Guzman included a one-page text message exchange from June 25, 2018 through 11:56 AM through June 27, 2018 at 2:48 PM that had not been produced previously (prior production of text messages had skipped from June 22 to June 26, and the messages on June 26 and 27 are different from the previous to the June 2023 production). Mr. Thanwalla produced several blank emails, weekly sales logs from after the period ordered by Judges Mann and Bloom, one December 2018 sales log of the Plaintiff's (found on Mr. Thanwalla's phone), and pictures of the storage rooms. The pictures appear to include one picture of a box containing records for 2018. *See* Ex. 3, at *5 (bottom right corner).

Neither any of Ms Jennings' three declarations, nor either of Mr. Thanwalla's declarations, indicated when the logs might have been moved to the third-party storage facility. But it cannot have been related to construction at Hillside Auto Mall. Hillside Auto Mall is located at 150-01 Hillside Avenue, Queens, NY 11432—Queens Block 9706 Lot 98. A search of the New York Department of Buildings' website reveals no actions related to Queens Block 9706 Lot 98 more recent than 1987, and no permits issued for construction on the property. *See* Ex. 1.

The relocation of the documents could plausibly have been related to construction at Hillside Auto *Outlet*. Hillside Auto Outlet is located at 161-10 Hillside Avenue, Queens, NY 11432—Queens Block 9767 Lot 26. A search of the New York Department of Buildings' website reveals four actions for violations of Environmental Control Board liens in December 2020, April 2021, and May 2021—each an instance of unauthorized construction—and no other actions between 1986 and December 2020. *See* Ex. 2. This belies both Judge Bloom's finding in the Order of June 28, 2023, that the documents were "misplaced' in early 2019," *see* Dkt. No. 77, at *3–4; and Ms Jennings' recollection that the construction occurred from September 2017 through February 2018. *C.f.* Dkt. No. 76, at *23 ¶ 27.

4

Further, contrary to Judge Bloom's findings, Defendants were well aware of the pendency of Plaintiff's lawsuit, and the need to preserve potentially relevant documents, as early as December 30, 2019. *See Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 19-cv-05458 (ENV) (JO) ("*Stidhum I*"), Dkt. Nos. 1-1 (Sep. 25, 2019) (document preservation demand), 6 (Dec. 30, 2019) (notice of appearance by Emanuel Kataev on behalf of all Defendants); *see also* Dkt. No. 1 ¶¶ 6–10 (Dec. 29, 2021) (briefly recounting the procedural history of *Stidhum I*, including its pendency from September 25, 2019 through June 25, 2021). *Stidhum I* was in fact pending throughout the time bounded by the Department of Buildings' actions of December 11, 2020 and May 5, 2021.

## STANDARDS

Under Rule 72(a), "a district judge will set aside nondispositive matters where the magistrate judge's order is 'clearly erroneous or is contrary to law.'" *Humphreys v. New York City Health*, No. 16-cv-09707 (VSB), 2023 WL 155446, 2023 U.S. Dist. LEXIS 5222, at *7 (S.D.N.Y. Jan. 11, 2023) (quoting Fed. R. Civ. P. 72(a)). "Under a clear error standard of review, 'so long as there is a basis in the evidence for a challenged inference,' the court will 'not question whether a different inference was available or more likely.'" *Id.* (quoting *United States v. Freeman*, 443 F. Appx. 664, 666 (2d Cir. 2011)). "An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *JPMorgan Chase Bank, N.A. v. Reifler*, No. 11-cv-04016 (DAB), 2016 WL 10570981, at *2 (S.D.N.Y. July 14, 2016) (internal quotation marks and citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statues, case law, or rules of procedure." *Lan v. Time Warner, Inc.*, No. 11-cv-2870 (AT) (JCF), 2016 U.S. Dist. LEXIS 30488, 2016 WL 928731, at *1 (S.D.N.Y. Feb. 9, 2016) (internal quotation marks omitted). "[A] magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be

5

overturned only if found to have been an abuse of discretion." *JPMorgan Chase*, 2016 WL 10570981, at *2 (internal quotation marks and citations omitted).

