UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LETICIA FRANCINE STIDHUM,

                              Plaintiff,

                  -against-

161-10 HILLSIDE AUTO AVE, LLC d/b/a Hillside Auto Outlet, HILLSIDE AUTO MALL INC. d/b/a Hillside Auto Mall, ISHAQUE THANWALLA, JORY BARON, RONALD M. BARON, and ANDRIS GUZMAN,

                              Defendants.
-----------------------------------------------------------------X

**Case No.:** 1:21-cv-7163 (HG) (RLM)

**DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF <u>INTERROGATORIES</u>**

Defendants, by and through their attorneys, Milman Labuda Law Group PLLC, hereby supplement their answer Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

Defendant's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Defendant's General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response.

5. Defendants object to these uniformly overbroad interrogatories to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff's interrogatories are overbroad to the extent that they cover time periods not relevant to the instant litigation.

6. Defendants object to Plaintiff's interrogatories to the extent they are so overbroad that they impose an undue burden upon them.

7. Defendants object to Plaintiff's interrogatories to the extent they are unreasonably vague and ambiguous.

8. Defendants object to Plaintiff's interrogatories to the extent they seek information that is confidential, proprietary and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9. Defendants object to Plaintiff's interrogatories to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Defendant's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Defendants object to Plaintiff's interrogatories to the extent they assume facts that have not been established. Defendants specifically reserve the right to object to the factual assumption made in these demands.

12. : Defendants object to any demand on the grounds that it assumes facts not in evidence, including – but not limited to –Plaintiff's alleged employment relationship with Hillside Auto Mall Inc., which is expressly denied, as she never worked there.

13. Defendants object to Plaintiff's interrogatories to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure and (ii) attempt to place obligations upon Defendant which are inconsistent with those rules.

All of Defendant's responses are made subject to the above comments and qualifications.

## SPECIFIC INTERROGATORIES AND RESPONSES

### INTERROGATORY NO. 3

Identify each shareholder or other person who has or had an ownership interest in Corporate Defendants during the Relevant Time Period, including stating the number of shares and/or amount of controlling interest, and the time period in which they held such an interest.

**Response:   Defendants identify the Estate of David Baron, Josh Aaronson, Jory Baron, and Ishaque Thanwalla as members of Defendant 161-10 Hillside Auto Ave, LLC d/b/a Hillside Auto Outlet, and Defendants identify Ronald M. Baron, the Estate of David Baron, Josh Aaronson, and Raymond Phelan as shareholders of Hillside Auto Mall Inc. d/b/a Hillside Auto Mall.**

### INTERROGATORY NO. 4

Identify each officer and director of Corporate Defendants during the Relevant Time Period, including stating their title and function, and the time period for which they held each position.

**Response:   Defendant 161-10 Hillside Auto Ave, LLC d/b/a Hillside Auto Outlet is comprised of Josh Aaronson as managing member and the remaining three individuals**

**identified in response to Interrogatory No. 3,** *supra*, **as members, and Defendants identify Ronald M. Baron as President, the Estate of David Baron as Vice President, Josh Aaronson as Secretary, and Raymond Phelan as Treasurer of Defendant Hillside Auto Mall Inc. d/b/a Hillside Auto Mall.**

**INTERROGATORY NO. 6**

Identify (including by number and date issued) each business license issued to Defendants or identify and provide document(s) sufficient to do the same.

**Response: Defendants each identify their secondhand dealer license and certificate of authority.**

**INTERROGATORY NO. 9**

Identify the employee(s) of Corporate Defendants or other person acting on the behalf of Defendant, who was responsible for submitting employee information to any other third party payroll companies for processing during the Relevant Time Period.

**Response: Defendants identify Deana Jennings for each Defendant.**

**INTERROGATORY NO. 10**

Identify each and every person acting on the behalf of Corporate Defendants (i.e. an accountant), who was responsible for preparing, maintaining, updating, and /or keeping the financial and/or accounting records (books) for Defendants during the Relevant Time Period.

**Response: Defendants identify Deana Jennings for each Defendant.**

**INTERROGATORY NO. 18**

18. Identify each email address used by Corporate Defendants to communicate concerning business conducted by Defendants including any email address used by any employees, managers, staff member, or owners of all the above named Defendants to discuss business

4

operations, employees, payroll, wages, or other issues concerning this litigation (whether or not such email address(es) are in the name of Defendants).

**Response: Defendants identify isaac@hillsideautooutlet.com for Ishaque Thanwalla, jorybaron@gmail.com for Jory Baron, guzman@hillsideautooutlet.com for Andris Guzman, and none for Ronald M. Baron.**

Dated: Lake Success, New York
February 10, 2023

**MILMAN LABUDA LAW GROUP PLLC**

__/s Emanuel Kataev, Esq._____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )

Deana Jennings, being duly sworn, states:

I was a controller of 161-10 Hillside Auto Ave, LLC d/b/a Hillside Auto Outlet during the time Plaintiff worked there and am a controller of Hillside Automall Inc. I have read the foregoing Supplemental Responses to Plaintiffs' First Set of Interrogatories ("Supplemental Response") and know its contents. The Supplemental Response is true either to my knowledge or from my review of information and materials maintained by the company, except as to matters alleged on information and belief, and to those matters, I believe them to be true.

Dated: Lake Success, New York
       March ⊃, 2023

_____
Deana Jennings

Subscribed and sworn to before
me this 7th day of March, 2023

_____
NOTARY PUBLIC

NOTARY PUBLIC, State of New York
Reg. No, 01KA6171632
Qualified in Queens County
Commission Expires October 4, 2023

NOTARY PUBLIC, State of New York
Reg. No. 01KA6171632
Qualified in Queens County
Commission Expires October 4, ________