UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
LETICIA FRANCINE STIDHUM,　　　　　　　　　　Case No: 21-cv-07163
　　　　　　　　　　　Plaintiff,

　　　　　v.

161-10 HILLSIDE AUTO AVE, LLC　　　　　　　　**AFFIDAVIT OF LETICIA**
　　d/b/a Hillside Auto Outlet, and　　　　　　　　　**STIDHUM**
HILLSIDE AUTO MALL INC
　　d/b/a Hillside Auto Mall,
ISHAQUE THANWALLA,
JORY BARON, and
ANDRIS GUZMAN,
　　　　　　　　　　Defendants.
---------------------------------------------------------------------x

　　　　I, LETICIA STIDHUM, being duly sworn and under penalty of perjury, deposes and states as follows:

　　　　1.　　I am a resident of Queens, New York, and I am over 18 years of age.

　　　　2.　　I have personal knowledge of the matters stated below.

　　　　3.　　JORY BARON knows of me by name, including my identity, my schedule and my compensation at the time when I reached out to him in January 2019.

　　　　4.　　JORY BARON had interactions with me concerning my employment.

　　　　5.　　ANDRIS GUZMAN was sales manager at Hillside Auto Outlet since at least 2018 until July or August 2018.

　　　　6.　　JYNIQUE was the financial manager at Hillside Auto Outlet until July or August 2018.

　　　　7.　　Thereafter, from July or August 2018 through Plaintiff's termination in January 2019, ANDRIS GUZMAN is the financial manager.

Page 1 of 6

8. At the time when ANDRIS GUZMAN got promoted as the financial manager, in July or August 2018, he had to learn how to run and read credit deports in his new role.

9. Over time, Guzman learned how to navigate through the DealerTrack system more effectively.

10. During that same time, in July or August 2018, ISHAQUE THANWALLA gave express access to me of DealerTrack because ISHAQUE THANWALLA observed that I was "quick" with computers.

11. At all relevant times, ANDRIS GUZMAN was not the general sales manager.

12. The general manager is ISHAQUE THANWALLA.

13. ANDRIS GUZMAN was part of the team effort and was involved in employment decisions while not having the sole authority to hire, fire, or discipline.

14. There are no various other bonuses offered from time to time or weekly, or monthly bonus. This includes the bonuses that Defendants claimed was provided: (i) one bonus was for cars sold after remaining on the lot for more than sixty (60) days; (ii) another was for cars sold after remaining on the lot for more than ninety (90) days; and (iii) another was for selling three (3) cars in one (1) day

15. Weekly commission sheets were kept by Hillside Auto Outlet.

16. When Plaintiff received the paysheet, she checked if the number of cars sold is correct, not that the pay was proper.

17. Attending dealership certification programs is not necessary to advance a career in a used car sales lot. I have only worked in used car sales lots, and never in a new car sales lot.

18. Once a customer arrives at the Hillside Auto Outlet, the customer sign in, is shown a car of interest including car in lot within their budget. During that conversation, the salesperson will directly ask if the customer wishes to pay in cash or needs financing. The vast majority of customers at Hillside Auto Outlet requires financing.

19. The verification process of the paystub is instantaneous and conducted not by the employees of Hillside Auto Outlet but by the banks.

20. At the time, only one bank working with Hillside Auto Outlet required a verification process for the paystub; the remaining banks had instantaneous acceptances or denials.

21. The sales manager did not have to contact the employer to verify that the paystubs are legitimate. Instead, the sales manager simply deploys a heuristic to quickly determine by sight whether the paystubs are legitimate to upload for the banks.

22. The dealerships' determination would never take twenty to thirty minutes or hours. Rather, the determination is for the most part instantaneous.

23. Fraud alerts on Hillside Auto Outlet customer's profiles occurred rarely.

24. Additional verification on the part of credit bureaus occurred rarely and does not require one or two days to update.

25. Guzman intentionally delayed the credit applications of my customers despite me asking Guzman multiple times about the status of the credit applications after my pregnancy announcement in late November 2018 and Ishaque Thanwalla's trip to Pakistan in late December 2018.

26. During this time, Guzman was in finance department.

27. This led to a delay in the running and reading of the credit of my customers relative to the rest of the store.

28. This led to delays that cost both me and Hillside Auto Outlet to lose out on business.

29. Car insurance is mandatory in New York. Thus, regardless of whether customers are paying in cash or through finance, customers have funds to purchase a vehicle secure enough funds to purchase car insurance in addition to the car purchase.

30. Between July or August 2018 through December 2018 when Ishaque Thanwalla departed for Pakistan, I was given the express authorization to handle the qualification process and credit applications, along with submitting the application to chosen lenders.

31. During my employment with Hillside Auto Outlet, Defendants did not distribute a written policy regarding discrimination.

32. During my employment with Hillside Auto Outlet, Defendants did not place posters in the lunchroom regarding discrimination.

33. I did not receive a copy of the employment policy of Hillside Auto Outlet; instead I may have signed a receipt of employment policy despite not having received a copy.

34. For the first few months of my employment, I was the only female salesperson at Hillside Auto Outlet.

35. Thereafter, I was one of two female salespeople at Hillside Auto Outlet.

36. Guzman had access to the Dealertrack password.

37. Guzman refused to provide Leticia Stidhum with the Dealertrack password.

38. The promised bonus of 5% was no longer paid after Jyanique left in July or August 2018.

39. The bonus for $1,000 was paid for selling close to 30 cars (27 or 28 cars) in November 2018.

40. Ishaque Thanwalla denied Leticia Stidhum's request to take rest as a result of nausea in December 2018 after the announcement of her pregnancy.

41. I explained how I was sabotaged by ANDRIS GUZMAN as a result of the pregnancy announcement as the reason why I quit in January 2019.

42. Hillside Auto Outlet has a preference for Hillside Auto Mall cars because (1) they are close by and (2) they are considered affiliated with the Hillside Auto Outlet.

## VERIFICATION

STATE OF __Florida__ )
)
) ss:
)
COUNTY OF __Hillsborough__ )

I, Leticia Stidhum, being duly sworn, states that I am a Plaintiff in this action, that I have read the foregoing Plaintiff's Affidavit in Support of Plaintiff's Counter 56.1 Statement and in Opposition to Defendants' Motion for Summary Judgment and 56.1 Statement, and know the contents thereof, and the same are true to my knowledge, information and belief.

Date: __1st__ day of __September__, 20__23__

*Leticia Stidhum*
Leticia Stidhum

State: Florida
County: Hillsborough

Sworn to before me on
This __1st__ day of __September__, 20 __23__
by __Leticia Stidhum__ who produced a driver license as identification

_____
NOTARY PUBLIC



NELSON E CARABALLO
Notary Public - State of Florida
Commission # HH183504
Expires on October 7, 2025

Notarized online using audio-video communication