**MANDATE**

25-490
*Stidhum v. 161-10 Hillside Auto Ave, LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-six.

**PRESENT:**
 **GUIDO CALABRESI,**
 **ALISON J. NATHAN,**
  *Circuit Judges,*
 **JEANNETTE A. VARGAS,**
  *District Judge.*[*]

_____

**Leticia Francine Stidhum,**

 *Plaintiff-Appellant,*

 **v.**  **No. 25-490**

**161-10 Hillside Auto Ave, LLC, d/b/a Hillside Auto Outlet, Hillside Auto Mall, Inc., d/b/a Hillside Auto Mall, Ishaque**

_____

[*] Judge Jeannette A. Vargas, of the United States District Court for the Southern District of New York, sitting by designation.

**MANDATE ISSUED ON 04/09/2026**

**Thanwalla, Jory Baron, Andris Guzman,**

   *Defendants-Appellees,*

**Ronald M. Baron,**

   *Defendant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | TIFFANY TROY, John Troy, Aaron Schweitzer, Troy Law, PLLC, Flushing, NY. |
| **FOR DEFENDANTS-APPELLEES:** | MATTHEW A. BROWN, Joseph M. Labuda, Milman Labuda Law Group PLLC, Lake Success, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Merchant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Leticia Stidhum appeals from a January 29, 2025 order of the United States District Court for the Eastern District of New York (Merchant, *J.*) granting Defendants' motion for summary judgment on Stidhum's sex and

pregnancy discrimination claims.   The district court concluded that Stidhum

failed to state a prima facie case of unlawful discrimination because she failed to

identify any adverse employment action.   Defendants-Appellees argue that we

can affirm on the alternate basis that Stidhum failed to present sufficient evidence

of discriminatory intent to defeat summary judgment.   We agree with Defendants

that no reasonable jury could infer discrimination based on this record, and we

therefore affirm.

We review the district court's entry of summary judgment *de novo*,

construing the facts in the light most favorable to Plaintiff and drawing all

reasonable inferences in her favor.  *Covington Specialty Ins. Co. v. Indian Lookout

Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023).   We assume the parties'

familiarity with the underlying facts, procedural history, and issues on appeal, to

which we refer only as necessary to explain our decision.

\*       \*       \*

The discrimination claims here stem from Stidhum's employment at a car

dealership between December 2018 and January 2019, and are brought pursuant

to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as New

York State and City law.   The district court granted summary judgment to Defendants on Stidhum's Title VII claims and her New York State Human Rights Law (NYSHRL) claims involving sex discrimination, applying the same standard to both. [1]   It then declined to exercise supplemental jurisdiction over her remaining state and local claims.

Stidhum identifies three distinct instances of alleged discrimination.   First, she claims that her manager interfered with her ability to effectively sell cars, thereby decreasing her income from commissions.   Second, she claims that she was promised and then subsequently denied a promotion.   Third, she claims that conditions at her job amounted to a constructive discharge.   We address each in turn.

### A. Commission Income

A plaintiff may generally state a prima facie case of employment discrimination "by showing that (1) she is a member of a protected class; (2) she is

---

[1] Historically, the NYSHRL "utilized the same standard as Title VII, but it was amended in 2019 to align with the NYCHRL's more liberal pleading standard."   *Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122 (2d Cir. 2024) (footnote omitted).   Stidhum's claims here arose before that amendment, the district court applied the same standard to them, *see* Special App'x at 14, and Stidhum has not argued that the new standard should have been applied retroactively.

qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Bart v. Golub Corp.*, 96 F.4th 566, 570 (2d Cir. 2024) (quotation marks omitted). The parties agree that Stidhum satisfies prongs one and two of the inquiry, but they disagree as to whether her decreased income constituted an adverse employment action and whether the circumstances support an inference of discrimination. The district court concluded that Stidhum's alleged injuries were no "more than trifling," and thus that no reasonable jury could conclude that Stidhum suffered an adverse employment action. Special App'x at 17 (quoting *Muldrow v. City of St. Louis*, 601 U.S. 346, 360 (2024) (Thomas, *J.*, concurring in the judgment)).

"[W]e are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990). Assuming for purposes of argument that Stidhum's lost commission income constituted an adverse employment action, we conclude that no reasonable jury could infer discrimination from the circumstances. As the district court correctly noted, discrimination means "treating that individual worse than others who are

similarly situated." *Bostock v. Clayton County*, 590 U.S. 644, 657 (2020). That is, injuries are only actionable if they stem from "distinctions or differences in treatment . . . [of] protected individuals." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006). Stidhum has presented no evidence whatsoever that she was treated worse than any other employee, nor any other circumstance suggesting discrimination.

The core of her claims about her commission income is that her earnings decreased when she lost access to Dealertrack, a software program that allowed her to quickly process credit checks for prospective customers. As a result, she had to rely on the dealership's sales manager, Andris Guzman, to process the checks on her behalf. Stidhum claims that Guzman intentionally delayed processing her checks, thereby causing her to lose customers and receive lower weekly commissions.