"A party seeking sanctions has the burden of establishing '(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a "culpable state of mind;" and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" *Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-cv-04375 (JS) (AKT), 2015 U.S. Dist. LEXIS 113071, at *22–23 (E.D.N.Y. Aug. 25, 2015) (quoting *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) *superseded by statute on other grounds*).

## ARGUMENT

Defendants had a duty to preserve evidence. "The first element a party must show when seeking sanctions for the destruction of evidence is 'that the party having control over the evidence had an obligation to preserve it at the time it was destroyed.'" *Haltman*, 2015 U.S. Dist. LEXIS 113071, at *23 (quoting *Chin v. Port Auth. of N.Y. and N.J.*, 685 F.3d 135, 162 (2d Cir. 2012)) That *Stidhum I* was ultimately dismissed on an administrative technicality, and refiled as this case, does not absolve Defendants of the need to preserve evidence. *See Haltman*, 2015 U.S. Dist. LEXIS 113071, at *23 ("The Second Circuit has determined that '[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.'") (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)). "Pursuant to this obligation, 'anyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary.'" *Id.* (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 219 (S.D.N.Y. 2003) ("*Zubulake IV*")). "'In this respect, "relevance" means relevance for the

6

purposes of discovery, which is "an extremely broad concept."'" *Id.* (quoting *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 436 (S.D.N.Y. 2010) (itself quoting *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004)). "Therefore, while a litigant is under no duty to keep or retain every document in its possession, it is under a duty to preserve what it knows, or reasonably should know, is relevant to the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Id.* at *23–24 (citation and internal quotation marks omitted). "The duty to preserve arises, not when litigation is certain, but rather when it is reasonably foreseeable." *Id.*, at *24 (internal quotation marks omitted; collecting cases).

Defendants' state of mind was culpable. "Once the duty to preserve attaches, any destruction of documents is, at a minimum, negligent." *Zubulake IV*, 220 F.R.D. at 220. "Failures to preserve relevant evidence occur 'along a continuum of fault – ranging from innocence through the degrees of negligence to intentionally.'" *Haltman*, 2015 U.S. Dist. LEXIS 113071, at *25 (quoting *Reilly v. NatWest Mkts. Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999)). "In this Circuit, 'the "culpable state of mind" factor is satisfied by showing that the evidence was destroyed "knowingly, even if without intent to breach a duty to preserve it, or negligently."'" *Id.* at *25–26 (quoting *Residential Funding Corp.*, 306 F.3d at 108 (itself quoting *Byrnie v. Town of Cromwell*, 243 F.3d 93, 109 (2d Cir. 2001))). "In this context, negligence is a failure to conform to the standard of what a party must due to meet its obligation to participate meaningfully and fairly in the discovery phase of a judicial proceeding." *In re Pfizer Secs. Litig.*, 288 F.R.D. 297, 314 (S.D.N.Y. 2013) (citations and internal quotation marks omitted). "A party is negligent even if the failure 'results from a pure heart and an empty head.'" *Haltman*, 2015 U.S. Dist. LEXIS 113071, at *26 (quoting *In re Pfizer*, 288 F.R.D. at 314). "It follows that gross negligence also satisfies the

7

culpability requirement." *Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 503 (S.D.N.Y. 2013). "Gross negligence has been described as a failure to exercise even that care which a careless person would use." *Haltman*, 2015 U.S. Dist. LEXIS 113071, at *26 (quotation marks and citations omitted). "Courts in this circuit have found that the 'failure to preserve evidence resulting in the loss or destruction of relevant information is surely negligent, and, depending on the circumstances, may be grossly negligent.'" *Id.*, at *26–27 (quoting *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 464–65 (S.D.N.Y. 2010)). "Moreover, although the failure to institute a 'litigation hold' is not gross negligence *per se*, whether the party implemented good document preservation practices is a factor that courts should consider 'in the determination of whether discovery sanctions should issue.'" *Id.*, at*27 (quoting *Chin*, 685 F.3d at 162). "Courts must take care not to hold the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed or unavailable evidence because doing so would subvert the purposes of the adverse inference, and would allow parties who have destroyed evidence to profit from that destruction.'" *Haltman*, 2015 WL 5027899, at *10 (quoting *Residential Funding Corp*., 306 F.3d at 109 (internal alterations and citations omitted).

That the logs are relevant was already recognized by Judges Mann and Bloom when they originally ordered its production in December 2022 and April 2023. "Relevance may be assumed where the breaching party acted in bad faith or with gross negligence." *Haltman*, 2015 U.S. Dist. LEXIS 113071, at *27 (citations omitted). "However, where the spoliating party has acted only negligently, the moving party must make a showing that the lost materials were relevant." *Id.*, at *27–28 (citations omitted). "A party may establish relevance by adducing sufficient evidence from which a reasonable trier of fact could infer that the destroyed or unavailable evidence would have been of the nature alleged by the party affected by its destruction." *Id.*, at *28 (citations omitted).

8

However, "[c]ourts must take care not to hold the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed or unavailable evidence because doing so would subvert the purposes of the adverse inference, and would allow parties who have destroyed evidence to profit from its destruction." *Id.* (citations omitted). "As such, it is not incumbent upon the plaintiff to show that specific documents were lost.… rather it would be enough for plaintiff to demonstrate that certain types of relevant documents existed and that they were necessarily destroyed." *Id.* (citations omitted).

The Defendants are unable to cure the prejudice through other discovery. Disclosure of sales records from outside the period of Plaintiff's employment is no substitute for disclosure of her sales records, or other sales records from her period of employment which can act as comparators for disparate treatment.

The sanctions sought are appropriate. It is widely accepted in the Second Circuit that parties should not benefit from spoliation, and the district court may impose sanctions, such as an adverse inference instruction at trial under Rule 37(b) or pursuant to "its inherent power to manage its own affairs" when a party destroys evidence. *See Residential Funding Corp.*, 306 F.3d at 107; *see also Zubalake IV*, at *216. Determining the appropriate sanction is within "the sound discretion" of the court and "assessed on a case-by-case basis." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). "In general, a court should impose the least harsh sanction that can provide an adequate remedy." *Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-cv-9363, 2018 WL 1512055, at *8 (S.D.N.Y. Mar. 12, 2018) (internal quotation marks and citation omitted). Available sanctions include – from least to most harsh – "further discovery, cost-shifting, fines, special jury instructions, preclusion, and the entry of default judgment or dismissal." *Tchatat v. O'Hara*, 249 F. Supp. 3d 701, 707 (S.D.N.Y. 2017), *objections overruled*, No. 14-cv-2385, 2017 WL 3172715

9

(S.D.N.Y. July 25, 2017) (internal quotation and citation omitted). Here, each of the remedies sought are warranted in light of Defendants' willful failure to comply with court orders.

## CONCLUSION

For all the reasons set forth above, Plaintiff respectfully requests that the Court reverse Judge Bloom's decision not to issue sanctions.

Dated: Flushing, NY
   August 7, 2023

                    TROY LAW, PLLC

                    */s/ Tiffany Troy*
                    Tiffany Troy, Esq.
                    41-25 Kissena Boulevard
                    Suite 110
                    Flushing, NY 11355
                    (718) 762-1324
                    troylaw@troypllc.com
                    *Attorneys for Plaintiff*

**To: via ECF**
 Emanuel Kataev, Esq.
 Joseph M. Labuda Esq.
 MILMAN LABUDA LAW GROUP, PLLC
 3000 Marcus Avenue
 Suite 3W8
 New Hyde Park, NY 11042
 (516) 328-8899
 emanuel@mllaborlaw.com
 joe@mllaborlaw.com

/asb