But, as the district court noted, the record is silent as to whether Stidhum actually had to wait longer than any other employee. That is, Stidhum has not shown a material dispute of fact as to whether she was treated "less favorably" than anyone else. *Ruiz v. County of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010)

(quotation marks omitted).    Stidhum lost access to the Dealertrack software when the dealership's general manager, Ishaque Thanwalla, went on an extended vacation.    Stidhum had been using Thanwalla's password to log in to the software, but the password was automatically changed while he was away. Stidhum concedes that before Thanwalla's departure, she was the only employee with access to the software.    Accordingly, while he was gone, she was placed in the same position as every other salesperson at the dealership.    While Stidhum claimed in her deposition and in an affidavit that Guzman made her wait longer than other employees, that allegation is conclusory and unsupported by record evidence.    The closest that Stidhum gets is suggesting that other salespeople at the dealership sold more cars than her during the relevant period, from which she infers that they must have experienced shorter wait times for their credit checks. But when asked in her deposition to "identify all the employees that [she] believe[s] were treated more favorably" after her pregnancy announcement, Stidhum responded: "I can't really say anybody was treated more favorably." App'x at 220.    While Stidhum does speculate that "their customers were taken or tended to a little more promptly," *id.*, she offers no examples or other evidence to

support that claim.   "To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases."   *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985).   We are thus "obliged carefully to distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture."   *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005) (cleaned up).

Furthermore, Stidhum's own account of events supports Defendants' explanation for the longer wait times—that Thanwalla went on vacation, that no one else except Guzman had access to Dealertrack, and that salespeople in general had to wait longer for credit checks because only one manager was available to run them, rather than two.   Stidhum also concedes that Guzman would have had a strong financial incentive not to delay her credit checks because he received a personal commission for every sale.

Stidhum argues that she might have been able to unearth evidence of disparate treatment but for Defendants' alleged spoliation of the dealership's weekly sales records.   But Stidhum was not entitled to an adverse inference

sanction, nor any other relief that would help her defeat summary judgment. To obtain such a sanction, Stidhum would need to show that Defendants had an obligation to preserve the evidence, that they acted with a culpable state of mind, and that she suffered prejudice as a result. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). Here, Defendants lost or misplaced the sales logs in early 2019, well before Stidhum filed the complaint in this action on December 29, 2021. And even Stidhum acknowledges that the earliest Defendants would have been on notice of any litigation was December 30, 2019, when they were served with her complaint in a separate but factually related lawsuit. Defendants were therefore under no obligation to preserve the material. Similarly, Stidhum makes no showing of culpability independent of the loss itself. And she has shown no prejudice in light of the fact that Defendants did produce monthly sales logs for the relevant time period as well as weekly pay stubs for Stidhum's alleged comparators.

Accordingly, while the "burden of proof that must be met to permit an employment-discrimination plaintiff to survive a summary judgment motion at the prima facie stage is de minimis," *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29,

37 (2d Cir. 1994) (cleaned up), Stidhum has nonetheless failed to carry that burden. Because we determine that Stidhum has failed to justify an inference of discrimination, we need not address whether Stidhum's wait-time allegations constitute adverse employment actions, and therefore do not opine on the scope of the Supreme Court's recent opinion in *Muldrow*.

### B. Promotion

Next, Stidhum claims that Thanwalla offered her a promotion to sales manager before leaving for his vacation but never followed through on the promise. "To establish a prima facie case of a discriminatory failure to promote, a Title VII plaintiff must ordinarily demonstrate that: (1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009). Here, Stidhum has not shown that she was rejected for the promotion. Stidhum only claims that when she asked Thanwalla to discuss the promotion on her return, he asked her to wait to have the conversation. She

10

admits that he never actually refused to give her the promotion, and that she never followed up after he told her to wait.  Rather, she simply decided for herself that "it was clear as day" that the promotion would not be forthcoming, and she quit her job because she was "pregnant, tired, and not making any money."  App'x at 174.  All of this occurred over the roughly one-month period between December 18, 2018 and January 14, 2019.  Furthermore, Stidhum has presented no evidence that she was qualified for the promotion other than her allegation that Thanwalla at one point offered it to her.  For both reasons, Defendants were entitled to summary judgment on Stidhum's failure-to-promote claim.

### C. Constructive Discharge

Finally, Stidhum claims that she was constructively discharged from her position.  But this argument is simply a repackaging of her wait-time and promotion claims.  While Stidhum may have found it frustrating that she lost access to Dealertrack and had to rely on Guzman to process her credit checks, the effect was to place her in exactly the same position as the dealership's other employees.  Accordingly, no reasonable jury could "be satisfied that the working conditions would have been so difficult or unpleasant that a reasonable person in

11

the employee's shoes would have felt compelled to resign." *Fitzgerald v. Henderson*, 251 F.3d 345, 358 (2d Cir. 2001) (cleaned up). Likewise, because Stidhum was not treated worse than anyone else, no reasonable jury could infer that Defendants had discriminatory intent. Thus, for the same reasons explained above, Stidhum has failed to establish a prima facie case of constructive discharge.

*    *    *

Defendants were thus entitled to summary judgment on Stidhum's federal claims and her NYSHRL claims concerning sex discrimination. And Stidhum does not argue that the district court erred in declining supplemental jurisdiction over her remaining state and local claims. We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit